FILED
September 28, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0000914479

1 | SAMUELS, GREEN, STEEL & ADMAS, LLP
PHILIP W. GREEN, State Bar No. 93159
2 | SCOTT R. ALBRECHT, State Bar No. 201614
19800 MacArthur Blvd., Suite 1000
3 | Irvine, CA 92612
TEL: (949) 263-0004
4 | FACSIMILE: (949) 263-0005
-and-
5 | DONALD SEGRETTI, ESQ., State Bar No. 039856
19800 MacArthur Blvd., Suite 1000
6 | Irvine, CA 92612
TEL: (949) 553-8088
7 | FACSIMILE (949) 553-8188

8 | Attorneys for Charlotte Modahl,
Unsecured Creditor
9

10 | UNITED STATES BANKRUPTCY COURT

11 | EASTERN DISTRICT OF CALIFORNIA

12

13 | In re:                              ) Case No.: 2007-11278
                                        )
14 | PHILIP R. CASTIGLIONE,             ) Chapter 7 Proceeding
                                        )
15 |                                    ) **NOTICE OF MOTION AND MOTION**
                                        ) **FOR RELIEF FROM THE AUTOMATIC**
16 |                                    ) **STAY UNDER 11 U.S.C. § 362;**
                                        ) **MEMORANDUM OF POINTS AND**
17 |                                    ) **AUTHORITIES AND DECLARATIONS**
                                        ) **OF CHARLOTTE MODAHL AND**
18 |                   Debtor.          ) **SCOTT R. ALBRECHT IN SUPPORT**
                                        ) **THEREOF; AND [PROPOSED] ORDER**
19 |                                    ) **THEREON**
                                        )
20 |                                    )
                                        ) **Date:  November 21, 2007**
21 |                                    ) **Time: 10:00 a.m.**
                                        ) **Dept.: B**
22

23

24

25

1043-001                                    1
                     MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE W. RICHARD LEE, UNITED STATES BANKRUPTCY JUDGE, UNITED STATES TRUSTEE, AND PARTIES IN INTEREST:

NOTICE IS HEREBY GIVEN that on the above date and time and in the indicated courtroom, unsecured creditor Charlotte Modahl ("Modahl") will move this Court in the above-captioned case for an order granting relief from the automatic stay imposed pursuant to 11 U.S.C. §362, allowing Modahl to pursue and enforce all of her rights in non-bankruptcy litigation involving debtor Philip R. Castiglione ("Debtor") and numerous co-defendants currently pending in Fresno County Superior Court, FCSC Case No. 06CECG04072 AMS entitled *Charlotte Modahl v. Mister C Investment Corporation, et al.* (the "Underlying Action"). This Motion is made and based upon the following grounds:

1.    Modahl is entitled to relief under Section 362(d)(1) of the Bankruptcy Code for cause, including but not limited to, the fact that the Debtor filed the bankruptcy case in bad faith specifically to delay, hinder or interfere with prosecution of the Underlying Action; and

2.    Without relief from the stay, Modahl will continue to suffer extreme hardship due to her inability to prosecute the Underlying Action against the debtor and/or six additional co-defendants who have not sought bankruptcy protection. The Underlying Action concerns a dispute involving multiple parcels of real property which cannot be sold due to existing lis pendens recorded against the parcels. Modahl lacks adequate protection in that without immediate relief, the real property will continue to depreciate in value until the Underlying Action can be adjudicated, thereby jeopardizing Modahl's security in the Underlying Action.

In the alternative, should the Court refuse to grant the relief outlined above Modahl respectfully requests that the Court at a minimum grant this motion on the condition that the stay will remain in effect as to enforcement of any resulting Judgment against the Debtor or his estate, except that Modahl will retain the right to file a proof of claim under 11 U.S.C. § 501.

1    This Motion is being heard on regular notice pursuant to Local Bankruptcy rule 9013-1.

2  If you wish to oppose this Motion, you must file a written response to this Motion with the

3  Bankruptcy Court and serve a copy of it upon Modahl's attorney at the address set forth above

4  no less than 14 days before the hearing and appear at the hearing of this Motion.  You may

5  contact the Bankruptcy Clerk's office to obtain a copy of an approved court form for use in

6  preparing your response or you may prepare your response using the format required by Local

7  Bankruptcy Rule 1002-1.

8    If you fail to file a written response to the Motion or fail to appear at the hearing, the

9  Court may treat such failure as a waiver of your right to oppose the Motion and may grant the

10  requested relief.

11    This Motion is made pursuant to 11 U.S.C. Section 362, as well as applicable case

12  authority, and is based on the memorandum of points and authorities, declarations of Charlotte

13  Modahl and Scott R. Albrecht, Esq., on the papers, pleadings and files in this action, and on

14  such other and further oral and documentary evidence as may be presented to the court at or

15  prior to the hearing.

16

17  DATED: September 2007          SAMUELS, GREEN, STEEL & ADAMS, LLP

18

19

20                                        SCOTT R. ALBRECHT, Attorney
                                          for Creditor CHARLOTTE MODAHL

21

22

23

24

25

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.

### INTRODUCTION

The Debtor's obligation to Modahl dates back to March 27, 2003, at which time Modahl entered into a tri-parte agreement establishing a partnership between Modahl, an entity controlled by the Debtor, Mister C Investment Corporation, Inc. ("Mister C") and the Debtor's two sons Michael and Sean (the "Partnership Agreement.") Plaintiff entered into the Partnership Agreement in reliance on the Debtor's repeated representations and assurances that the partnership would subdivide residential lots, construct houses and sell the houses for profit on ten (10) acres of land to be acquired by the Debtor in the name of the newly formed partnership (hereafter, the partnership shall be referred to as the "Bethel Partners.") and split the profits from sale equally between the four partners. The Debtor represented to Modahl that he had the land ready for the partnership to acquire and develop. Each partner of the Bethel Partners was allocated a twenty-five (25%) percent ownership interest in the partnership and each was to receive twenty-five (25%) percent of the profits from the proposed business venture involving the real property commonly known as 1521 S. Bethel Street, Sanger, California, APN No. 315-020-42 (the "Subject Property.")

The Partnership Agreement provided that the partners agreed to purchase the Subject Property. In reliance on the Debtor's assurances, Plaintiff contributed the entire down payment ($100,000) for the partnership and an additional $20,000 for miscellaneous costs relating to the purchase. The remainder of the purchase price was a private loan to be paid by the Bethel Partners. Pursuant to the Partnership Agreement, a 4000 square foot house which was already on the Subject Property, commonly known as 1521 S. Bethel, Sanger, California 93657, APN 315-371-72, and legally described as Parcel 2: Outlot B of Tract 5241, Bethel Estates, as per map recorded in Book 69 Pages 84, 86 and 87 of Plats, Fresno County Records, was supposed to be renovated and sold (hereafter referred to as "Outlot B home.")

Debtor convinced Plaintiff to agree to enter into the Partnership Agreement by assuring her that, among other things, the profits from selling the Outlot B home would be used to develop the Subject Property into fifty lots with homes, which were to be sold for profit. Unbeknownst to Modahl, title in the Subject Property was not recorded in the Bethel Partners' name. Instead, the Debtor pulled a bait and switch by entering into a general partnership agreement with another entity named "Bethel Estates" and transferred title to the fifty lots to Bethel Estates.

Bethel Partners began the development project of the Subject Property in February of 2004, subdividing the Subject Property into fifty lots and three outlots, A-C in order to form a gated community called "The Park at Bethel." Continuing to rely on the Debtor's representations that a partnership had been created for the development of the Subject Property, in or about 2004 Plaintiff contributed an additional $100,000 for the development, and throughout the duration of the project, an additional $9,436 for legal services and fees. Plaintiff was eventually reimbursed these sums in July of 2005 plus her initial $100,000 investment, as provided for in the Partnership Agreement.

All fifty lots were eventually developed and homes were constructed thereon; however, Plaintiff never received her pro-rata percentage of profits she was entitled to under the Partnership Agreement. Alarmed, Plaintiff repeatedly demanded that the Debtor provide an accounting, but the Debtor refused. To make matters worse, the Debtor fraudulently conveyed the Outlot B home to his girlfriend, Laura Drinkhouse ("Drinkhouse")[1] for no consideration.

Realizing that she had been duped, on December 8, 2006 Modahl filed a complaint in the Fresno Superior Court against the Debtor, Mister C, Drinkhouse, Bethel Estates and three

---

[1] Drinkhouse has since defaulted on the loan she purportedly assumed and Outlot B is set for a non-judicial foreclosure sale on September 27th.

1    additional parties involved in the development and/or sale of the Subject Property[2] (the

2    "Underlying Action") seeking to recover her returns on investment owed. One week later,

3    Modahl filed six (6) lis pendens against the remaining parcels that had not already been

4    conveyed by the Debtor.

5         Less than two months after answering the Underlying Action, the Debtor commenced

6    his Chapter 7 on May 3, 2007 (the "Bankrupcty Filing"). On May 30, 2007, the court in the

7    Underlying Action stayed the entire action – as to the Debtor and all co-defendants therein –

8    for an indeterminable amount of time.

9         Modahl must be permitted to prosecute the Underlying Action. Among other things,

10   she lacks adequate protection since the Subject Property securing any recovery by Modahl in

11   the Underlying Action - which is currently tied up by multiple lis pendens – is continuing to

12   depreciate while the Underlying Action is stayed. There is no reason for this to continue,

13   especially since Modahl seeks recovery primarily from third parties co-defendants who are not

14   in bankruptcy and since Modahl agrees that the stay will remain in effect as to enforcement of

15   any resulting judgment against the Debtor.[3] Without immediate relief, Modahl is in serious

16   jeopardy of losing the ability to collect on any resulting judgment in the Underlying Action

17   due to the continued deprecation.

18        There is also ample evidence that the Chapter 7 case was filed in bad faith. As set forth

19   in further detail below and in the Debtor's schedules and tax returns, the Debtor claims to be a

20   professional gambler with gambling winnings of $2,361,400 in 2006 and $1,533,108 in 2005.

21   But he dubiously claims to have literally nothing in terms of personal possessions. He also

22   testified during an August 9, 2007 Rule 2004 deposition that he intentionally destroyed all

23

24

25   [2] FCSC Case No. 06CECG04072 AMS entitled *Charlotte Modahl v. Mister C Investment Corporation, et al.* (the "Underlying Action").
     [3] With the exception that Modahl reserves the right to file a proof of claim under 11 U.S.C. § 501.

                    MOTION FOR RELIEF FROM AUTOMATIC STAY

records of his gambling winnings and losses for 2005 and 2006, as well as all of his gambling books, records and documents despite bragging that he could "fill up an entire conference room with win statements." Coupled with the fact that the Chapter 7 was filed a mere two months after he answered the Underlying Action, these facts unquestionably show that there was no basis for the Debtor to file for bankruptcy other than to stall Modahl's Underlying Action.

Needless to say, the commencement of the Chapter 7 case, coupled with the constant depreciation of Modahl's sole source of recovery against the Debtor and the co-defendants in the Underlying Action, has caused a tremendous hardship on Modahl. Furthermore, because the Debtor is drifting aimlessly in Chapter 7 with no viable end in sight, there is a great likelihood that this case will become even more attenuated, further subjecting Modahl to additional delays and losses in the Underlying Action.[4]

For these reasons, and as discussed more fully herein, relief from stay is proper and should be granted.

**2.**

## GOOD CAUSE EXISTS FOR RELIEF FROM STAY

### UNDER 11 U.S.C. § 362(d)(1)

The grounds for relief from the automatic stay are intended to be flexible, permitting the court to decide such matters on a case by case basis.[5] The fundamental standard set forth in Bankrupcty Code section 362(d)(1) is that relief is to be granted *for cause*. Section 362(d)(1) provides as follows:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (1) of

---

[4] There is literally no end in sight. There have been two 341(a) meetings so far (June 7, 2007 and August 2, 2007), and a third is scheduled for October 25th.
[5] King, *Collier Bankruptcy Practice Guide* (2006) § 2:38.15[1].

1043-001        7

this section . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

Although "cause" is not defined in the Bankruptcy Code, the Debtor's conduct and the resulting impact on Modahl in this case provides numerous bases for finding that cause exists to grant relief from the automatic stay.

First, Modahl lacks adequate protection in the real property at issue in the Underlying Action as a result of the Debtor's conduct. With every passing day, the six parcels of real property tied up by lis pendens which secure Modahl's potential judgment continue to depreciate. If the Debtor's schedules are to be believed, there are literally no other assets for Modahl to pursue in order to satisfy her judgment. There is no reason why Modahl should be treading water while the Debtor's Chapter 7 pushes forward, especially since the property at issue is no longer in the Debtor's name.

Second, the timing and the content of the Bankruptcy Filing illustrates the bad faith nature of the filing, and the fact that the Debtor commenced the Chapter 7 specifically to delay, hinder and interfere with Modahl's prosecution of the Underlying Action. To begin with, the Debtor claims to be a professional gambler. Tax returns obtained from the Debtor after his filing establish that he earned gambling winnings of $2,361,400 in 2006 and $1,533,108 in 2005, yet he claims in his petition that his personal property items amount to a 37" television, couch, recliner, bedroom set, books, apparel and jewelry valued at $1,600. Modahl requests that the Court consider as admissions the statements made by the Debtor under penalty of perjury of such income those statements set forth in the Debtor's schedules and tax returns attached to the Modahl Declaration as Exhibits "B" and "C", respectively.

The Debtor attempts to explain this dubious discrepancy in his income vs. assets by alleging that his gambling losses in 2006 amount to almost $2,300,000. But he also testified during an August 9, 2007 Rule 2004 deposition that he intentionally destroyed all records of his gambling winnings and losses for 2005 and 2006, as well as all of his gambling books, records and documents. The Debtor intentionally destroyed such documents despite bragging

1  under penalty of perjury during a recent Rule 2000 that he could "fill up an entire conference

2  room with win statements." (Albrecht Decl., Ex. "D"). Therefore, the Debtor has no

3  independent basis upon which to calculate his true financial condition and, more importantly,

4  document the true nature of his winnings and/or loses.

5       Because of this conduct, on September 20th Modahl filed an adversary complaint

6  pursuant to 11 U.S.C. §§ 523 and 727. Although the complaint addresses the long-term

7  dischargeability of Debtor's debt to Modahl, it does not resolve Modahl's need for to press

8  forward in the short term in order to protect her $200,000 investment and collect on the profits

9  of sale owed to her from the sale of the Subject Property. That is where the instant Motion

10  plays a vital role in enabling Modahl to proceed in the Underlying Action.

**3.**

11

12  **IN THE ALTERNATIVE, THE COURT SHOULD LIFT THE STAY**

13  **BUT NOT AS TO ENFORCEMENT AGAINST THE DEBTOR**

14       In the alternative, should the Court refuse to grant the relief outlined above Modahl

15  respectfully requests that the Court grant this motion on the condition that the stay will remain

16  in effect as to enforcement of any resulting Judgment against the Debtor or his estate, except

17  that Modahl will retain the right to file a proof of claim under 11 U.S.C. § 501.

18       This will at least afford Modahl the ability to conduct discovery in the Underlying

19  Action as to the Debtor's involvement therein, and more importantly prosecute the case to a

final determination on the merits.

20  **4.**

21

22  **AT A MINIMUM, THE COURT SHOULD LIFT THE STAY AS TO**

23  **THE CO-DEFENDANTS IN THE UNDERLYING ACTION.**

24       The Fresno Superior Court inexplicably stayed the entire Underlying Action as to all

25  parties, despite the fact that the protections of the automatic stay do not extend to the Debtor's

1  co-defendants in the Underlying Action[6].  If the Court is unwilling to lift the stay as to all

2  parties in the Underlying Action, Modahl respectfully requests that the Court lift the stay as to

3  all remaining co-defendants in the litigation.  Those parties are as follows:  Mister C.

4  Investment Corporation, Inc., Bethel Estates, LLC, Laura Drinkhouse, Casty's Investments,

5  LLC, Cihan Corporation and Mehmet J. Solu.

6  　　　　As set forth in the attached declaration of Scott R. Albrecht, Debtor's counsel has

7  stipulated to this relief.

8  5.

9  **CONCLUSION**

10  　　　　Modahl respectfully requests that the Court grant relief from the automatic stay by

11  terminating the stay as to Debtor and the Debtor's bankruptcy estate, thereby permitting

12  Modahl to proceed against all defendants in the Underlying Action pursuant to applicable non-

13  bankruptcy law and enforce her remedies to final judgment in the Underlying Action.  In the

14  alternative, Modahl respectfully requests that the Court grant relief from stay but keep the stay

15  in effect with respect to enforcement of any judgment against Debtor(s) property.

16

17  Respectfully submitted,

DATED: September 27, 2007     SAMUELS, GREEN, STEEL & ADAMS, LLP

18

19

20  SCOTT R. ALBRECHT, Attorney
   for Creditor CHARLOTTE MODAHL

21

22

23

24

25

---

[6] King, *Collier Bankruptcy Practice Guide* (2006) § 2:38.02[1].

1043-001     10
MOTION FOR RELIEF FROM AUTOMATIC STAY

1

**PROOF OF SERVICE**
*In re: Philip R. Castiglione*

2

*United State Bankruptcy Court – Eastern District Court Case No. 2007-11278*

3

    I am employed in the County of Orange, State of California. I am over the age of 18 and

4

not a party to the within action; my business address is 19800 MacArthur Blvd., Suite 1000, Irvine, California 92612.

5

    On September 28, 2007, I served the following described as: **NOTICE OF MOTION**

6

**AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF**

7

**CHARLOTTE MODAHL AND SCOTT R. ALBRECHT IN SUPPORT THEREOF; AND [PROPOSED] ORDER THEREON** on the interested parties in this action by placing a true

8

copy thereof enclosed in a sealed envelope addressed as follows:

9

10

[X]    **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S.

11

postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day

12

after date of deposit for mailing in affidavit.

13

[ ]    **(BY FACSIMILE)** I caused such document to be delivered by facsimile transmission to the offices of the addressee.

14

15

[ ]    **(BY PERSONAL DELIVERY)** I caused such envelope (as specified in the attached service list) to be delivered by hand to the offices of the addressee.

16

[ ]    **(BY OVERNIGHT COURIER)** I caused the above-referenced document(s) to be delivered to an overnight courier service, for delivery to the addresses attached.

17

    I declare that I am employed in the offices of a member of this Court at whose direction

18

the service was made.

19

    EXECUTED on September 28, 2007, at Irvine, California.

20

21

                              Jacqueline Nguyen

22

23

24

25

26

27

28

1

PROOF OF SERVICE

1

2

**SERVICE LIST**
*In re: Philip R. Castiglione*
*United State Bankruptcy Court – Eastern District Court Case No. 2007-11278*

3

4

5

6

7

8

Derek P. Wisehart
RUDDELL, COCHRAN, STANTON, SMITH,
   GULLA & BIXLER, LLP
1102 North Chinowth Street
Visalia, CA 93291
Tel:   (559) 733-5770
Fax:   (559) 733-4922
*Attorneys for Defendants Mister C Investment*
*Corporation, Inc., Cihan Corporation, and*
*Mehemet J. Solu*

Daniel A. Bruce, Esq.
ZINKIN & BRUCE
5 River Park Place West, Suite 204
Fresno, CA 93720-1557
Tel:   (559) 225-2200
Fax:   (559) 225-2295
*Attorneys for Defendants Casty*
*Investments, LLC, Phillip Randy*
*Castiglioni and Laura Drinkhouse*

9

10

11

Adrian S. Williams
2440 W. Shaw Ave. #114
Fresno, CA 93711
Tel: (559) 226-7767
*Attorneys for Debtor Philip R. Castiglione*

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno, CA 93721

12

13

14

15

Jeffrey G. Boswell
5260 N. Palm Ave. #221
P.O. Box 9489
Fresno, CA 93792-9489
Tel: (559) 435-5500
Fax: (559) 435-1500
*Attorneys for Creditor Landmark Irrigation, Inc.*

James E. Salven
P.O. Box 25970
Fresno, CA 93729
Tel: (559) 230-1095
Fax: (559) 230-1093

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE

1   SAMUELS, GREEN, STEEL & ADMAS, LLP
    PHILIP W. GREEN, State Bar No. 93159
2   SCOTT R. ALBRECHT, State Bar No. 201614
    19800 MacArthur Blvd., Suite 1000
3   Irvine, CA 92612
    TEL: (949) 263-0004
4   FACSIMILE: (949) 263-0005
     -and-
5   DONALD SEGRETTI, ESQ., State Bar No. 039856
    19800 MacArthur Blvd., Suite 1000
6   Irvine, CA 92612
    TEL: (949) 553-8088
7   FACSIMILE (949) 553-8188

8   Attorneys for Creditor
     CHARLOTTE MODAHL
9

10                UNITED STATES BANKRUPTCY COURT

11              EASTERN DISTRICT OF CALIFORNIA

12

13   In re:                        )   Case No.: 2007-11278
                             )       [Chapter 7]
14   PHILIP R. CASTIGLIONE,      )
                             )   **DECLARATION OF CHARLOTTE**
15                            )   **MODAHL IN SUPPORT OF MOTION**
                           )   **FOR RELIEF FROM STAY**
16                            )
                           )
17                            )
           Debtor.            )
18                            )
                           )
19                            )
                           )
20                            )
                           )
21

22       I, Charlotte Modahl, declare as follows:

23         1.      The following facts are known to me of my own personal knowledge, and if

24 called as a witness I could and would testify competently thereto. I submit this declaration as

25 an unsecured creditor of Debtor Philip R. Castiglione ("Debtor") in the Chapter 7 proceeding

filed by the Debtor on May 3, 2007, case number 2007-11278 (the "Chapter 7 Proceeding"),

and in support of the notice of motion and motion for relief from stay (the "Motion")
accompanying this declaration.

2.        I request the Court grant the Motion so that I can proceed against the Debtor
and six (6) other defendants in an action pending in Fresno Superior Court entitled <u>Charlotte
Modahl v. Mister C Investment Corporation, Inc., et. al</u>, FSC Case No. 06CECG04072 (the
"Underlying Action"). The Underlying Action, filed on December 8, 2006, alleges seventeen
(17) causes of action against the defendants arising out of a partnership agreement that I
entered into with a corporation owned and controlled by the Debtor, Mr. C Investments, and
his two sons, Sean and Michael Castiglione. Attached hereto as Exhibit "A" is a true and
correct copy of the Underlying Action.

3.        The Debtor filed the Chapter 7 Proceeding less than two months after he
answered the Underlying Action, and seeks to discharge my claim against him in the
Underlying Action. The Underlying Action was stayed immediately upon the Debtor's filing
of the Chapter 7 Proceeding as to all Defendants, even though only the Debtor had filed for
bankruptcy protection. I ask the Court lift the stay that is in effect in the Underlying Action so
I can proceed against all defendants therein including the Debtor. For the reasons set forth
below, good cause exists for relief from stay as the Chapter 7 Proceeding was filed in bad faith
and in an effort to delay and interfere with the Underlying Action.

4.        Good cause exists to grant relief from the stay imposed on the Underlying
Action. First, I believe that the bankruptcy case was also filed in bad faith specifically to delay
or interfere with my prosecution of the Underlying Action. The timing of the petition is
uncanny, as it was filed a mere two weeks after Debtor answered. Moreover, and as the
petition and schedules attached hereto as Exhibit "B" evidence, the Debtor claims to be a
professional gambler. Tax returns obtained from the Debtor state that he had gambling
winnings of $2,361,400 in 2006 and $1,533,108 in 2005, yet he claims in his petition that his
personal property items amount to a 37" television, couch, recliner, bedroom set, books,
apparel and jewelry valued at $1,600. He similarly claims to own no real property and leases

1043-001                                        2
DECLARATION OF CHARLOTTE MODAHL

1  his one and only vehicle. Attached hereto as Exhibit "C" are true and correct copies of the

2  Debtor's tax returns.

3      5.      The Debtor attempts to explain this incredible discrepancy in his income vs.

4  assets by alleging that his gambling losses in 2006 amount to almost $2,300,000. But he also

5  testified in a recent deposition that he made a conscious decision to destroy all of his gambling

6  books, records and documents, and therefore has no independent basis upon which to calculate

7  his true financial condition. In fact, the Defendant claims that the documents from which his

8  financial condition and/or business transactions could be ascertained were so voluminous that

9  they would fill an entire conference room, and because of that volume they were intentionally

10  destroyed. As such, Defendant has failed to keep or preserve books, records, documents, and

11  papers from which his financial condition or business transactions can be ascertained in

    violation of 11 U.S.C. § 727(a)(3), and as such I filed a complaint objecting to discharge
12
    pursuant to 11 U.S.C. § 727(a)(3) on September 13, 2007.
13
14      6.      Second, I lack adequate protection in the real property at issue in the

15  Underlying Action as a result of the Debtor's conduct. With every passing day, the real

    property securing my potential verdict continues to depreciate. There is no reason why I
16
    should be treading water while the Debtor's Chapter 7 pushes forward, especially since the
17
    property at issue is no longer in the Debtor's name.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

    ///

    1043-001                                    3
                        DECLARATION OF CHARLOTTE MODAHL

7.     Based on the above, I respectfully request that the Court grant my motion for relief from the automatic stay by terminating the stay as to Debtor and the Debtor's bankruptcy estate, thereby allowing me to proceed against all defendants in the Underlying Action pursuant to applicable non-bankruptcy law and enforce my remedies to final judgment in the Underlying Action.  In the alternative, I respectfully request that the Court grant relief from stay but keep the stay in effect with respect to the enforcement of judgment against the Debtor.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25 th day of September, 2007, at Newport Beach California.

_Charlotte Modahl_
Charlotte Modahl

# EXHIBIT "A"

1   SAMUELS, GREEN, STEEL & ADAMS, LLP
   Philip W. Green, State Bar No. 93159

2   Anat Pieter, State Bar No. 204306
   19800 MacArthur Blvd., Suite 1000

3   Irvine, California 92612
   Telephone: (949) 263-0004

4   Facsimile: (949) 263-0005

5   Attorneys for Plaintiff Charlotte Modahl, Ph.D.

F I L E D

DEC - 8 2006

FRESNO COUNTY SUPERIOR COURT
By_____
            AS - DEPUTY

This case has been assigned to
Judge Alan M. Simpson for all purposes

6

7        SUPERIOR COURT OF THE STATE OF CALIFORNIA

8             FOR THE COUNTY OF FRESNO

9

10   CHARLOTTE MODAHL, PH.D., an
    individual,

11

12        Plaintiff,

13   vs.

14   MISTER C INVESTMENT
    CORPORATION, INC., a California

15   Corporation; BETHEL ESTATES, a
    California General Partnership; PHILLIP

16   RANDY CASTIGLIONE, an individual;
    LAURA DRINKHOUSE, an individual;

17   CASTY'S INVESTMENTS, LLC, a
    Colorado Limited Liability Company;

18   CIHAN CORPORATION, A California

19   Corporation; MEHMET J. SOLU (also
    known as "JOHN SOLU"), an individual;

20   ANY AND ALL PERSONS UNKNOWN,
    CLAIMING ANY LEGAL OR

21   EQUITABLE RIGHT, TITLE, ESTATE,

22   LIEN, OR INTEREST IN THE
    PROPERTY DESCRIBED IN THE

23   COMPLAINT ADVERSE TO
    PLAINTIFF'S TITLE, OR ANY CLOUD

24   ON PLAINTIFF'S TITLE THERETO

25   and DOES 1 through 200, inclusive;

26        Defendants.

27

28

CASE NO. 06 CE CG 04072   AMS

VERIFIED COMPLAINT FOR:

1. Breach of Partnership Agreement;
2. Accounting and Amount Due on Account;
3. Conversion of Partnership Assets;
4. Breach of Fiduciary Duty
5. Intentional Misrepresentation
6. Negligent Misrepresentation
7. Quiet Title;
8. Quiet Title;
9. Cancellation of Instrument;
10. Unfair Competition
11. Intentional interference with contract
12. Intentional interference with
     prospective economic advantage
13. Conspiracy to Defraud;
14. Unjust Enrichment
15. Injunctive Relief
16. Constructive Trust; and
17. Declaratory Relief

Plaintiff Charlotte Modahl, Ph.D., ("Dr. Modahl" or "Plaintiff"), alleges, as follows:

– 1 –

COMPLAINT

1043.001

COPY

## THE PARTIES

1.    Plaintiff is and at all times mentioned in this complaint was an individual residing in Orange County, California.

2.    Plaintiff is informed and believes and, on the basis of that information and belief, alleges that defendant, Mister C Investment Corporation, Inc., is now and was at all times mentioned in this complaint, a duly organized and existing California corporation authorized to do business in California.

3.    Plaintiff is informed and believes and on that basis of information and belief alleges that defendant Bethel Estates (hereafter "Bethel Estates") was at all times herein mentioned a California general partnership, conducting business in California, including within the County of Fresno.

4.    Plaintiff is informed and believes and, on the basis of that information and belief, alleges that defendant Phillip Randy Castiglione (aka Randy Castiglione) (hereafter "Defendant Castiglione") was at all times herein mentioned a natural person residing in California, and/or conducting business in California, including within the County of Fresno. Plaintiff is informed and believes that Castiglione is currently residing in Colorado.

5.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendant Castiglione authorized, participated in, ratified and/or consented to the wrongful acts alleged herein and was an officer, director, managing agent, shareholder, promoter, general partner, limited partner, owner and/or controlling person for each of the entities sued herein as Defendant Mr. C, Defendant Bethel Estates, and Does 1-200, inclusive, and each of them, and that Defendant Mr. C, Defendant Bethel Estates, and Does 1-200, inclusive, were and are a fictitious business name for defendant Castiglione. Plaintiff is further informed and believes, and thereon alleges, that at all times relevant herein there existed a unity of interests in ownership between and among Defendant Castiglione, Defendant Mr. C, Defendant Bethel Estates, and Does 1-200, inclusive, and each of them, such that any

–2–

1043.001

1   individuality or separateness between such defendants has ceased to exist, and Defendant Mr. C,

2   Defendant Bethel Estates, and Does 1-200, inclusive, and each of them, are the alter egos of

3   Defendant Castiglione.

4       6.     Plaintiff is informed and believes, and based thereon alleges, that at all times

5   relevant herein, Defendant Mr. C, Defendant Bethel Estates, and Does 1-200, inclusive, and each

6   of them, were and are the mere shells, conduits, and instrumentalities through which Defendant

7   Castiglione carried and carries on his business, exercising complete ownership, control and

8   dominance of Defendant Mr. C, Defendant Bethel Estates, and Does 1-200, inclusive, and each

9   of them, to such an extent that any individuality and separateness between and among such

10   defendants has ceased to exist. Any adherence herein to the fiction of a separate existence of

11   Defendant Mr. C, Defendant Bethel Estates, and Does 1-200, inclusive, and each of them, as one

12   or more entities separate and apart from Defendant Castiglione would be an abuse of the

13   corporate privilege and would sanction a fraud and promote injustice, in that upon information

14   and belief Plaintiff alleges that Defendant Castiglione has withdrawn funds from one or more of

15   these entities and/or has commingled the business and funds of such entities, thereby rendering

16   such entities unable to meet any and all obligations to Plaintiff as sought herein. (Collectively,

17   Defendant Castiglione, Defendant Mr. C, Defendant Bethel Estates, and Does 1-200, inclusive,

18   shall hereafter be referred to as "Castiglione Defendants.")

19

20       7.     Plaintiff is informed and believes and, on the basis of that information and belief,

21   alleges that defendant Laura Drinkhouse ("Defendant Drinkhouse") was at all times herein

22   mentioned a natural person residing in California, and/or conducting business in California,

23   including within the County of Fresno. Plaintiff is informed and believes that Drinkhouse is

24   currently residing in Colorado.

25       8.     Plaintiff is informed and believes and, on the basis of that information and belief,

26   alleges that defendant Casty's Investments, LLC, ("Defendant CIL"), is and at all times herein

27   mentioned was, a duly organized and existing Colorado limited liability company conducting

28   business, and transactions, within the state of California, including within the County of Fresno.

-3-

1043.001

9.     Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendants Castiglione and Drinkhouse authorized, participated in, ratified and/or consented to the wrongful acts alleged herein and was an officer, director, managing agent, shareholder, promoter, general partner, limited partner, owner and/or controlling person for each of the entities sued herein as Defendant CIL, and Does 1-200, inclusive, and each of them, and that Defendant CIL and Does 1-200, inclusive, were and are a fictitious business name for Defendants Castiglione and Drinkhouse. Plaintiff is further informed and believes, and thereon alleges, that at all times relevant herein there existed a unity of interests in ownership between and among Defendants Castiglione and Defendant Drinkhouse, Defendant CIL, and Does 1-200, inclusive, and each of them, such that any individuality or separateness between such defendants has ceased to exist, and Defendant CIL and Does 1-200, inclusive, and each of them, are the alter egos of Defendants Castiglione and Drinkhouse.

10.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendant CIL and Does 1-200, inclusive, and each of them, were and are the mere shells, conduits, and instrumentalities through which Defendants Castiglione and Drinkhouse carried and carry on their business, exercising complete ownership, control and dominance of Defendant CIL and Does 1-200, inclusive, and each of them, to such an extent that any individuality and separateness between and among such defendants has ceased to exist. Any adherence herein to the fiction of a separate existence of Defendant CIL and Does 1-200, inclusive, and each of them, as one or more entities separate and apart from Defendant Castiglione would be an abuse of the corporate privilege and would sanction a fraud and promote injustice, in that upon information and belief Plaintiff alleges that Defendants Castiglione and Drinkhouse have withdrawn funds from one or more of these entities and/or has commingled the business and funds of such entities, thereby rendering such entities unable to meet any and all obligations to Plaintiff as sought herein. (Collectively, Defendant Drinkhouse, Defendant CIL, Defendant Castiglione, and Does 1-200, inclusive, shall hereafter be referred to as "Drinkhouse Defendants.")

–4–

COMPLAINT

11.    Plaintiff is informed and believes and the basis of that information and belief, alleges that defendant Mehmet J. Solu, also known as "John Solu," (hereafter "Defendant M. Solu") is now and was at all times mentioned in this complaint, a natural person residing, and/or conducting business in California, including within the County of Fresno.

12.    Plaintiff is informed and believes and, on the basis of that information and belief, alleges that defendant Cihan Corporation (hereafter "Defendant Cihan") is now and was at all times mentioned in this complaint, a duly organized and existing California corporation authorized to do business in California.

13.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendant M. Solu authorized, participated in, ratified and/or consented to the wrongful acts alleged herein and was an officer, director, managing agent, shareholder, promoter, general partner, limited partner, owner and/or controlling person for each of the entities sued herein as Defendant Cihan, Defendant Bethel Estates and Does 1-200, inclusive, and each of them, and that Defendant Cihan, Defendant Bethel Estates and Does 1-200, inclusive, were and are a fictitious business name for Defendant M. Solu. Plaintiff is further informed and believes, and thereon alleges, that at all times relevant herein there existed a unity of interests in ownership between and among Defendant M. Solu, Defendant Cihan, Defendant Bethel Estates and Does 1-200, inclusive, and each of them, such that any individuality or separateness between such defendants has ceased to exist, and Defendant Cihan, Defendant Bethel Estates and Does 1-200, inclusive, and each of them, are the alter egos of Defendant M. Solu.

14.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendant Cihan, Defendant Bethel Estates and Does 1-200, inclusive, and each of them, were and are the mere shells, conduits, and instrumentalities through which Defendant M. Solu carried and carries on his business, exercising complete ownership, control and dominance of Defendant Cihan, Defendant Bethel Estates and Does 1-200, inclusive, and each of them, to such an extent that any individuality and separateness between and among such

–5–

1043.001

1   defendants has ceased to exist. Any adherence herein to the fiction of a separate existence of
2   Defendant Cihan, Defendant Bethel Estates and Does 1-200, inclusive, and each of them, as one
3   or more entities separate and apart from Defendant Castiglione would be an abuse of the
4   corporate privilege and would sanction a fraud and promote injustice, in that upon information
5   and belief Plaintiff alleges that Defendant M. Solu has withdrawn funds from one or more of
6   these entities and/or has commingled the business and funds of such entities, thereby rendering
7   such entities unable to meet any and all obligations to Plaintiff as sought herein. (Collectively,
8   Defendant M. Solu, Defendant Cihan, Defendant Bethel Estates, and Does 1-200, inclusive, shall
9   hereafter be referred to as "Solu Defendants.")
10

11      15.     Plaintiff does not know the true names of defendants All Persons Unknown,
12  Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described
13  in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto, and
14  therefore sues them by those fictitious names (hereafter referred to as "Unknown Defendants.")

15      16.     Plaintiff does not know the true names of defendants Does 1 through 200,
16  inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes
17  and based thereon alleges that each of those defendants was in some manner legally responsible
18  for the events and happenings alleged in this complaint and for Plaintiff's damages. The names,
19  capacities and relationships of Does 1 through 200 will be alleged by amendment to this
20  complaint when they are known.

21      17.     Plaintiff is informed and believes and, on the basis of that information and belief,
22  alleges that at all times mentioned in this complaint, defendants were the agents and employees
23  of their codefendants, and in doing the things alleged in this complaint were acting within the
24  course and scope of that agency and employment.

25      18.     The term "Defendants" as used hereafter refers to each of the specifically named
26  Defendants in this action together with the Doe Defendants 1 through 200, inclusive, unless
27  specifically noted otherwise within the context of a particular cause of action.
28  //

-6-

## GENERAL ALLEGATIONS

19.     Plaintiff is informed and believes and, on the basis of that information and belief, alleges that on or about March 27, 2003, Plaintiff and the Castiglione Defendants entered into a partnership agreement establishing a partnership between the Castiglione Defendants, Plaintiff and Defendant Castiglione's two sons Michael and Sean (the "Partnership Agreement.")  The Partnership Agreement provides that the partnership was entered into "for the purpose of creating lots, constructing houses thereon and selling same for profit" over ten (10) acres of land to be acquired by the newly formed partnership (hereafter, the partnership shall be referred to as the "Bethel Partners.")  Each partner of the Bethel Partners was allocated twenty-five (25%) percent ownership interest in the partnership and each was to receive twenty-five (25%) percent of the profits from the proposed business venture involving the real property commonly known as 1521 S. Bethel Street, Sanger, California, APN No. 315-020-42 (the "Subject Property.")

20.     The Partnership Agreement provided that the partners agreed to purchase the Subject Property.  Plaintiff Modahl contributed the entire down payment ($100,000) and a non-refundable $20,000 of the initial costs for the purchase of the Subject Property.  The remainder of the purchase price was a private loan to the Bethel Partners.  Pursuant to the Partnership Agreement, the 4000 square foot house which was already on the Subject Property, commonly known as 1521 S. Bethel, Sanger, California 93657, APN 315-371-72, and legally described as Parcel 2:  OUtlot B of Tract 5241, Bethel Estates, as per map recorded in Book 69 Pages 84, 86 and 87 of Plats, Fresno County Records, was supposed to be renovated and sold (hereafter referred to as "Outlot B home.")

21.     Under the Partnership Agreement, the profit from selling the Outlot B home was to be used to develop the Subject Property into fifty lots with homes, which were to be sold for profit.  A true and correct copy of the Partnership Agreement is attached hereto as Exhibit A.

22.     Unbeknownst to Plaintiff Modahl, title of the Subject Property was not recorded in the Bethel Partners' name.

–7–

23. In or before February 2004, the Bethel Partners began the development project of the Subject Property including hiring an attorney for the purposes of forming a homeowner's association, for format of grant deed, etc.

24. Plaintiff is informed and believes and based thereon alleges that in or about 2004, the Subject Property was subdivided into fifty lots and three outlots, A-C, to form a gated community named "The Park at Bethel." ·

25. Plaintiff is informed and believes and based thereon alleges that prior to April 26, 2004, the Castiglione Defendants, entered into a general partnership agreement with the Solu Defendants named "Bethel Estates."

26. Plaintiff is informed and believes, and based thereon alleges, that on or about April 26, 2004, the Castiglione Defendants conveyed the fifty lots of the Subject Property without adequate consideration by grant deed to "Bethel Estates." A true and correct copy of said grant deed is attached hereto as Exhibit "B" and shall hereafter be referred to as the "Bethel Estates Grant Deed."

27. Plaintiff is informed and believes and based thereon alleges that on or about May 27, 2004, the partners of Bethel Estates formalized their relationship by filing a "Statement of Partnership Authority" with the secretary of state. The Statement of Partnership Authority provides that the only two partners of "Bethel Estates" are Defendants Mr. C and Defendant Solu. A true and correct copy of said document is attached hereto as Exhibit "C."

28. In or about 2004, Plaintiff Modahl contributed an additional $100,000 for the development of homes on the lots, and throughout the duration of the project, approximately $9,436 for legal services and fees related to the development of the home. Plaintiff Modahl was eventually reimbursed these sums plus $100,000 as provided for in the Partnership Agreement in July 2005. However, she never received any profit she was entitled to under the Partnership Agreement.

29. In May 2005, per the Castiglione Defendants' request, Defendant Modahl purchased one of first newly developed homes at The Park at Bethel in order to provide

– 8 –

1    residence to Mr. Pablo Gonzales, a supervisor working for the Castiglione Defendants. The

2    Castiglione Defendants promised to pay Plaintiff $1,200 rent per month relating thereto;

3    however, the Castiglione Defendants have never paid any rent to Plaintiff, and Mr. Gonzales

4    remains at Plaintiff's residence at this time.

5         30.    All fifty lots were developed and homes were constructed thereon; however,

6    Plaintiff is informed and believes and based thereon alleges that not all of the lots were sold to

7    bona fide purchasers for value.

8         31.    Starting in or about the beginning of 2004, Plaintiff repeatedly requested an

9    accounting relating to the development of the Subject Property from both the Castiglione

10   Defendants, and even of the Solu Defendants. However, said defendants refused, and continue

11   to refuse, to provide an accounting.

12

13        32.    Plaintiff is informed and believes and based thereon alleges that in or about

14   March 2005, the Solu Defendants filed a disassociation of partnership document with the

15   California Secretary of State. Attached hereto as Exhibit "D" is a true and correct copy of same.

16   Despite filing said document, Plaintiff is informed and believes, and based thereon alleges, that

17   the Solu Defendants continued to work, develop and construct and sell lots of the Subject

18   Property, until at least May 2006.

19        33.    Plaintiff is informed and believes, and based thereon alleges that lots 24, 25, 47,

20   48 and 49, of the Subject Property, have not yet been transferred to bona fide purchasers for

21   value. These lots may be described as follows:

22             a.  Lot 24: 2878 Casty Court, Sanger, California, MLS#: 274806, APN 315-371-45,

23                 Lot 24 of tract no. 5241, according to the map thereof recorded in volume 69

24                 pages 85 through 87, of Plats, Fresno County records;

25             b.  Lot 25: 2886 Casty Court, Sanger, California, MLS#: 274807, APN 315-371-46,

26                 Lot 25 of tract no. 5241, according to the map thereof recorded in volume 69

27                 pages 85 through 87, of Plats, Fresno County records;

28

-- 9 --

1043.001

c. Lot 47: 2697 Casty Court, Sanger, California, MLS#: 274803, APN 315-371-68,

Lot 47 of tract no. 5241, according to the map thereof recorded in volume 69

pages 85 through 87, of Plats, Fresno County records;

d. Lot 48: 2677 Casty Court, Sanger, California, APN 315-371-69, Lot 48 of tract

no. 5241, according to the map thereof recorded in volume 69 pages 85 through

87, of Plats, Fresno County records; and

e. Lot 49: 2667 Casty Court, Sanger, California, MLS # 274802, APN 315-371-70,

Lot 49 of tract no. 5241, according to the map thereof recorded in volume 69

pages 85 through 87, of Plats, Fresno County records;

34. Furthermore, Plaintiff is informed and believes and based thereon alleges that the Outlot B home, which housed Defendant Castiglione's mother and was used as a business office for the Castiglione Defendants' many business ventures, was fraudulently conveyed to the Drinkhouse Defendants, on or about August 24, 2006. A true and correct copy of such conveyance is attached hereto as Exhibit "E."

35. Plaintiff is further informed and believes, and based thereon alleges, that the Castiglione Defendants commingled and/or otherwise transferred the Bethel Partners' money and/or assets to themselves and the Drinkhouse Defendants and/or their relatives or others in or around August 2006, and/or thereafter.

## FIRST CAUSE OF ACTION

### (Breach of Partnership Agreement against Castiglione Defendants)

36. Plaintiff incorporates by reference paragraphs 1 through 35, inclusive, as if fully set forth.

37. Plaintiff Modahl has performed all terms and conditions required by the Partnership Agreement to be performed by Plaintiff, such as contributed $120,000 to the Bethel Partners on March 27, 2003. The contribution was received by the Castiglione Defendants and used for the purchase of the Subject Property on March 27, 2003. Additionally, Plaintiff

– 10 –

COMPLAINT

1043.001

1  contributed an additional $100,000 plus approximately $9,436 for attorney's fees to be used on

2  behalf of the partnership.

3  　　　　38.　　Unbeknownst to Plaintiff, on or about March 27, 2003, the Castiglione

4  Defendants breached the Partnership Agreement by repudiating the existence of the partnership

5  and denying Plaintiff's interest in the partnership. Thereafter, the Castiglione Defendants

6  breached the Partnership Agreement by (1) using the money Plaintiff contributed for the

7  purchase of the Subject Property for the Castiglione Defendants' own use, (2) failing to take title

8  to the Subject Property under the Bethel Partners' names, (3) conveying portions of the Subject

9  Property without adequate consideration, and (4) failing to provide Plaintiff with any of the

10  profits or interest she was entitled to under the Partnership Agreement.

11  　　　　39.　　On or about March 27, 2003, the Castiglione Defendants breached the implied

12  covenant of good faith and fair dealing in the Partnership Agreement by the above described

13  actions.

14

15  　　　　40.　　As a result of defendant's refusal to perform the duties agreed to in the Partnership

16  Agreement, Plaintiff has suffered damages including losses of use of the Subject Property which

17  has not been conveyed to bona fide purchasers for value and to the Outlot B home. Plaintiff also

18  lost profits in an amount to be determined at trial that would have been realized had the

19  Castiglione Defendants not breached the Partnership Agreement.

20  　　　　　　　　　　　　**SECOND CAUSE OF ACTION**

21  　　**(Accounting and Amount Due on Account Against the Castiglione Defendants)**

22  　　　　41.　　Plaintiff incorporates by reference paragraphs 1 through 40, inclusive, as if fully

23  set forth.

24  　　　　42.　　As alleged above, in March 2003, Plaintiff and the Castiglione Defendants

25  entered into the Partnership Agreement.

26  　　　　43.　　The Castiglione Defendants are, and at all times relevant to this action were, a

27  partner of Bethel Partners, a partnership, and did owe a fiduciary duty to the other partners. The

28

– 11 –

1043.001

1    Castiglione Defendants' status as partner imposed a fiduciary obligation on it to act as trustee

2    over partnership assets.

3        44.      Between March 27, 2003, and the commencement of this action, the Castiglione

4    Defendants collected money under the Partnership Agreement, the amount of which is not

5    known to Plaintiff.

6        45.      On an accounting by the Castiglione Defendants, there will be found a balance

7    due to Plaintiff, the amount of which is not known to Plaintiff.

8        46.      An accounting is necessary to show the amount due to plaintiff from the

9    Castiglione Defendants, and the amount due would be shown by an accounting.

10

11        47.      Prior to the commencement of this action, Plaintiff demanded of the Castiglione

12    Defendants an accounting for the Castiglione Defendants acts as partner, and payment of the

13    amount due under the Partnership Agreement. The Castiglione Defendants never rendered an

14    accounting for the money received under the Partnership Agreement, nor paid to Plaintiff any

15    percentage of profit from the Bethel Partner's business, which the Castiglione Defendants were

16    obligated to pay under the Partnership Agreement.

17                                **THIRD CAUSE OF ACTION**

18            **(Conversion of Partnership Assets against the Castiglione Defendants)**

19        48.      Plaintiff incorporates by reference paragraphs 1 through 47, inclusive, as if fully

20    set forth.

21        49.      On March 27, 2003, Plaintiff and the Castiglione Defendants entered into the

22    Partnership Agreement for the purpose of purchasing the Subject Property, renovating the

23    existing home thereon and selling it, creating lots, constructing houses on the lots and selling the

24    homes thereon for profit.

25        50.      On or about March 27, 2003, the Subject Property should have been an asset of

26    the partnership; however, the Castiglione Defendants converted the Subject Property to their own

27    use.

28

COMPLAINT

1043.001

## THE PARTIES

1.    Plaintiff is and at all times mentioned in this complaint was an individual residing in Orange County, California.

2.    Plaintiff is informed and believes and, on the basis of that information and belief, alleges that defendant, Mister C Investment Corporation, Inc., is now and was at all times mentioned in this complaint, a duly organized and existing California corporation authorized to do business in California.

3.    Plaintiff is informed and believes and on that basis of information and belief alleges that defendant Bethel Estates (hereafter "Bethel Estates") was at all times herein mentioned a California general partnership, conducting business in California, including within the County of Fresno.

4.    Plaintiff is informed and believes and, on the basis of that information and belief, alleges that defendant Phillip Randy Castiglione (aka Randy Castiglione) (hereafter "Defendant Castiglione") was at all times herein mentioned a natural person residing in California, and/or conducting business in California, including within the County of Fresno. Plaintiff is informed and believes that Castiglione is currently residing in Colorado.

5.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendant Castiglione authorized, participated in, ratified and/or consented to the wrongful acts alleged herein and was an officer, director, managing agent, shareholder, promoter, general partner, limited partner, owner and/or controlling person for each of the entities sued herein as Defendant Mr. C, Defendant Bethel Estates, and Does 1-200, inclusive, and each of them, and that Defendant Mr. C, Defendant Bethel Estates, and Does 1-200, inclusive, were and are a fictitious business name for defendant Castiglione. Plaintiff is further informed and believes, and thereon alleges, that at all times relevant herein there existed a unity of interests in ownership between and among Defendant Castiglione, Defendant Mr. C, Defendant Bethel Estates, and Does 1-200, inclusive, and each of them, such that any

−2−

1043.001

1  individuality or separateness between such defendants has ceased to exist, and Defendant Mr. C,

2  Defendant Bethel Estates, and Does 1-200, inclusive, and each of them, are the alter egos of

3  Defendant Castiglione.

4      6.      Plaintiff is informed and believes, and based thereon alleges, that at all times

5  relevant herein, Defendant Mr. C, Defendant Bethel Estates, and Does 1-200, inclusive, and each

6  of them, were and are the mere shells, conduits, and instrumentalities through which Defendant

7  Castiglione carried and carries on his business, exercising complete ownership, control and

8  dominance of Defendant Mr. C, Defendant Bethel Estates, and Does 1-200, inclusive, and each

9  of them, to such an extent that any individuality and separateness between and among such

10  defendants has ceased to exist. Any adherence herein to the fiction of a separate existence of

11  Defendant Mr. C, Defendant Bethel Estates, and Does 1-200, inclusive, and each of them, as one

12  or more entities separate and apart from Defendant Castiglione would be an abuse of the

13  corporate privilege and would sanction a fraud and promote injustice, in that upon information

14  and belief Plaintiff alleges that Defendant Castiglione has withdrawn funds from one or more of

15  

16  these entities and/or has commingled the business and funds of such entities, thereby rendering

17  such entities unable to meet any and all obligations to Plaintiff as sought herein. (Collectively,

18  Defendant Castiglione, Defendant Mr. C, Defendant Bethel Estates, and Does 1-200, inclusive,

19  shall hereafter be referred to as "Castiglione Defendants.")

20      7.      Plaintiff is informed and believes and, on the basis of that information and belief,

21  alleges that defendant Laura Drinkhouse ("Defendant Drinkhouse") was at all times herein

22  mentioned a natural person residing in California, and/or conducting business in California,

23  including within the County of Fresno. Plaintiff is informed and believes that Drinkhouse is

24  currently residing in Colorado.

25      8.      Plaintiff is informed and believes and, on the basis of that information and belief,

26  alleges that defendant Casty's Investments, LLC, ("Defendant CIL"), is and at all times herein

27  mentioned was, a duly organized and existing Colorado limited liability company conducting

28  business, and transactions, within the state of California, including within the County of Fresno.

-3-

COMPLAINT

1043.001

9.       Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendants Castiglione and Drinkhouse authorized, participated in, ratified and/or consented to the wrongful acts alleged herein and was an officer, director, managing agent, shareholder, promoter, general partner, limited partner, owner and/or controlling person for each of the entities sued herein as Defendant CIL, and Does 1-200, inclusive, and each of them, and that Defendant CIL and Does 1-200, inclusive, were and are a fictitious business name for Defendants Castiglione and Drinkhouse. Plaintiff is further informed and believes, and thereon alleges, that at all times relevant herein there existed a unity of interests in ownership between and among Defendants Castiglione and Defendant Drinkhouse, Defendant CIL, and Does 1-200, inclusive, and each of them, such that any individuality or separateness between such defendants has ceased to exist, and Defendant CIL and Does 1-200, inclusive, and each of them, are the alter egos of Defendants Castiglione and Drinkhouse.

10.      Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendant CIL and Does 1-200, inclusive, and each of them, were and are the mere shells, conduits, and instrumentalities through which Defendants Castiglione and Drinkhouse carried and carry on their business, exercising complete ownership, control and dominance of Defendant CIL and Does 1-200, inclusive, and each of them, to such an extent that any individuality and separateness between and among such defendants has ceased to exist. Any adherence herein to the fiction of a separate existence of Defendant CIL and Does 1-200, inclusive, and each of them, as one or more entities separate and apart from Defendant Castiglione would be an abuse of the corporate privilege and would sanction a fraud and promote injustice, in that upon information and belief Plaintiff alleges that Defendants Castiglione and Drinkhouse have withdrawn funds from one or more of these entities and/or has commingled the business and funds of such entities, thereby rendering such entities unable to meet any and all obligations to Plaintiff as sought herein. (Collectively, Defendant Drinkhouse, Defendant CIL, Defendant Castiglione, and Does 1-200, inclusive, shall hereafter be referred to as "Drinkhouse Defendants.")

—4—

1043.001

1    11.    Plaintiff is informed and believes and the basis of that information and belief,

2    alleges that defendant Mehmet J. Solu, also known as "John Solu," (hereafter "Defendant M.

3    Solu") is now and was at all times mentioned in this complaint, a natural person residing, and/or

4    conducting business in California, including within the County of Fresno.

5    12.    Plaintiff is informed and believes and, on the basis of that information and belief,

6    alleges that defendant Cihan Corporation (hereafter "Defendant Cihan") is now and was at all

7    times mentioned in this complaint, a duly organized and existing California corporation

8    authorized to do business in California.

9    13.    Plaintiff is informed and believes, and based thereon alleges, that at all times

10   relevant herein, Defendant M. Solu authorized, participated in, ratified and/or consented to the

11   wrongful acts alleged herein and was an officer, director, managing agent, shareholder,

12   promoter, general partner, limited partner, owner and/or controlling person for each of the

13   entities sued herein as Defendant Cihan, Defendant Bethel Estates and Does 1-200, inclusive,

14   and each of them, and that Defendant Cihan, Defendant Bethel Estates and Does 1-200,

15   inclusive, were and are a fictitious business name for Defendant M. Solu. Plaintiff is further

16   informed and believes, and thereon alleges, that at all times relevant herein there existed a unity

17   of interests in ownership between and among Defendant M. Solu, Defendant Cihan, Defendant

18   Bethel Estates and Does 1-200, inclusive, and each of them, such that any individuality or

19   separateness between such defendants has ceased to exist, and Defendant Cihan, Defendant

20   Bethel Estates and Does 1-200, inclusive, and each of them, are the alter egos of Defendant M.

21   Solu.

22   14.    Plaintiff is informed and believes, and based thereon alleges, that at all times

23   relevant herein, Defendant Cihan, Defendant Bethel Estates and Does 1-200, inclusive, and each

24   of them, were and are the mere shells, conduits, and instrumentalities through which Defendant

25   M. Solu carried and carries on his business, exercising complete ownership, control and

26   dominance of Defendant Cihan, Defendant Bethel Estates and Does 1-200, inclusive, and each of

27   them, to such an extent that any individuality and separateness between and among such

28   –5–

1043.001

1 defendants has ceased to exist. Any adherence herein to the fiction of a separate existence of

2 Defendant Cihan, Defendant Bethel Estates and Does 1-200, inclusive, and each of them, as one

3 or more entities separate and apart from Defendant Castiglione would be an abuse of the

4 corporate privilege and would sanction a fraud and promote injustice, in that upon information

5 and belief Plaintiff alleges that Defendant M. Solu has withdrawn funds from one or more of

6 these entities and/or has commingled the business and funds of such entities, thereby rendering

7 such entities unable to meet any and all obligations to Plaintiff as sought herein. (Collectively,

8 Defendant M. Solu, Defendant Cihan, Defendant Bethel Estates, and Does 1-200, inclusive, shall

9 hereafter be referred to as "Solu Defendants.")

10   15. Plaintiff does not know the true names of defendants All Persons Unknown,

11 Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described

12 in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto, and

13 therefore sues them by those fictitious names (hereafter referred to as "Unknown Defendants.")

14

15   16. Plaintiff does not know the true names of defendants Does 1 through 200,

16 inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes

17 and based thereon alleges that each of those defendants was in some manner legally responsible

18 for the events and happenings alleged in this complaint and for Plaintiff's damages. The names,

19 capacities and relationships of Does 1 through 200 will be alleged by amendment to this

20 complaint when they are known.

21   17. Plaintiff is informed and believes and, on the basis of that information and belief,

22 alleges that at all times mentioned in this complaint, defendants were the agents and employees

23 of their codefendants, and in doing the things alleged in this complaint were acting within the

24 course and scope of that agency and employment.

25   18. The term "Defendants" as used hereafter refers to each of the specifically named

26 Defendants in this action together with the Doe Defendants 1 through 200, inclusive, unless

27 specifically noted otherwise within the context of a particular cause of action.

28 //

-6-

COMPLAINT

1043.001

## GENERAL ALLEGATIONS

19.     Plaintiff is informed and believes and, on the basis of that information and belief, alleges that on or about March 27, 2003, Plaintiff and the Castiglione Defendants entered into a partnership agreement establishing a partnership between the Castiglione Defendants, Plaintiff and Defendant Castiglione's two sons Michael and Sean (the "Partnership Agreement.") The Partnership Agreement provides that the partnership was entered into "for the purpose of creating lots, constructing houses thereon and selling same for profit" over ten (10) acres of land to be acquired by the newly formed partnership (hereafter, the partnership shall be referred to as the "Bethel Partners.") Each partner of the Bethel Partners was allocated twenty-five (25%) percent ownership interest in the partnership and each was to receive twenty-five (25%) percent of the profits from the proposed business venture involving the real property commonly known as 1521 S. Bethel Street, Sanger, California, APN No. 315-020-42 (the "Subject Property.")

20.     The Partnership Agreement provided that the partners agreed to purchase the Subject Property. Plaintiff Modahl contributed the entire down payment ($100,000) and a non-refundable $20,000 of the initial costs for the purchase of the Subject Property. The remainder of the purchase price was a private loan to the Bethel Partners. Pursuant to the Partnership Agreement, the 4000 square foot house which was already on the Subject Property, commonly known as 1521 S. Bethel, Sanger, California 93657, APN 315-371-72, and legally described as Parcel 2: OUtlot B of Tract 5241, Bethel Estates, as per map recorded in Book 69 Pages 84, 86 and 87 of Plats, Fresno County Records, was supposed to be renovated and sold (hereafter referred to as "Outlot B home.")

21.     Under the Partnership Agreement, the profit from selling the Outlot B home was to be used to develop the Subject Property into fifty lots with homes, which were to be sold for profit. A true and correct copy of the Partnership Agreement is attached hereto as Exhibit A.

22.     Unbeknownst to Plaintiff Modahl, title of the Subject Property was not recorded in the Bethel Partners' name.

-7-

COMPLAINT

1043.001

23.    In or before February 2004, the Bethel Partners began the development project of the Subject Property including hiring an attorney for the purposes of forming a homeowner's association, for format of grant deed, etc.

24.    Plaintiff is informed and believes and based thereon alleges that in or about 2004, the Subject Property was subdivided into fifty lots and three outlots, A-C, to form a gated community named "The Park at Bethel."

25.    Plaintiff is informed and believes and based thereon alleges that prior to April 26, 2004, the Castiglione Defendants, entered into a general partnership agreement with the Solu Defendants named "Bethel Estates."

26.    Plaintiff is informed and believes, and based thereon alleges, that on or about April 26, 2004, the Castiglione Defendants conveyed the fifty lots of the Subject Property without adequate consideration by grant deed to "Bethel Estates." A true and correct copy of said grant deed is attached hereto as Exhibit "B" and shall hereafter be referred to as the "Bethel Estates Grant Deed."

27.    Plaintiff is informed and believes and based thereon alleges that on or about May 27, 2004, the partners of Bethel Estates formalized their relationship by filing a "Statement of Partnership Authority" with the secretary of state.    The Statement of Partnership Authority provides that the only two partners of "Bethel Estates" are Defendants Mr. C and Defendant Solu. A true and correct copy of said document is attached hereto as Exhibit "C."

28.    In or about 2004, Plaintiff Modahl contributed an additional $100,000 for the development of homes on the lots, and throughout the duration of the project, approximately $9,436 for legal services and fees related to the development of the home. Plaintiff Modahl was eventually reimbursed these sums plus $100,000 as provided for in the Partnership Agreement in July 2005. However, she never received any profit she was entitled to under the Partnership Agreement.

29.    In May 2005, per the Castiglione Defendants' request, Defendant Modahl purchased one of first newly developed homes at The Park at Bethel in order to provide

-8-

COMPLAINT

1043.001

1 │ residence to Mr. Pablo Gonzales, a supervisor working for the Castiglione Defendants. The

2 │ Castiglione Defendants promised to pay Plaintiff $1,200 rent per month relating thereto;

3 │ however, the Castiglione Defendants have never paid any rent to Plaintiff, and Mr. Gonzales

4 │ remains at Plaintiff's residence at this time.

5 │     30.    All fifty lots were developed and homes were constructed thereon; however,

6 │ Plaintiff is informed and believes and based thereon alleges that not all of the lots were sold to

7 │ bona fide purchasers for value.

8 │     31.    Starting in or about the beginning of 2004, Plaintiff repeatedly requested an

9 │ accounting relating to the development of the Subject Property from both the Castiglione

10 │ Defendants, and even of the Solu Defendants. However, said defendants refused, and continue

11 │ to refuse, to provide an accounting.

12 │ 

13 │     32.    Plaintiff is informed and believes and based thereon alleges that in or about

14 │ March 2005, the Solu Defendants filed a disassociation of partnership document with the

15 │ California Secretary of State. Attached hereto as Exhibit "D" is a true and correct copy of same.

16 │ Despite filing said document, Plaintiff is informed and believes, and based thereon alleges, that

17 │ the Solu Defendants continued to work, develop and construct and sell lots of the Subject

18 │ Property, until at least May 2006.

19 │     33.    Plaintiff is informed and believes, and based thereon alleges that lots 24, 25, 47,

20 │ 48 and 49, of the Subject Property, have not yet been transferred to bona fide purchasers for

21 │ value. These lots may be described as follows:

22 │         a.  Lot 24: 2878 Casty Court, Sanger, California, MLS#: 274806, APN 315-371-45,

23 │                  Lot 24 of tract no. 5241, according to the map thereof recorded in volume 69

24 │                  pages 85 through 87, of Plats, Fresno County records;

25 │         b.  Lot 25: 2886 Casty Court, Sanger, California, MLS#: 274807, APN 315-371-46,

26 │                  Lot 25 of tract no. 5241, according to the map thereof recorded in volume 69

27 │                  pages 85 through 87, of Plats, Fresno County records;

28 │ 

COMPLAINT

c. Lot 47: 2697 Casty Court, Sanger, California, MLS#: 274803, APN 315-371-68, Lot 47 of tract no. 5241, according to the map thereof recorded in volume 69 pages 85 through 87, of Plats, Fresno County records;

d. Lot 48: 2677 Casty Court, Sanger, California, APN 315-371-69, Lot 48 of tract no. 5241, according to the map thereof recorded in volume 69 pages 85 through 87, of Plats, Fresno County records; and

e. Lot 49: 2667 Casty Court, Sanger, California, MLS # 274802, APN 315-371-70, Lot 49 of tract no. 5241, according to the map thereof recorded in volume 69 pages 85 through 87, of Plats, Fresno County records;

34. Furthermore, Plaintiff is informed and believes and based thereon alleges that the Outlot B home, which housed Defendant Castiglione's mother and was used as a business office for the Castiglione Defendants' many business ventures, was fraudulently conveyed to the Drinkhouse Defendants, on or about August 24, 2006. A true and correct copy of such conveyance is attached hereto as Exhibit "E."

35. Plaintiff is further informed and believes, and based thereon alleges, that the Castiglione Defendants commingled and/or otherwise transferred the Bethel Partners' money and/or assets to themselves and the Drinkhouse Defendants and/or their relatives or others in or around August 2006, and/or thereafter.

## FIRST CAUSE OF ACTION

### (Breach of Partnership Agreement against Castiglione Defendants)

36. Plaintiff incorporates by reference paragraphs 1 through 35, inclusive, as if fully set forth.

37. Plaintiff Modahl has performed all terms and conditions required by the Partnership Agreement to be performed by Plaintiff, such as contributed $120,000 to the Bethel Partners on March 27, 2003. The contribution was received by the Castiglione Defendants and used for the purchase of the Subject Property on March 27, 2003. Additionally, Plaintiff

–10–

1043.001

1   contributed an additional $100,000 plus approximately $9,436 for attorney's fees to be used on
2   behalf of the partnership.

3       38.     Unbeknownst to Plaintiff, on or about March 27, 2003, the Castiglione
4   Defendants breached the Partnership Agreement by repudiating the existence of the partnership
5   and denying Plaintiff's interest in the partnership. Thereafter, the Castiglione Defendants
6   breached the Partnership Agreement by (1) using the money Plaintiff contributed for the
7   purchase of the Subject Property for the Castiglione Defendants' own use, (2) failing to take title
8   to the Subject Property under the Bethel Partners' names, (3) conveying portions of the Subject
9   Property without adequate consideration, and (4) failing to provide Plaintiff with any of the
10   profits or interest she was entitled to under the Partnership Agreement.
11

12       39.     On or about March 27, 2003, the Castiglione Defendants breached the implied
13   covenant of good faith and fair dealing in the Partnership Agreement by the above described
14   actions.

15       40.     As a result of defendant's refusal to perform the duties agreed to in the Partnership
16   Agreement, Plaintiff has suffered damages including losses of use of the Subject Property which
17   has not been conveyed to bona fide purchasers for value and to the Outlot B home. Plaintiff also
18   lost profits in an amount to be determined at trial that would have been realized had the
19   Castiglione Defendants not breached the Partnership Agreement.

20                         **SECOND CAUSE OF ACTION**

21       **(Accounting and Amount Due on Account Against the Castiglione Defendants)**

22       41.     Plaintiff incorporates by reference paragraphs 1 through 40, inclusive, as if fully
23   set forth.

24       42.     As alleged above, in March 2003, Plaintiff and the Castiglione Defendants
25   entered into the Partnership Agreement.

26       43.     The Castiglione Defendants are, and at all times relevant to this action were, a
27   partner of Bethel Partners, a partnership, and did owe a fiduciary duty to the other partners. The
28

— 11 —

1 Castiglione Defendants' status as partner imposed a fiduciary obligation on it to act as trustee
2 over partnership assets.

3      44.    Between March 27, 2003, and the commencement of this action, the Castiglione
4 Defendants collected money under the Partnership Agreement, the amount of which is not
5 known to Plaintiff.

6      45.    On an accounting by the Castiglione Defendants, there will be found a balance
7 due to Plaintiff, the amount of which is not known to Plaintiff.

8      46.    An accounting is necessary to show the amount due to plaintiff from the
9 Castiglione Defendants, and the amount due would be shown by an accounting.
10
11     47.    Prior to the commencement of this action, Plaintiff demanded of the Castiglione
12 Defendants an accounting for the Castiglione Defendants acts as partner, and payment of the
13 amount due under the Partnership Agreement. The Castiglione Defendants never rendered an
14 accounting for the money received under the Partnership Agreement, nor paid to Plaintiff any
15 percentage of profit from the Bethel Partner's business, which the Castiglione Defendants were
16 obligated to pay under the Partnership Agreement.

17                          **THIRD CAUSE OF ACTION**

18          **(Conversion of Partnership Assets against the Castiglione Defendants)**

19     48.    Plaintiff incorporates by reference paragraphs 1 through 47, inclusive, as if fully
20 set forth.

21     49.    On March 27, 2003, Plaintiff and the Castiglione Defendants entered into the
22 Partnership Agreement for the purpose of purchasing the Subject Property, renovating the
23 existing home thereon and selling it, creating lots, constructing houses on the lots and selling the
24 homes thereon for profit.

25     50.    On or about March 27, 2003, the Subject Property should have been an asset of
26 the partnership; however, the Castiglione Defendants converted the Subject Property to their own
27 use.
28

– 12 –

COMPLAINT

1043.001

51.     Plaintiff was a partner of Bethel Partners at the time the Subject Property was acquired by the partnership and as such was in possession or had the right to immediate possession or was the owner with the right to possession of the Subject Property described above.

52.     On or about March 27, 2003, the Subject Property had a value of $525,000.

53.     Plaintiff further alleges that, pursuant to the agreement, she was to have a twenty-five percent interest in the partnership, and was entitled to take twenty-five percent of the net profits.

54.     On or about March 27, 2003, the Castiglione Defendants converted the Subject Property to their own use by (1) using Outlot B home as a residence for Defendant Castiglione's mother; (2) using the Outlot B home as an office for the Castiglione Defendants' various business ventures; (3) taking title to the entire Subject Property and thereafter conveying title of the Subject Property to "Bethel Estates" and/or an unspecified percentage of interest in the Subject Property to the Solu Defendants; and (4) selling at least forty-five out of fifty homes developed on the Subject Property and converting all the profits therefrom.

55.     As a result of the Castiglione Defendants' conversion of the Subject property and any profits realized from selling any portions thereof, Plaintiff suffered monetary damages proximately caused by the Castiglione Defendants' conversion, in an amount unknown to Plaintiff.

56.     Between the time of the Castiglione Defendants' conversion and the filing of this action, Plaintiff expended money in pursuit of property exclusive of attorney fees and costs associated with preparation for litigation of case, in an amount according to proof at time of trial.

### FOURTH CAUSE OF ACTION

**(Breach of Fiduciary Duty against the Castiglione Defendants)**

57.     Plaintiff incorporates by reference paragraphs 1 through 56, inclusive, as if fully set forth.

– 13 –

58.     The Castiglione Defendants, are, and at all times relevant to this action were, a partner of Bethel Partners, a partnership, and did owe a fiduciary duty to the other partners. The Castiglione Defendants' status as partner imposed a fiduciary obligation on them to act as trustee over partnership assets.

59.     Since the commencement of partnership business, the Castiglione Defendants have appropriated large sums of money in excess of the Castiglione Defendants' one-fourth share from the receipts and profits of the partnership business. Plaintiff has made repeated demands on the Castiglione Defendants to account for the money under Corporations Code section 16404, to give plaintiff a statement of the financial condition of the partnership business pursuant to Corporations Code section 16503, and to allow plaintiff to examine the partnership books and records pursuant to Corporations Code section 16403. The Castiglione Defendants refused to comply with any of these demands.

60.     As a direct and proximate result of the Castiglione Defendants' breach of fiduciary duty, Plaintiff has been damaged in a sum not yet fully ascertained, but Plaintiff is informed and believes and thereon alleges that it is in excess of the minimum jurisdiction of this Court.

61.     Based on the acts herein alleged, the Castiglione Defendants willfully acted with oppression, fraud and malice. Plaintiff, therefore, is entitled to recovery of punitive damages in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

**(Intentional Misrepresentation against the Castiglione Defendants)**

62.     Plaintiff incorporates by reference paragraphs 1 through 61, inclusive, as if fully set forth.

63.     The Castiglione Defendants knowingly and intentionally made the following material misrepresentations to Plaintiff (hereinafter referred to as the "Material Misrepresentations"):

– 14 –

COMPLAINT

1043.001

a. That the Castiglione Defendants would purchase the Subject Property on behalf of the Bethel Partners;

b. That the Castiglione Defendants purchased the Subject Property for purposes of developing and selling same for profit on behalf of the Bethel Partners;

c. That the Castiglione Defendants would pay Plaintiff twenty-five percent of the net profits from selling the homes developed at the Subject Property;

64. These Material Misrepresentations were made by Defendant Castiglione to Plaintiff on or about March 27, 2003.

65. Defendant Castiglione made the Material Misrepresentations with the intent to defraud Plaintiff.

66. Defendant Castiglione made the Material Misrepresentations with knowledge of their falsity.

67. Plaintiff relied upon the Material Misrepresentations in agreeing to enter into the Partnership Agreement, and in contributing $120,000 for the purchase of the Subject Property. Thereafter, Plaintiff made additional contributions in excess of $100,000.

68. Plaintiff's reliance upon the Material Misrepresentations was reasonable and justifiable since Defendant Castiglione held himself out as an experienced, seasoned and well-respected developer in the Fresno area. Further, Plaintiff and her husband personally knew Defendant Castiglione and believed that he was an experienced developer; Plaintiff believed that the Material Misrepresentations were all true.

69. As a direct and proximate result of defendant Castiglione's intentional misrepresentations, Plaintiff was damaged in an amount according to proof at the time of trial.

70. The Castiglione Defendants committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, and/or in reckless disregard of Plaintiff's rights or with a conscious disregard for Plaintiff's rights and for the deleterious consequences of the their actions. Consequently, Plaintiff is entitled to recover punitive damages from the Castiglione Defendants in an amount according to proof.

– 15 –

COMPLAINT

1043.001

## SIXTH CAUSE OF ACTION

### (Negligent Misrepresentation against the Castiglione Defendants)

71.     Plaintiff incorporates by reference paragraphs 1 through 70, inclusive, as if fully set forth.

72.     The Material Misrepresentations were made by the Castiglione Defendants to Plaintiff on or about March 27, 2003.

73.     Plaintiffs relied upon the Material Misrepresentations in entering into the Partnership Agreement, and paying over $120,000 as contribution under the Partnership Agreement (as well as payments in excess of $100,000 above those required under the Partnership Agreement).

74.     The Castiglione Defendants made the Material Misrepresentations without reasonable ground for believing that they were true.

75.     Plaintiff's reliance upon the Material Misrepresentations was reasonable and justifiable, as Defendant Castiglione held himself out as an experienced, seasoned and well-respected developer in the Fresno area.  Further, Plaintiff and her husband personally knew Defendant Castiglione and believed that he was an experienced developer; Plaintiff believed that the Material Misrepresentations were all true.

76.     As a direct and proximate result of the Castiglione Defendants' negligent misrepresentation to Plaintiff, Plaintiff was damaged in an amount according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION

### (Quiet Title Against All Defendants)

77.     Plaintiff incorporates by reference paragraphs 1 through 76, inclusive, as if fully set forth.

78.     Plaintiff is the owner of twenty-five percent (25%) of lots 24, 25, 47, 48 and 49 of the Subject Property (the "Disputed Property") as described in more detail above.

-16-

1043.001

1        79.     Plaintiff obtained interest to the Disputed Property through the Partnership

2   Agreement.

3        80.     Plaintiff is informed and believes and on that basis alleges that Defendants claim

4   an interest adverse to plaintiff's title to the Disputed Property. Plaintiff alleges that the

5   Castiglione Defendants are only entitled to twenty-five percent (25%) ownership interest in the

6   Disputed Property, that Plaintiff is entitled to a twenty-five percent (25%) ownership interest in

7   the Disputed Property, and that Sean and Michael Castiglione are each entitled to twenty-five

8   percent (25%) ownership interest in the Disputed Property.

9        81.     Plaintiff seeks to quiet title as to her twenty-five percent interest as of March 27,

10   2003, the date in which Defendants fraudulently took title and possession of the Subject

11   Property.

12

13                          **EIGHTH CAUSE OF ACTION**

14                       **(Quiet Title Against All Defendants)**

15        82.     Plaintiff incorporates by reference paragraphs 1 through 81, inclusive, as if fully

16   set forth.

17        83.     Plaintiff is the owner of twenty-five percent (25%) of the Outlot B home

18   described in more detail above. Plaintiff obtained interest to the Outlot B home through the

19   Partnership Agreement.

20        84.     Plaintiff is informed and believes and on that basis alleges that Defendants and

21   each of them claim an interest adverse to plaintiff's title to the Outlot B home in that each such

22   defendant claims to be the owner of the Outlot B home pursuant to a purported grant deed dated

23   August 24, 2006, and recorded September 1, 2006 as Document No. 2006-0185971 (See Exhibit

24   E. Hereinafter, said grant deed shall be referred to as "Outlot B Grant Deed.") The Outlot B

25   Grant Deed is believed to be in the possession of Defendants, and/or the under the control of the

26   Fresno County Recorder, Robert C. Warner.

27   //

28   //

– 17 –

COMPLAINT

1043.001

85.     Plaintiff is informed and believes and based thereon alleges that the Castiglione Defendants prepared, executed and recorded the Outlot B Grant Deed without adequate consideration to Plaintiff, and without the knowledge or authorization of Plaintiff.

86.     Plaintiff seeks to quiet title against the claims of Defendants as follows:

a.     The claim of Outlot B Grant Deed from Defendant Mr. C purportedly granting the above-described Outlot B home to Defendant CIL and recorded in the official records of Fresno County on September 1, 2006 as document no. 2006-0185971;

b.     The claims of the Drinkhouse Defendants, the claims of all Unknown Defendants described herein, whether or not the claim or cloud is known to Plaintiff; and the unknown, uncertain or contingent claims, if any, of all Defendants, known or unknown.

87.     These claims are without any right. Plaintiff alleges that the Castiglione Defendants are only entitled to twenty-five percent (25%) ownership interest in the Outlot B home, that Plaintiff is entitled to a twenty-five percent (25%) ownership interest in the Outlot B home, and that Sean and Michael Castiglione are each entitled to twenty-five percent (25%) ownership interest in the Outlot B home.

88.     Plaintiff seeks to quiet title as to her twenty-five percent interest in the Outlot B home as of August 24, 2006.

## NINTH CAUSE OF ACTION

### (Cancellation of Instruments against All Defendants)

89.     Plaintiff incorporates by reference paragraphs 1 through 88, inclusive, as if fully set forth.

90.     The Castiglione Defendants are not, and were not at the time of the purported execution of the Bethel Estates Grant Deed and the Outlot B Grant Deed, authorized by the Bethel Partners to execute and sign the Bethel Estates Grant Deed or the Outlot B Grant Deed on behalf of the Bethel Partners.

– 18 –

COMPLAINT

1043.001

91.    On April 26, 2004 and on August 24, 2006, at the time of execution of the Bethel Estates Grant Deed and the Outlot B Grant Deed, the Castiglione Defendants did not have authority to transfer any of the Bethel Partners assets to Defendants, or any of them.

92.    Plaintiff alleges on information and belief that the preparation, execution and recording of these two deeds resulted from and were proximately caused by Defendants' fraud, misrepresentations, concealment, self dealings, and breach of fiduciary duty.

93.    The Bethel Estates Grant Deed is void ab initio for fraud.

94.    The Outlot B Grant Deed is void ab initio for fraud.

95.    Plaintiff alleges on information and belief that the preparation execution and recording of the Bethel Estates Grant Deed and the Outlot B Grant Deed was the result of oppressive advantage and unfairness on the part of the Defendants.

96.    Plaintiff alleges a reasonable apprehension that if the purported Bethel Estates Grant Deed and the Outlot B Grant Deed remain outstanding, such purported instruments may cause serious injury to Plaintiff. If the purported Bethel Estates Grant Deed and Outlot B Grant Deed remain outstanding, Plaintiff might lose these properties due to a fraudulent sale or transfer of such property, or due to potential execution proceedings against the property.

## TENTH CAUSE OF ACTION

**(Intentional Interference with Contract Against All Defendants Except Defendant Mr. C )**

97.    Plaintiff incorporates by reference paragraphs 1 through 96, inclusive, as if fully set forth.

98.    Plaintiff had a valid and Partnership Agreement with Defendant Mr. C.

99.    Defendants knew of the contract between plaintiff and Defendant Mr. C.

100.    Plaintiff is informed and believes, and based thereon alleges that Defendants intentionally induced Defendant Mr. C to breach its contract with Plaintiff by Defendant's disruptive acts such as entering into separate partnership agreements with Defendant Mr. C, accepting grant deeds for the Subject Property without adequate consideration, and the aforementioned acts alleged hereinabove.

– 19 –

COMPLAINT

1043.001

101.    As a result of Defendant's intentional acts, the business relationship between Plaintiff and Defendant Mr. C was disrupted in that Mr. C entered into a separate contract with the Solu Defendants for developing the Subject Property.

102.    Defendant's intentional interference with the business relationship between Plaintiff and Mr. C has directly and proximately resulted in damage to Plaintiff in an amount to be determined according to proof at time of trial.

103.    Defendants committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, and/or in reckless disregard of Plaintiff's rights or with a conscious disregard for Plaintiff's rights and for the deleterious consequences of the their actions.  Consequently, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

## ELEVENTH CAUSE OF ACTION

### (Intentional Interference of Prospective Economic Advantage against All Defendants Except Mr. C)

104.    Plaintiff incorporates by reference paragraphs 1 through 103, inclusive, as if fully set forth.

105.    Plaintiff is informed and believes, and based thereon alleges that Defendant knew of the business arrangement between Plaintiff and Mr. C for the development and sale of the Subject Property.

106.    Plaintiff alleges on information and belief that despite being aware of Plaintiff's business arrangement with Defendant Mr. C, Defendants contacted Mr. C and induced them to terminate their relationships with Plaintiff and work directly with them in developing and selling the homes constructed at the Subject Property.

107.    Plaintiff alleges on information and belief that Defendants' improper solicitation of Mr. C, as alleged above, constituted an unfair trade practice in violation of Business and Professions Code Section 17200 et seq.

–20–

1043.001

108.    Plaintiff alleges on information and belief that as a direct and proximate result of Defendant's intentional interference, Defendant Mr. C entered into a business relationship with Defendants and paid profits and or transferred fund and/or property to said Defendants in lieu of Plaintiff. Plaintiff further alleges on information and belief that as a direct and proximate result of Defendant's actions, as described herein, Plaintiff has been damaged in an amount that is in excess of this court's jurisdiction and will be proven at the time of trial.

109.    Plaintiff alleges on information and belief that the aforementioned acts of Defendant were willful and oppressive and Plaintiff is therefore entitled to punitive damages.

## TWELFTH CAUSE OF ACTION

**(Unfair Competition in Violation of Business & Professions Code §§ 17200 et seq. Against All Defendants Except Defendant Mr. C)**

110.    Plaintiff incorporates by reference paragraphs 1 through 109, inclusive, as if fully set forth.

111.    Plaintiff alleges on information and belief that the conduct of Defendants as alleged above, including among things, interfering with Plaintiff's contractual relations and prospective economic advantage by soliciting Defendant Mr. C and using the Bethel Partners' trade secret and confidential business information for their own benefit at the detriment of Plaintiff, constitutes unlawful, unfair, and fraudulent business practices in violation of Business and Professions Code sections 17200 et seq.

112.    As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged. Unless enjoined by this court, Defendants' unfair competition will continue to cause great irreparable injury to Plaintiff. Plaintiff has no other or adequate remedy at law for such acts and threatened acts, and therefore pursuant to Business and Professions Code section 17203, an injunction requiring Defendants to take the following actions is appropriate:

    a.  Cease and refrain from soliciting or inducing Defendant Mr. C from terminating its business relationship with Plaintiff; and

– 21 –

1043.001

1          b.  Cease and refrain from transferring the Disputed Property, the Subject Property or

2              any Property which Plaintiff owns an interest for inadequate consideration;

3        113.  Furthermore, Plaintiff alleges on information and belief that Defendant has

4    profited and will in the future profit unjustly from its unfair business practices. Accordingly,

5    pursuant to Business and Professions Code section 17203, Plaintiff seeks an award representing

6    the amount of ill-gotten gains that must be disgorged by Defendants.

7    **THIRTEENTH CAUSE OF ACTION**

8    **(Conspiracy to Defraud Against All Defendants)**

9        114.  Plaintiff incorporates by reference paragraphs 1 through 113, inclusive, as if fully

10   set forth.

11       115.  As alleged above, Plaintiff alleges on information and belief that Defendants

12   agreed and knowingly and willfully conspired between themselves to hinder, delay, and defraud

13   Plaintiff in the collection of its net profits due to Plaintiff under the Partnership Agreement.

14

15       116.  Plaintiff alleges on information and belief that under this conspiracy, the

16   Defendants agreed that the Subject Property be transferred to Bethel Estates without any

17   consideration whatsoever and that any profits from the sale of the home developed on the

18   Subject Property would be paid to Defendants in lieu of Plaintiff and the other partners of Bethel

19   Partners.

20       117.  Plaintiff alleges on information and belief that Defendants did the acts and things

21   herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

22       118.  As a proximate result of the wrongful acts herein alleged, Plaintiff has sustained

23   damages as a result of Defendants' wrongful acts in an amount to be determined according to

24   proof at the time of trial.

25       119.  Plaintiff alleges on information and belief that at all times mentioned herein,

26   Defendants knew of Plaintiff's entitlement to the net profits for the sale of the homes developed

27   at the Subject Property. Notwithstanding this knowledge, Defendants intentionally, willfully,

28   fraudulently, and maliciously did the things herein alleged to defraud and oppress Plaintiff.

-22-

COMPLAINT

1043.001

120.    Plaintiff alleges on information and belief that in doing each of the acts alleged herein, Defendants acted with oppression, fraud and malice, and Plaintiff is therefore entitled to exemplary and punitive damages in an amount to be determined at trial in order to deter Defendants from acting as herein above alleged.

## FOURTEENTH CAUSE OF ACTION

### (Unjust Enrichment Against All Defendants)

121.    Plaintiff incorporates by reference paragraphs 1 through 120, inclusive, as if fully set forth.

122.    Plaintiff alleges on information and belief that by virtue of the foregoing, Defendants have been unjustly enriched by their own wrongdoing in an amount to be determined at trial.

## FIFTEENTH CAUSE OF ACTION

### (Injunction Against All Defendants)

123.    Plaintiff incorporates by reference paragraphs 1 through 122, inclusive, as if fully set forth.

124.    Plaintiff alleges on information and belief that Defendants are interfering with Plaintiff's use of the Disputed Property and, in particular, have offered at least four of homes of the Disputed Property for sale with Keller Williams Realty.

125.    Plaintiff alleges on information and belief that Defendants' actual and continuing interference with Plaintiff's right to twenty-five percent ownership, unless and until enjoined and restrained by order of this court, will cause grave and irreparable injury to Plaintiff in that Plaintiff will be deprived of use and/or her twenty-five percent interest to said home to be earned when the Disputed Property is sold.

126.    Plaintiff has no adequate remedy at law for the continuing conduct in that it would be impossible for plaintiff to determine the precise amount of damage Plaintiff will suffer if defendant's conduct is not restrained and Plaintiff will be deprived of the use and ownership of real property, which cannot be compensated in damages.

– 23 –

1043.001

## SIXTEENTH CAUSE OF ACTION

### (Constructive Trust Against All Defendants)

127.    Plaintiff incorporates herein by reference and reallege paragraphs 1 through 126, inclusive, as though fully set forth herein.

128.    Plaintiff alleges on information and belief that as a result of the wrongful and tortious conduct by Defendants, as hereinabove alleged, Defendants have been unjustly enriched in an amount to be determined at trial, plus interest, which unjust enrichment has been obtained by Defendants to the detriment of Plaintiff through Defendants' own wrongdoing.

129.    Plaintiff alleges on information and belief that by reason of the wrongful and tortious conduct by Defendants, Defendants are involuntary trustees with respect to the amounts and the Subject Property which rightfully belong to Plaintiff, and Defendants are under a legal duty to deliver such amounts and Subject Property to Plaintiff, forthwith, in order to rectify the wrongs alleged above.

130.    Plaintiff requests that this Court impress a constructive trust on said amount and the Subject Proeprty, wrongfully in the hands of Defendants, and the portions thereof which are in the hands of others, whether or not Defendant Mr. C, and order that said amounts are being held in trust by them for the benefit of Plaintiff. Plaintiff further requests that this Court order restitution of all such amounts forthwith to Plaintiff pursuant to said constructive trust.

## SEVENTEENTH CAUSE OF ACTION

### (For Declaratory Relief against All Defendants)

131.    Plaintiff incorporates by reference paragraphs 1 through 130, inclusive, as if fully set forth.

132.    An actual controversy has arisen and now exists between Plaintiff and the Defendants concerning their respective rights and ownership interests, both legal and equitable, in the Subject Property, the Disputed Property and with the Castiglione Defendants relating to the Partnership Agreement. Plaintiff alleges on information and belief that Defendants continue to claim to be the current owners of the Subject Property and the Disputed Property, or are

– 24 –

1043.001

1  claiming an interest in the Subject Property and Disputed Property adverse to that of Plaintiff's

2  legal and/or equitable ownership in the Subject Property, the Disputed Property and/or the Outlot

3  B home. Plaintiff contends that it is the rightful owner of twenty-five percent of the Disputed

4  Property, Outlot B home and the Subject Property.

5      133.   Plaintiff desires a judicial determination of the current ownership rights of all

6  parties to this action, as well as the parties' rights and obligations under the Partnership

7  Agreement.

8      134.   A judicial declaration is necessary and appropriate at this time under the

9  circumstances so that Plaintiff can ascertain and effectuate its property right, exercise its right to

10 possess and/or occupy the Subject Property and Disputed Property, and acquire fee simple

11 interest to twenty-five percent of the Disputed Property, Outlot B home and/or the Subject

12 Property.

13

14     135.   As a direct and proximate result of Defendants' material breach of the Partnership

15 Agreement, Plaintiff has been unable to effectuate its property rights over the Subject Property,

16 Outlot B home, and the Disputed Property and Plaintiff will continue to be irreparably harmed if

17 the Subject Property is sold or transferred to other third parties, with or without consideration.

18     WHEREFORE, Plaintiff demands judgment against Defendants as follows:

19     **AS TO THE FIRST CAUSE OF ACTION (Breach of Contract):**

20     1. For compensatory damages in an amount according to proof;

21     2. For special, consequential and resulting damages according to proof;

22     **AS TO THE SECOND CAUSE OF ACTION (Accounting and Amount Due on**

23 **Account):**

24     3. Defendants account to Plaintiff for all money and property received under the

25        Partnership Agreement;

26     4. Defendants pay Plaintiff any sum found to be due from Defendants to Plaintiff under

27        the Partnership Agreement;

28

– 25 –

COMPLAINT

1043.001

**AS TO THE THIRD CAUSE OF ACTION (Conversion):**

5. Damages for Plaintiff's proportionate interest in the converted property in an amount according to proof;

6. Prejudgment interest at the legal rate on the value of the converted property pursuant to Civil Code section 3336;

7. Damages for the time and money properly expended in pursuit of the converted property in an amount according to proof;

**AS TO THE FOURTH CAUSE OF ACTION (Breach of Fiduciary Duty):**

8. For compensatory damages in an amount according to proof;

9. For exemplary and punitive damages according to proof;

**AS TO THE FIFTH CAUSE OF ACTION (Intentional Misrepresentation):**

10. For compensatory damages according to proof;

11. For special, consequential and resulting damages according to proof;

12. For exemplary and punitive damages according to proof;

**AS TO THE SIXTH CAUSE OF ACTION (Negligent Misrepresentation)**

13. For compensatory damages according to proof at trial;

14. For special, consequential and resulting damages according to proof at trial;

**AS TO THE SEVENTH AND EIGHTH CAUSES OF ACTION (Quiet Title):**

15. For an adjudication that Plaintiff is the legal and equitable owner of twenty-five percent of the Subject Property in fee simple;

**AS TO THE NINTH CAUSE OF ACTION (Cancellation of instrument)**

16. For judgment that the Outlot B Grant Deed is void ab initio for fraud;

17. That Defendants, and each of them, be ordered to deliver the Outlot B Grant Deed immediately to the Clerk of the Court for cancellation;

18. For damages in the event that Defendants, and each of them, fail to surrender the Outlot B Grant Deed for cancellation pursuant to judgment, in the sum as according

COMPLAINT

1043.001

to proof, plus interest thereon from and after August 24, 2006 at the rate of 10% per annum as compensation;

19. For compensatory damages according to proof;

**AS TO THE TENTH AND ELEVENTH CAUSES OF ACTION (Intentional Interference with Contract and Prospective Economic Advantage)**

20. For compensatory damages in an amount according to proof;

21. Interest from March 27, 2003, to the date of entry of judgment at a rate of ten (10%) percent per annum;

22. For exemplary and punitive damages;

**AS TO THE TWELFTH CAUSE OF ACTION (Unfair Competition)**

23. For the injunctive relief requested in this Complaint;

24. For restitution and disgorgement of all profits in an amount sufficient to force Defendant to disgorge all ill-gotten gains;

**AS TO THE THIRTEENTH CAUSE OF ACTION (Conspiracy to defraud)**

25. For general damages according to proof

26. For special damages in a sum according to proof;

27. For exemplary and punitive damages;

**AS TO THE FOURTEENTH CAUSE OF ACTION (Unjust Enrichment)**

28. For restitution of all profits by Defendants in an the amount according to proof;

29. For interest at the of ten (10%) percent per annum from today;

**AS TO THE FIFTEENTH CAUSE OF ACTION (Injunction)**

30. For judgment quieting twenty-five percent of Plaintiff's fee simple title to the Subject Property, the Disputed Property and the Outlot B home.

31. For a temporary restraining order, a preliminary injunction, and a permanent injunction prohibiting The Castiglione Defendants, The Drinkhouse Defendants and the Solu Defendants from interfering with Plaintiff's use of Subject Property, the Disputed Property and the Outlot B home;

– 27 –

1043.001

**AS TO THE SIXTEENTH CAUSE OF ACTION (Constructive Trust):**

32. For the imposition of a constructive trust over an amount determined at trial;

**AS TO THE SEVENTEENTH CAUSE OF ACTION (Declaratory Relief):**

33. For a judicial declaration that the Contract was valid;

34. For a judicial declaration that Plaintiff is entitled to legal title on the Subject Property;

35. For attorneys' fees in an amount determined by the court to be reasonable as authorized by the Contract and according to proof.

**AS TO ALL CAUSES OF ACTION:**

36. For attorneys fees and costs of suit; and

37. For any other and further relief the court considers proper.

Dated: December 8, 2006

Respectfully submitted,

SAMUELS, GREEN, STEEL & ADAMS, LLP

By: _____

Anat Pieter
Attorneys for Plaintiff Charlotte Modahl,
Ph.D.

–28–

COMPLAINT

1043.001

1
2
3
4

## VERIFICATION

5
6
7
8

I am the *plaintiff* in this action. I have read the foregoing *Complaint* and it is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe it to be true.

9

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

10
11

*12/08/06*

12

*Irvine, CA*
[Date and place of execution]

13

Charlotte Modahl, Ph.D.
Charlotte Modahl, Ph.D.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

— 29 —

1043.001

# EXHIBIT "A"

## PARTNERSHIP PROPOSAL AND CONTRACT

March 27, 2003

This is to establish a partnership for a development of 10 acres with 4000 sq ft house at 1521 S. Bethel, Sanger CA 93657 for the purpose of creating lots, constructing houses thereon and selling same for profit.

Partnerships:

| | |
|---|---|
| Mr. C. Investments | —25% owner |
| Sean Castiglione | —25% owner |
| Michael Castiglione | —25% owner |
| Charlotte Modahl | —25% owner |

The partnership is purchasing total acreage and house for $525,000.00
— 100,000 Down
425,000 Financed 8 ½% by original seller

The 4000 sq ft house will be remodeled and sold with minimal acreage to pay down the mortgage within 6 months.

The partnership will refinance remainder.

Charlotte Modahl's contribution will be $100,000.00 to be repaid on or before 24 months from sale of first houses before profits taken.

$ 20,000.00 non-refundable to initial costs.

A construction loan will be taken to cover hard costs of construction at —$52/sq ft. and any other hard costs specified at the time of the loan and included therein.

Profits will be divided after construction costs as follows:

| | |
|---|---|
| Mr. C. Investments | —25% |
| Sean Castiglione | —25% |
| Michael Castiglione | —25% |
| Charlotte Modahl | —25% |

*Charlotte Modahl*

*by                    CFO*

RECORDING REQUESTED BY
CHICAGO TITLE COMPANY
AND WHEN RECORDED MAIL TO

Bethel Estates, a General
Partnership
1095 Main Street
Morro Bay, CA 93442

FRESNO County Recorder
Robert C. Werner
**DOC- 2004-0090383**
Acct 2-Chicago Title Company
Monday, APR 26, 2004 14:10:28
Ttl Pd    $12.00        Nbr-0001459398
                                    crr/R3/1-2

Escrow No.  5639767 - CR
Order No.   5639767 - SB

SPACE ABOVE THIS LINE FOR RECORDER'S USE ——

## GRANT DEED

Assessor's Parcel No: 3150-2092

**315-020-42**

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX IS   $.00
- [ ] unincorporated area      [X] City of Sanger
- [X] computed on the full value of the interest or property conveyed, or is
- [ ] computed on the full value less the value of liens or encumbrances remaining at time of sale, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Mister C. Investments Inc., a California Corporation

hereby **GRANT(S)** to
Bethel Estates, a General Partnership

the following described real property in the City of Sanger
County of  Fresno                          , State of California:
See Exhibit "A" attached hereto and made a part hereof

Dated  April 20, 2004
STATE OF CALIFORNIA
COUNTY OF  Fresno                                    } SS.
On   04/20/04                                   before me,
Cynthia Islas
a Notary Public in and for said County and State, personally appeared
Randy Castiglione

Mister C. Investments, Inc. a California
Corporation

By                              C.F.O
Randy Castiglione,  Chief Financial
Officer

personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature of Notary
7-1-05
Date My Commission Expires

**CYNTHIA ISLAS**
COMM. #1311584
NOTARY PUBLIC-CALIFORNIA
FRESNO COUNTY
My Comm. Exp. July 1, 2005

MAIL TAX STATEMENTS TO PARTY SHOWN ON FOLLOWING LINE:
IF NO PARTY SO SHOWN, MAIL AS DIRECTED ABOVE
SAME AS ABOVE

FOR NOTARY SEAL OR STAMP

BD1 -11/10/98- inc          Name                    Street Address                    City, State & Zip

# EXHIBIT "B"

### LEGAL DESCRIPTION EXHIBIT

LOTS 1 THROUGH 50 INCLUSIVE OF TRACT NO. 5241, ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 69 PAGES 85 THRU 87, OF PLATS, FRESNO COUNTY RECORDS.

# EXHIBIT "C"





## SECRETARY OF STATE

I, *Kevin Shelley*, Secretary of State of the State of California, hereby certify:

That the attached transcript of __1__ page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.

*IN WITNESS WHEREOF,* I execute this certificate and affix the Great Seal of the State of California this day of

JUN - 9 2004

Secretary of State

Sec/State Form CE-107 [rev. 1/03]

OSP 03 80510



# State of California
## Secretary of State
### Kevin Shelley

Form GP-1

## STATEMENT OF PARTNERSHIP AUTHORITY

**A $70.00 filing fee must accompany this form.**
IMPORTANT -- Read instructions before completing this form.

1. NAME OF PARTNERSHIP
Bethel Estates, General Partnership

| 2. STREET ADDRESS OF CHIEF EXECUTIVE OFFICE | CITY AND STATE | ZIP CODE |
|---|---|---|
| 1095 Main Street | Morro Bay, CA | 93442 |

| 3. STREET ADDRESS OF CALIFORNIA OFFICE, IF ANY | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | CA | |

4a. ☑ LIST THE FULL NAMES AND MAILING ADDRESSES OF ALL PARTNERS (ATTACH ADDITIONAL PAGES IF NECESSARY):

**OR:** 4b. ☐ STATE THE FULL NAME AND MAILING ADDRESS OF AN AGENT APPOINTED AND MAINTAINED BY THE PARTNERSHIP WHO WILL MAINTAIN A LIST OF THE NAMES AND MAILING ADDRESSES OF ALL PARTNERS:

NAME: Mister C. Investments Inc.

ADDRESS: 2580 Koa

CITY: Morro Bay     STATE: CA   ZIP CODE: 93442

NAME: Cihan Corporation

ADDRESS: 1095 Main

CITY: Morro Bay     STATE: CA   ZIP CODE: 93442

NAME:

ADDRESS:

CITY:

STATE:

ZIP CODE:

5. NAME OF ALL PARTNERS AUTHORIZED TO EXECUTE INSTRUMENTS TRANSFERRING REAL PROPERTY HELD IN THE NAME OF THE PARTNERSHIP (ATTACH ADDITIONAL PAGES IF NECESSARY):

PARTNER NAME: Randy Castiglione          PARTNER NAME:

PARTNER NAME: Mehmet John Solu           PARTNER NAME:

PARTNER NAME:                             PARTNER NAME:

6. OTHER MATTERS, IF ANY (ATTACH ADDITIONAL PAGES IF NECESSARY):

7. NUMBER OF PAGES ATTACHED, IF ANY:

8. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNATURE OF PARTNER

Mehmet J. Solu
TYPE OR PRINT NAME OF PARTNER

May 27, 2004
DATE EXECUTED

Fresno, CA
COUNTY AND STATE EXECUTED

SIGNATURE OF PARTNER

Randy Castiglione
TYPE OR PRINT NAME OF PARTNER

May 27, 2004
DATE EXECUTED

Fresno, CA
COUNTY AND STATE EXECUTED

THIS SPACE FOR FILING USE ONLY

FILE # 302004153001

DOCUMENT # 15929

**ENDORSED - FILED**
In the office of the Secretary of State
of the State of California

MAY 2 8 2004

KEVIN SHELLEY
Secretary of State

9. RETURN TO:

NAME: Bethel Estates, General Partnership

ADDRESS: 1095 Main Street

CITY: Morro Bay     STATE: CA     ZIP CODE: 93442

RECORDING REQUEST BY
CHICAGO TITLE COMPANY
AND WHEN RECORDED MAIL TO

Bethel Estates, General Partnership
1095 Main Street
Morro Bay, CA 93442

5 342-003

FRESNO County Recorder
Robert C. Werner
**DOC- 2004-0139031**
Acct 2-Chicago Title Company
Thursday, JUN 24, 2004 08:00:00
Ttl Pd   $15.00     Nbr=0001518920
         gsf/R4/1-3

Escrow No. 5643157 CA
Order No. 5643157 CA

SPACE ABOVE THIS LINE FOR RECORDER'S USE

_____      GRANT DEED

_____      DEED OF TRUST

_____      ACKOWLEDGEMENT OF SATISFACTION

XXXX      OTHER: Statement of Partnership

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(Additional recording fee applies)

CPFR1 —11/12/96bk

# EXHIBIT "D"



# State of California
## Secretary of State

Form GP-3

## STATEMENT OF DISSOCIATION

**A $30.00 filing fee must accompany this form.**
**IMPORTANT – Read Instructions before completing this form.**

| | |
|---|---|
| 1. NAME OF PARTNERSHIP:<br>Bethel Estates, General Partnership | 2. SECRETARY OF STATE FILE NUMBER:<br>302004153001 |

3. NAME OF DISSOCIATED PARTNER:

Cihan Corporation

4. STATEMENT THAT THE PARTNER IS DISSOCIATED FROM THE PARTNERSHIP (ATTACH ADDITIONAL PAGES IF NECESSARY):

Effective March 31, 2005, the partnership interest of Cihan Corporation was acquired and otherwise purchased

by the sole remaining partner, Mister C. Investments Inc. As a result of the foregoing and by the filing of this

Statement of Dissociation, Cihan Corporation has become disassociated from the partnership Bethel Estates,

General Partnership.

5. NUMBER OF PAGES ATTACHED, IF ANY:    0

6. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT
THE FOREGOING IS TRUE AND CORRECT.

_Mehmet John Solu_

SIGNATURE OF PARTNER
Mehmet John Solu, President
CIHAN CORPORATION
TYPE OR PRINT NAME OF PARTNER

November 10, 2005
DATE EXECUTED

San Luis Obispo, California
COUNTY AND STATE EXECUTED

SIGNATURE OF PARTNER

DATE EXECUTED

TYPE OR PRINT NAME OF PARTNER

COUNTY AND STATE EXECUTED

THIS SPACE FOR FILING USE ONLY

DOCUMENT # 22615

**FILED**
In the office of the Secretary of State
of the State of California

**NOV 1 4 2005**

7. RETURN TO:

NAME:    David R. Emerich

ADDRESS:    6356 N. Fresno Street, #102

CITY:    Fresno    STATE: CA    ZIP CODE: 93710-5212

# EXHIBIT "E"

RECORDING REQUESTED BY:
Stewart Title of California.
WHEN RECORDED MAIL TO:

Castys Investments, LLC
PO Box 1247
Arvada, 80001



FRESNO County Recorder
Robert C. Werner
DOC- 2006-0185971
Acct B-Stewart Title Of Fresno County
Friday, SEP 01, 2006 15:07:42
Ttl Pd    $12.00      Nbr-0002284199
CRR/R2/1-2

ORDER NO.    04201834
ESCROW NO.   e14201834
APN.       315 430 06 and 315 371 072

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s):
DOCUMENTARY TRANSFER TAX is: $\emptyset$        CITY TAX
☐   Monument Preservation Fee is:
☐   computed on full value of property conveyed, or
☒   computed on full value less value of liens or encumbrances remaining at time of sale.
☐   Unincorporated area:   ☒ City of _SANGER_ , and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Mister C. Investments, Inc., a California Corporation

hereby GRANT(S) to
Castys Investments, LLCa Colorado Limited Liability Company

the following described real property in the Unincorporated Area, County of Fresno, State of California:

LEGAL DESCRIPTION ON EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

DATE:    August 24, 2006 .

Mister C. Investments, Inc.

By: _Randy Castiglione_          Title

STATE OF CALIFORNIA

COUNTY OF _Fresno_

On _8-28-06_ before me, _J N BROWN_
Notary Public, (here insert name and title of the officer)
personally appeared _Randy Castiglione_

personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s) or the entity
upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _JnBrown_

J.N. BROWN
Commission # 1371900
Notary Public - California
Fresno County
My Comm. Expires Sep 23, 2006

(Seal)

EXHIBIT - A -

## LEGAL DESCRIPTION

Parcel 1:

Lot 6 of Tract No. 5240, STONEHAVEN, PHASE 1, as per map recorded in Book 70 Pages 54, 55, 56, 57 and 58 of Plats, Fresno County records.

Parcel 2:

Outlot B of Tract no: 5241, BETHEL ESTATES, as per map recorded in Book 69 Pages 84, 86 and 87 of Plats, Fresno County Records.

# Fresno Superior Court
# ALTERNATIVE DISPUTE RESOLUTION

**Alternative Dispute Resolution (ADR)** refers to different processes available to help you settle your lawsuit without having to go to trial. The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In ADR, a trained and impartial person decides or helps the parties reach resolution of their dispute for themselves. These persons are called neutrals. Neutrals normally are chosen by the disputing parties or by the court.

**There are many advantages to ADR.** ADR is often quicker. A dispute can be resolved in a matter of days or weeks with ADR, while a lawsuit can take months or even years. ADR is often less expensive. Court costs, attorney fees, and expert fees can be saved. ADR can permit more participation. The parties can choose the ADR process that is best for them. ADR can be cooperative. This means that the parties having a dispute can work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them. ADR can reduce stress. There are fewer, if any, court appearances. ADR can be quicker, save money, and is often less stressful than litigation. Most people have reported a high degree of satisfaction with ADR. Because of these advantages, many parties choose this process to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. Alternative Dispute Resolution has been used to resolve disputes even after a trial, when the result is appealed.

**The Potential Disadvantages of ADR:** ADR may not be suitable for every dispute. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court. Generally, there is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit. Lawsuits must be brought with specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitation run out while a dispute is in an ADR process.

### The Most Common Types of ADR:

**Mediation:** In Mediation, a neutral (mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the Mediator does not decide how the dispute is to be resolved. The parties do. Mediation is a process in which an impartial third party intervenes to help people communicate with one another in order to reach a mutually agreeable resolution. Advantages are it's reduced cost effectiveness, timeliness and that the disputing parties have control over the outcome for

settlement. With mediation there is a potential for long lasting agreements because parties take a major role in resolving their dispute.

Mediation can be particularly effective when the parties have a continuing relationship, like neighbors or business people. It is also very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their feelings and find out how each other sees things. Mediation can also be successful for victims seeking restitution from offenders. In this kind of mediation process, mediators can meet separately with parties when a criminal or violent act has occurred.

**Arbitration:** In arbitration, a neutral (arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and quicker, and less expensive than a lawsuit. Arbitration is best for cases when the parties have no relationship except for the dispute.

There are two kinds of arbitration in California, private and judicial. **Private Arbitration** usually takes place outside of the courts and is normally binding upon prior agreement of the parties. In most cases binding means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision. For example, an arbitrator may hear a case in a matter of hours that would normally require a week-long trial. This is because the evidence can be submitted by documents, rather than by testimony.

By contrast, **Judicial Arbitration** is assigned to an Arbitrator through appropriate referral by the court. The process is not binding unless the parties agree that it shall be. A party who does not agree with the award/decision may file a request for a trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

**Case Evaluation:** In case evaluation a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. Case evaluation in most effective when someone has an unrealistic view of the dispute or when the primary issue is determining case value or when there are technical or scientific questions to be answered.

**For More Information:** There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini trials, Victim Offender Reconciliation Program (VORP), and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type of ADR that is most appropriate in resolving your dispute. The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. Agreements reached through ADR normally are put in writing and if the parties wish, may become binding contracts that can be enforced by a judge. You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

**ADR Reporting Requirements:** Upon filing a civil lawsuit in the Fresno Superior Court you will be given a date for a Case Management Conference (CMC). At the CMC you will be assigned a date for your trial and you will be ordered to engage in some form of ADR within 180 days after your CMC hearing. Please refer to the Court's standing order re: CMC. This order will include additional information regarding ADR requirements.

> **To locate a dispute resolution program or neutral in our community you can call the Fresno Superior Court ADR Administrator at (559) 488-2778, fax (559) 488-3337 or e-mail: mhenson@fresno.courts.ca.gov**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                    FAX NO: | |
| ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1100 Van Ness Avenue
Fresno, California 93724-0002
(559) 488-2778

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation     ☐ Arbitration     ☐ Neutral Case Evaluation     ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

Address: _____

City, State, Zip _____

Phone Number: ( ) _____

The parties acknowledge that they shall engage in some form of Alternative Dispute resolution (ADR). The Alternative Dispute resolution (ADR) must be completed within **180 days** after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior** to the Mandatory Settlement Conference. Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

_____          _____          _____
Date                               Type or Print Name          Signature of Party or Attorney for Party

_____          _____          _____
Date                               Type or Print Name          Signature of Party or Attorney for Party

☐ Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:      FAX NO: | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1100 Van Ness Avenue
Fresno, California 93724-0002
(559) 488-2778

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER: |
|---|---|

Type of Civil Case:
☐ Personal Injury – Property Damage/Auto   ☐ Personal Injury – Property Damage   ☐ Contract   ☐ Other _____

Date Complaint Filed: _____

Date of Alternative Dispute Resolution (ADR) Conference: _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:
_____
_____

Amount in controversy:
☐ $0 to $25,000   ☐ $25,000 to $50,000   ☐ $50,000 to $100,000   ☐ Over $100,000.00 (specify) _____

Case resolved by Alternative Dispute Resolution:

☐ Yes   (proper filing of a **Notice of Settlement** or **Dismissal** form is required by clerk's office)

☐ No   Reason: _____

Alternative Dispute Resolution process concluded:

☐ Yes

☐ No   Reason for delay: _____
           Next scheduled hearing date: _____

Type of resolution process used:
☐ Mediation   ☐ Arbitration   ☐ Neutral Case Evaluation   ☐ Other (specify): _____

Case was resolved by:
☐ Direct Result of ADR Process   ☐ Indirect Result of ADR Process   ☐ Resolution was unrelated to ADR Process

Check the box of the closest estimated dollar amount that you in
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

Check the box of the closest estimated dollar amount spent on the dispute resolution process over and above the dollar
amount that would have been spent on the traditional litigation process:
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

**Case Number:**

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

If the dispute resolution process caused an increase in court time for this case, please check the estimated number of additional court days:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

i would you be willing use the dispute resolution process again:

☐ Yes          ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

# EXHIBIT "B"

43

Official Form 1 (4/07)

| United States Bankruptcy Court<br>Eastern District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Castiglione, Philip R.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all)<br>**xxx-xx-1794** | Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**3706 "R" Street # 2**<br>**Merced, CA**<br>ZIP Code **95348** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Merced** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (Includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7   ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 9     of a Foreign Main Proceeding<br>☐ Chapter 11<br>☐ Chapter 12  ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 13  of a Foreign Nonmain Proceeding |

| | Tax-Exempt Entity<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box)<br>■ Debts are primarily consumer debts,  ☐ Debts are primarily<br>defined in 11 U.S.C. § 101(8) as    business debts.<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." |
|---|---|---|

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the debtor<br>is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed<br>to insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more<br>classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

Statistical/Administrative Information    **\*\*\* ADRIAN S. WILLIAMS #52065 \*\*\***

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.

■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,
there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1000-<br>5,000 | 5001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to<br>$10,000 | ■ $10,001 to<br>$100,000 | ☐ $100,001 to<br>$1 million | ☐ $1,000,001 to<br>$100 million | ☐ More than<br>$100 million |
|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to<br>$50,000 | ☐ $50,001 to<br>$100,000 | ☐ $100,001 to<br>$1 million | ■ $1,000,001 to<br>$100 million | ☐ More than<br>$100 million |
|---|---|---|---|---|

2007-11278
FILED
May 03, 2007
11:51 AM
RELIEF ORDERED
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0000757637

Official Form 1 (4/07)                               **FORM B1, Page 2**

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **Castiglione, Philip R.** |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location <br> Where Filed: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location <br> Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: <br> **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** <br><br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). <br><br> X  **/s/ ADRIAN S. WILLIAMS**       **May 3, 2007** <br>     Signature of Attorney for Debtor(s)       (Date) <br>     **ADRIAN S. WILLIAMS #52065** |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Statement by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

      _____
      (Name of landlord that obtained judgment)

      _____
      (Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

Official Form 1 (4/07)　　　　　　　　　　　　　　　　　　　　　　　FORM B1, Page 3

## Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
Castiglione, Philip R.

### Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Philip R. Castiglione
Signature of Debtor **Philip R. Castiglione**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

May 3, 2007
Date

### Signature of Attorney

X  /s/ ADRIAN S. WILLIAMS
Signature of Attorney for Debtor(s)

ADRIAN S. WILLIAMS #52065
Printed Name of Attorney for Debtor(s)

Law Offices of Adrian S. Williams
Firm Name

2440 W. Shaw Avenue, Suite 114
Fresno, CA 93711

_____
Address

(559) 226-7767  Fax: (559) 224-4960
Telephone Number

May 3, 2007
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Official Form 1, Exhibit D (10/06)

### United States Bankruptcy Court
#### Eastern District of California

In re    Philip R. Castiglione                                 Case No. _____

                                 Debtor(s)           Chapter     **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

□ 2. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

□ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* ____

   If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.

Official Form 1, Exh. D (10/06) - Cont.

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: ___ **/s/ Philip R. Castiglione** ___
                        Philip R. Castiglione

Date: __May 3, 2007_____

Certificate Number: 00478-CAE-CC-001730949

# CERTIFICATE OF COUNSELING

I CERTIFY that on April 13, 2007 , at 9:42 o'clock PM EDT ,

Philip Castiglione received from

Springboard Nonprofit Consumer Credit Management, Inc.

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

Eastern District of California , an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared . If a debt repayment plan was prepared, a copy of

the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet and telephone .

Date: April 13, 2007          By     /s/Susan M Cusack

                              Name   Susan M Cusack

                              Title  Operations Manager

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy
Code are required to file with the United States Bankruptcy Court a completed certificate of
counseling from the nonprofit budget and credit counseling agency that provided the individual
the counseling services and a copy of the debt repayment plan, if any, developed through the
credit counseling agency. See 11 U.S.C. §§ 109(h) and 521(b).

Form 6-Summary (10/06)

# United States Bankruptcy Court
## Eastern District of California

In re    **Philip R. Castiglione**             Case No. _____

                      Debtor

Chapter _____ 7 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 20,350.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 22,655.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 1,078,570.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 181,790.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 0.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 1,918.00 |
| Total Number of Sheets of ALL Schedules | | 15 | | | |
| Total Assets | | | 20,350.00 | | |
| Total Liabilities | | | | 1,283,015.00 | |

Official Form 6 - Statistical Summary (10/06)

# United States Bankruptcy Court
## Eastern District of California

In re    Philip R. Castiglione       Case No. _____

                Debtor

Chapter _____ 7 _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | 1,078,570.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 1,078,570.00 |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 0.00 |
| Average Expenses (from Schedule J, Line 18) | 1,918.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 0.00 |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 2,905.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 1,078,570.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 181,790.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 184,695.00 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037           Best Case Bankruptcy

Form B6A
(10/05)

In re    **Philip R. Castiglione**                                    Case No. _____
                                    Debtor

## SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | | |
|---|---|---|---|
| | Sub-Total > | 0.00 | (Total of this page) |
| | Total > | 0.00 | |
| | (Report also on Summary of Schedules) | | |

  **0**   continuation sheets attached to the Schedule of Real Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6B
(10/05)

In re    **Philip R. Castiglione**                     Case No. _____

Debtor

## SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | -- |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **Security deposit with landlord** | - | 600.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Household goods and furnishings:37" Television, Couch, Recliner, Bedroom Set** | - | 750.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Books, pictures and collectibles** | - | 100.00 |
| 6. Wearing apparel. | | **Wearing apparel** | - | 100.00 |
| 7. Furs and jewelry. | | **Jewelry** | - | 50.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

                                               Sub-Total >      **1,600.00**
                                        (Total of this page)

  **2**   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                  Best Case Bankruptcy

Form B6B
(10/05)

In re      **Philip R. Castiglione**                                        Case No._____
                                                    Debtor

## SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

                                                    Sub-Total >              0.00
                                              (Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6B
(10/05)

In re　　　**Philip R. Castiglione**　　　　　　　　　　　　　　Case No.＿＿＿＿＿＿＿＿＿＿＿＿

　　　　　　　　　　　　　　　　Debtor

## SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | | 2007 Honda Accord Lease | - | 18,750.00 |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total > 　　　18,750.00
(Total of this page)
Total > 　　　20,350.00

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037　　　　　　　Best Case Bankruptcy

Form B6C
(4/07)

In re    **Philip R. Castiglione**                Case No. _____
_____
                         Debtor

## SCHEDULE C. PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:      ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                 $136,875.
    ☐ 11 U.S.C. §522(b)(2)
    ■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Household Goods and Furnishings** <br> Household goods and furnishings:37" Television, Couch, Recliner, Bedroom Set | C.C.P. § 704.020 | 750.00 | 750.00 |
| **Books, Pictures and Other Art Objects; Collectibles** <br> Books, pictures and collectibles | C.C.P. § 703.140(b)(3) | 100.00 | 100.00 |
| **Wearing Apparel** <br> Wearing apparel | C.C.P. § 704.020 | 100.00 | 100.00 |
| **Furs and Jewelry** <br> Jewelry | C.C.P. § 704.040 | 50.00 | 50.00 |
| | Total: | 1,000.00 | 1,000.00 |

   __0__   continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037           Best Case Bankruptcy

Official Form 6D (10/06)

In re    **Philip R. Castiglione**        Case No. _____

                        Debtor

## SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

     State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

     List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

     If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

     If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

     Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. xxxxxxxxxxxxxxx9810 | | | | | Couch and Recliner | | | | | |
| American General Finance- House of Furni PO Box 3212 Evansville, IN 47731 | | | | | | | | | | |
| | | | | | Value $      1,000.00 | | | | 1,810.00 | 810.00 |
| Account No. 8678 | | | | | LEASE | | | | | |
| Honda Finance PO Box 79202 City Of Industry, CA 91716 | | | | | 2007 Honda Accord Lease | | | | | |
| | | | | | Value $      18,750.00 | | | | 20,845.00 | 2,095.00 |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| **0**   continuation sheets attached | | | | | Subtotal (Total of this page) | | | | 22,655.00 | 2,905.00 |
| | | | | | Total (Report on Summary of Schedules) | | | | 22,655.00 | 2,905.00 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037             Best Case Bankruptcy

Official Form 6E (4/07)

In re    **Philip R. Castiglione**                Case No. _____

                                      Debtor

## SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trust or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

           1     continuation sheets attached

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

Official Form 6E (4/07) - Cont.

In re    Philip R. Castiglione                                    Case No. _____
_____
                              Debtor

## SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Taxes and Certain Other Debts
Owed to Governmental Units

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | | | | | AMOUNT ENTITLED TO PRIORITY |
| Account No. | | | Taxes for 06 and 06 | | | | | |
| Franchise Tax Board Bankruptcy Unit PO Box 2952 Sacramento, CA 95812 | | - | | | | | | 0.00 |
| | | | | | | | 232,980.00 | 232,980.00 |
| Account No. | | | Taxes for 05 and 06 | | | | | |
| Internal Revenue Service Special Procedures Branch PO Box 99 San Jose, CA 95103 | | - | | | | | | 0.00 |
| | | | | | | | 845,590.00 | 845,590.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet  1   of  1   continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | 1,078,570.00 | 0.00 / 1,078,570.00 |
| Total (Report on Summary of Schedules) | 1,078,570.00 | 0.00 / 1,078,570.00 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                              Best Case Bankruptcy

Official Form 6F (10/06)

In re　　Philip R. Castiglione　　　　　　　　　　　　　　　　　Case No. _____
　　　　　　　　　　　　　　Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐　Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxCECGx4072AMS<br><br>Charlotte Modahl<br>1331 Hewitt Hall<br>Irvine, CA 92697 | | - | Judgment | | | | 0.00 |
| Account No.<br><br>Representing:<br>Charlotte Modahl | | | Anat Pieter<br>Samuels, Green, Street & Adam,LLP<br>19800 Mac Arthur Blvd, Suite 1000<br>Irvine, CA 92612 | | | | |
| Account No.<br><br>Cristobal Martin<br>954 Second Street<br>Sanger, CA 93667 | | - | Judgment | | | | 4,800.00 |
| Account No.<br><br>Cristobal Martin<br>560 Sixth Street<br>Sanger, CA 93657 | | | NOTICE ONLY | | | | 0.00 |
| __2__　continuation sheets attached | | | | Subtotal<br>(Total of this page) | | | 4,800.00 |

Official Form 6F (10/06) - Cont.

In re    Philip R. Castiglione                                    Case No. _____
                                    Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. | | | | | Gambling Debt | | | | |
| Golden Nuget Casino PO Box 610 Las Vegas, NV 89125 | | - | | | | | | | 36,500.00 |
| Account No. | | | | | Judgment | | | | |
| Mister C. Investments 6356 N. Fresno Fresno, CA 93710 | | - | | | | | | | 0.00 |
| Account No. | | | | | Agest for Service of Process David Emerich 6356 N. Fresno Fresno, CA 93710 | | | | |
| Representing: Mister C. Investments | | | | | | | | | |
| Account No. | | | | | Derek P. Wisehart Attorney at Law 1102 N. Chinowth Street Visalia, CA 93291 | | | | |
| Representing: Mister C. Investments | | | | | | | | | |
| Account No. | | | | | Loan | | | | |
| Pablo Lopez 2632 Casty Court Sanger, CA 93657 | | - | | | | | | | 40,000.00 |

Sheet no. __1__ of __2__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    76,500.00

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re    **Philip R. Castiglione**                                    Case No. _____
_____
                            Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Services Rendered | | | | |
| Paul Quinn 575 E. Locust Avenue Fresno, CA 93720 | | - | | | | | Unknown |
| Account No. | | | NOTICE ONLY | | | | |
| Providian Credit Card Services Attn: Customer Service PO Box 660509 Dallas, TX 75266 | | - | | | | | 0.00 |
| Account No. xx2732 | | | Gambling Debt | | | | |
| Silver Legacy Resort Casino Reno Attn: Director Cage & Credit PO Box 3920 Reno, NV 89505 | | - | | | | | 100,000.00 |
| Account No. xx0503 | | | Credit Card Purchases | | | | |
| Washington Mutual Card Services PO Box 660433 Dallas, TX 75266 | | - | | | | | 490.00 |
| Account No. | | | | | | | |

Sheet no. _2_ of _2_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | 100,490.00 |
| Total (Report on Summary of Schedules) | 181,790.00 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                         Best Case Bankruptcy

Form B6G
(10/05)

In re    Philip R. Castiglione                    Case No. _____

                                     Debtor

## SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

     **0**     continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                   Best Case Bankruptcy

Form B6H
(10/05)

In re    **Philip R. Castiglione**                                    Case No. _____
                              _____
                                        Debtor

## SCHEDULE H. CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

■ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| | |

___0___  continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                              Best Case Bankruptcy

Official Form 61 (10/06)

In re   **Philip R. Castiglione**                                      Case No.
                              Debtor(s)

## SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): None. | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | **Unemployed since September 2006** | |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 0.00 | $ | N/A |
| 2. Estimate monthly overtime | $ | 0.00 | $ | N/A |
| 3. SUBTOTAL | $ | 0.00 | $ | N/A |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | 0.00 | $ | N/A |
| b. Insurance | $ | 0.00 | $ | N/A |
| c. Union dues | $ | 0.00 | $ | N/A |
| d. Other (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | N/A |
| 8. Income from real property | $ | 0.00 | $ | N/A |
| 9. Interest and dividends | $ | 0.00 | $ | N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | N/A |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 12. Pension or retirement income | $ | 0.00 | $ | N/A |
| 13. Other monthly income (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 0.00 | $ | N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | | $ | 0.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

Official Form 6J (10/06)

In re    Philip R. Castiglione                       Case No. _____
                            Debtor(s)

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 750.00 |
|    a. Are real estate taxes included?    Yes ___    No _X_ | | |
|    b. Is property insurance included?    Yes ___    No _X_ | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 40.00 |
|            b. Water and sewer | $ | 0.00 |
|            c. Telephone | $ | 51.00 |
|            d. Other   Cable | $ | 45.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 250.00 |
| 5. Clothing | $ | 50.00 |
| 6. Laundry and dry cleaning | $ | 10.00 |
| 7. Medical and dental expenses | $ | 10.00 |
| 8. Transportation (not including car payments) | $ | 250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 100.00 |
| 10. Charitable contributions | $ | 25.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|            a. Homeowner's or renter's | $ | 0.00 |
|            b. Life | $ | 0.00 |
|            c. Health | $ | 0.00 |
|            d. Auto | $ | 105.00 |
|            e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|        (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|            a. Auto | $ | 232.00 |
|            b. Other _____ | $ | 0.00 |
|            c. Other _____ | $ | 0.00 |
|            d. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other _____ | $ | 0.00 |
|      Other _____ | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 1,918.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---|
| a.   Average monthly income from Line 15 of Schedule I | $ | 0.00 |
| b.   Average monthly expenses from Line 18 above | $ | 1,918.00 |
| c.   Monthly net income (a. minus b.) | $ | -1,918.00 |

Official Form 6-Declaration. (10/06)

## United States Bankruptcy Court
### Eastern District of California

In re　Philip R. Castiglione _____　　Case No. _____
　　　　　　　　　　　　　　　　　　Debtor(s)　　　　　Chapter　　7

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

　　　　I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___17___ sheets *[total shown on summary page plus 2]*, and that they are true and correct to the best of my knowledge, information, and belief.

Date　May 3, 2007 _____　　Signature　*/s/ Philip R. Castiglione* _____
　　　　　　　　　　　　　　　　　　　　　　　　Philip R. Castiglione
　　　　　　　　　　　　　　　　　　　　　　　　Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Official Form 7
(04/07)

## United States Bankruptcy Court
### Eastern District of California

In re   **Philip R. Castiglione**       Case No. _____

                        Debtor(s)          Chapter   **7** _____

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
| $0.00 | 2007 No employment income since September 15, 2006 |
| $7,200.00 | 2006 Income from Employment |
| $9,959.00 | 2005 Income from Employment |

2

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $2,361,400.00 | 2006 Income from Gambling Winning |
| $1,533,108.00 | 2005 Income from Gambling Winnings |

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.    *All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ■ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ■ a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ■ List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ☐ List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| Chukchansi Casino | Gambling Losses in the amount of $255,754.25 | Jan - June 2006 |
| Table Mountain Casino | Gambling Losses in the amount of $65,850.00 | 2006 |
| Golden Nugget | Gambling Losses in the amount of $ 37,747.50 | January - December 2006 |
| MGM Mirage | Gambling Losses in the amount of $1,228.027.50 | Jan - December 2006 |
| Wynn Casino | Gambling Losses in the amount of $30,768.00 | January - December 2006 |
| Harrah's Entertainment | Gambling Losses in the amount of $211,895.00 | January - December 2006 |
| Silver Legacy Resort and Casino | Gambling Losses in the amount of $108,675.00 | January - December 2006 |

4

| DESCRIPTION AND VALUE OF PROPERTY Thunder Valley Casino | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS Gambling Losses in the amount of $349,080.00 | DATE OF LOSS January - December 2006 |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None ☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE Law Offices of Adrian S. Williams 2440 W. Shaw Avenue, Suite 114 Fresno, CA 93711 | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY $1,300.00 |
|---|---|---|

### 10. Other transfers

None ■   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■   b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None ■   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None ■   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

13. Setoffs

None   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the
■   commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both
   spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

14. Property held for another person

None   List all property owned by another person that the debtor holds or controls.
■

|  | DESCRIPTION AND VALUE OF | |
|---|---|---|
| NAME AND ADDRESS OF OWNER | PROPERTY | LOCATION OF PROPERTY |

15. Prior address of debtor

None   If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor
☐   occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate
   address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 2580 KOA, Morro Bay, CA 93442 | Philip Castiglione | Vacation House |
| 1521 S. Bethel Sanger CA 93657 | Philip Castiglione | March 2005 to March 2007 |

16. Spouses and Former Spouses

None   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho,
■   Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the
   commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in
   the community property state.

NAME

17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous
or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to,
statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly
owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material,
pollutant, or contaminant or similar term under an Environmental Law

None   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable
■   or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known,
   the Environmental Law:

|  | NAME AND ADDRESS OF | DATE OF | ENVIRONMENTAL |
|---|---|---|---|
| SITE NAME AND ADDRESS | GOVERNMENTAL UNIT | NOTICE | LAW |

None   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous
■   Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

|  | NAME AND ADDRESS OF | DATE OF | ENVIRONMENTAL |
|---|---|---|---|
| SITE NAME AND ADDRESS | GOVERNMENTAL UNIT | NOTICE | LAW |

6

None
■　c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF
GOVERNMENTAL UNIT　　　　　　　　DOCKET NUMBER　　　　　　　　STATUS OR DISPOSITION

　　18 . Nature, location and name of business

None
■　a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

　　*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

　　*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

|  | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER |  |  | BEGINNING AND |
| NAME | I.D. NO. | ADDRESS | NATURE OF BUSINESS | ENDING DATES |

None
■　b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME　　　　　　　　　　　　　　　　ADDRESS

7

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date　May  3, 2007　　　　　　　　　Signature　/s/ Philip R. Castiglione
　　　　　　　　　　　　　　　　　　　　　　　　　Philip R. Castiglione
　　　　　　　　　　　　　　　　　　　　　　　　　Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
## Eastern District of California

In re   Philip R. Castiglione _____     Case No. _____
                                    Debtor(s)              Chapter   7   _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept..................................................   S        1,300.00

   Prior to the filing of this statement I have received.....................................   S    —   1,300.00

   Balance Due.....................................................................................   S        0.00

2. The source of the compensation paid to me was:

   ■ Debtor     □ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor     □ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   □ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed].

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **any action against debtor(s) pursuant to 11 U.S.C. Section 362 & Sections 522 or 727 et seq., any complaint for nondischargability, and any actions concerning Federal or State Taxes. Representation of the debtor in adversary proceedings and other contested bankruptcy matters.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   May 3, 2007 _____        /s/ ADRIAN S. WILLIAMS _____
                                                    ADRIAN S. WILLIAMS #52065
                                                    Law Offices of Adrian S. Williams
                                                    2440 W. Shaw Avenue, Suite 114
                                                    Fresno, CA 93711
                                                    (559) 226-7767  Fax: (559) 224-4960

Form 8
(10/05)

# United States Bankruptcy Court
## Eastern District of California

In re    Philip R. Castiglione            Case No. _____

                  Debtor(s)          Chapter    7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

■   I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.

☐   I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

■   I intend to do the following with respect to property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| 2007 Honda Accord Lease | Honda Finance | | | | X |
| Couch and Recliner | American General Finance- House of Furni | Debtor will reaffirm for fair market value. | | | |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| -NONE- | | |

Date   May 3, 2007 _____     Signature    /s/ Philip R. Castiglione
                                            Philip R. Castiglione
                                            Debtor

Official Form 22A (Chapter 7) (04/07)

In re __Philip R. Castiglione__
　　　　　　　Debtor(s)

Case Number: _____
　　　　　　　　　(If known)

| According to the calculations required by this statement: |
| --- |
| ☐ **The presumption arises.** |
| ■ **The presumption does not arise.** |
| (Check the box as directed in Parts I, III, and VI of this statement.) |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual Chapter 7 debtor, whether or not filing jointly, whose debts are primarily consumer debts. Joint debtors may complete one statement only.

## Part I. EXCLUSION FOR DISABLED VETERANS

| 1 | If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Veteran's Declaration.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| --- | --- |

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ■ **Married, not filing jointly, with declaration of separate households.** By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ **Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☐ **Married, filing jointly. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** |
| --- | --- |

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A<br>Debtor's<br>Income | Column B<br>Spouse's<br>Income |
| --- | --- | --- | --- |
| 3 | Gross wages, salary, tips, bonuses, overtime, commissions. | $　0.00 | $ |
| 4 | Income from the operation of a business, profession or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. Do not include any part of the business expenses entered on Line b as a deduction in Part V. | | |

| | | | Debtor | Spouse | | |
| --- | --- | --- | --- | --- | --- | --- |
| | a. | Gross receipts | $　　0.00 | $ | | |
| | b. | Ordinary and necessary business expenses | $　　0.00 | $ | | |
| | c. | Business income | Subtract Line b from Line a | | $　0.00 | $ |

| 5 | Rents and other real property income. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. Do not include any part of the operating expenses entered on Line b as a deduction in Part V. | | |
| --- | --- | --- | --- |

| | | | Debtor | Spouse | | |
| --- | --- | --- | --- | --- | --- | --- |
| | a. | Gross receipts | $　　0.00 | $ | | |
| | b. | Ordinary and necessary operating expenses | $　　0.00 | $ | | |
| | c. | Rent and other real property income | Subtract Line b from Line a | | $　0.00 | $ |

| 6 | Interest, dividends, and royalties. | $　0.00 | $ |
| --- | --- | --- | --- |
| 7 | Pension and retirement income. | $　0.00 | $ |
| 8 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child or spousal support. Do not include amounts paid by the debtor's spouse if Column B is completed. | $　0.00 | $ |

Official Form 22A (Chapter 7) (04/07) – Cont.                                                                    2

| | | | | |
|---|---|---|---|---|
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: | | | |
| | Unemployment compensation claimed to be a benefit under the Social Security Act | Debtor $          **0.00** Spouse $ | $          **0.00** | $ |
| 10 | **Income from all other sources.** If necessary, list additional sources on a separate page. **Do not** include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount. | | | |
| | | Debtor | Spouse | |
| | a. | $ | $ | |
| | b. | $ | $ | |
| | Total and enter on Line 10 | | $          **0.00** | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | | $          **0.00** | $ |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | | $ | **0.00** |

### Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| | | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $          **0.00** |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |
| | a. Enter debtor's state of residence:    **CA**    b. Enter debtor's household size:    **1** | $          **44,499.00** |
| 15 | Application of Section 707(b)(7). Check the applicable box and proceed as directed. | |
| | ■ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII. | |
| | ☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

### Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| | | |
|---|---|---|
| 16 | Enter the amount from Line 12. | $ |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter the amount of the income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. If you did not check box at Line 2.c, enter zero. | $ |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |

### Part V. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

#### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 19 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | | |
|---|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | |
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a.    $ |
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br><br>_____ | | $ |
| 22 | **Local Standards: transportation; vehicle operation/public transportation expense.**<br>You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0   ☐ 1   ☐ 2 or more.<br><br>Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | $ |
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1   ☐ 2 or more.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | |
| | a. | IRS Transportation Standards, Ownership Costs, First Car | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a.    $ |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | |
| | a. | IRS Transportation Standards, Ownership Costs, Second Car | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a.    $ |
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. Do not include real estate or sales taxes. | | $ |
| 26 | **Other Necessary Expenses: mandatory payroll deductions.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as non-mandatory 401(k) contributions.** | | $ |
| 27 | **Other Necessary Expenses: life insurance.** Enter average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | | $ |

Official Form 22A (Chapter 7) (04/07) - Cont.　　　　　　　　　　　　　　　　4

| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments. **Do not include payments on past due support obligations included in Line 44.** | $ |
|---|---|---|
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the average monthly amount that you actually pay for telecommunication services other than your basic home telephone service - such as cell phones, pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

<table>
<tr><td colspan="3" align="center"><b>Subpart B: Additional Expense Deductions under § 707(b)</b></td></tr>
<tr><td colspan="3" align="center"><b>Note: Do not include any expenses that you have listed in Lines 19-32</b></td></tr>
</table>

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List and total the average monthly amounts that you actually pay for yourself, your spouse, or your dependents in the following categories. | |
|---|---|---|
| | a. Health Insurance　　　　　　　　　$ | |
| | b. Disability Insurance　　　　　　　　s | |
| | c. Health Savings Account　　　　　　$ | |
| | 　　　　　　　　　Total: Add Lines a, b and c | $ |
| 35 | **Continued contributions to the care of household or family members.** Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the average monthly amount, in excess of the allowance in the IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the average monthly expenses that you actually incur, not to exceed $137.50 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards. | $ |
| 39 | **Additional food and clothing expense.** Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

Official Form 22A (Chapter 7) (04/07) - Cont.        5

| Subpart C: Deductions for Debt Payment | | |
|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page. <table><tr><td></td><td>Name of Creditor</td><td>Property Securing the Debt</td><td>60-month Average Payment</td></tr><tr><td>a.</td><td></td><td></td><td>$</td></tr><tr><td colspan=3></td><td>Total: Add Lines</td></tr></table> | $ |
| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. <table><tr><td></td><td>Name of Creditor</td><td>Property Securing the Debt</td><td>1/60th of the Cure Amount</td></tr><tr><td>a.</td><td></td><td></td><td>$</td></tr><tr><td colspan=3></td><td>Total: Add Lines</td></tr></table> | $ |
| 44 | **Payments on priority claims.** Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | $ |
| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. <table><tr><td>a.</td><td>Projected average monthly Chapter 13 plan payment.</td><td>$</td></tr><tr><td>b.</td><td>Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)</td><td>x</td></tr><tr><td>c.</td><td>Average monthly administrative expense of Chapter 13 case</td><td>Total: Multiply Lines a and b</td></tr></table> | $ |
| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |
| Subpart D: Total Deductions Allowed under § 707(b)(2) | | |
| 47 | Total of all deductions allowed under § 707(b)(2). Enter the total of Lines 33, 41, and 46. | $ |

| Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION | | |
|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

Official Form 22A (Chapter 7) (04/07) - Cont.        6

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed. |
|---|---|
| | ☐ **The amount on Line 51 is less than $6,575.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. |
| | ☐ **The amount set forth on Line 51 is more than $10,950** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI. |
| | ☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI (Lines 53 through 55). |

| 53 | Enter the amount of your total non-priority unsecured debt | $ |
|---|---|---|
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |

| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed. |
|---|---|
| | ☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. |
| | ☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

### Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |
|---|---|---|
| | Expense Description | Monthly Amount |
| | a. | $ |
| | b. | $ |
| | c. | $ |
| | d. | $ |
| | Total: Add Lines a, b, c, and d | $ |

### Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* |
|---|---|
| | Date: **May 3, 2007**        Signature: **/s/ Philip R. Castiglione** |
| |        **Philip R. Castiglione** |
| |        (Debtor) |

Agest for Service of Process
David Emerich
6356 N. Fresno
Fresno, CA 93710

American General Finance- House of Furni
PO Box 3212
Evansville, IN 47731

Anat Pieter
Samuels, Green, Streel & Adam,LLP.
19800 Mac Arthur Blvd, Suite 1000
Irvine, CA 92612

Charlotte Modahl
1331 Hewitt Hall
Irvine, CA 92697

Cristobal Martin
954 Second Street
Sanger, CA 93657

Cristobal Martin
560 Sixth Street
Sanger, CA 93657

Derek P. Wisehart
Attorney at Law
1102 N. Chinowth Street
Visalia, CA 93291

Franchise Tax Board
Bankruptcy Unit
PO Box 2952
Sacramento, CA 95812

Golden Nuget Casino
PO Box 610
Las Vegas, NV 89125

Honda Finance
PO Box 79202
City Of Industry, CA 91716

Internal Revenue Service
Special Procedures Branch
PO Box 99
San Jose, CA 95103

Mister C. Investments
6356 N. Fresno
Fresno, CA 93710

Pablo Lopez
2632 Casty Court
Sanger, CA 93657

Paul Quinn
575 E. Locust Avenue
Fresno, CA 93720

Providian Credit Card Services
Attn: Customer Service
PO Box 660509
Dallas, TX 75266

Silver Legacy Resort Casino Reno
Attn: Director Cage & Credit
PO Box 3920
Reno, NV 89505

Washington Mutual Card Services
PO Box 660433
Dallas, TX 75266

B 201 (04/09/06)

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. Services Available from Credit Counseling Agencies

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)
1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.
4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)
1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.
2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.
3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

B 201 (04/09/06)

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| ADRIAN S. WILLIAMS #52065 | X /s/ ADRIAN S. WILLIAMS | May 3, 2007 |
|---|---|---|
| Printed Name of Attorney | Signature of Attorney | Date |

Address:
2440 W. Shaw Avenue, Suite 114
Fresno, CA 93711
(559) 226-7767

### Certificate of Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| Philip R. Castiglione | X /s/ Philip R. Castiglione | May 3, 2007 |
|---|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |

| Case No. (if known) | X | |
|---|---|---|
| | Signature of Joint Debtor (if any) | Date |

# EXHIBIT "C"

Form **1040** Department of the Treasury - Internal Revenue Service

**U.S. Individual Income Tax Return** **2005** (99) IRS Use Only - Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 2005, or other tax year beginning ___ , 2005, ending ___ , 20 ___

OMB No. 1545-0074

**Label**
Use the IRS label. Otherwise, please print or type.

PHILIP CASTIGLIONE
3706 R STREET APT. 2
MERCED, CA 95348

Your social security number: 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

Spouse's social security number: 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

▲ You **MUST** enter your SSN(s) above. ▲

**Presidential Election Campaign** ▶ Check here if you, or your spouse if filing jointly, want $3 to go to this fund (see page 16) ▶ [X] You [ ] Spouse

Checking a box below will not change your tax or refund.

**Filing Status**

Check only one box.

1 [ ] Single
2 [ ] Married filing jointly (even if only one had income)
3 [X] Married filing separately. Enter spouse's SSN above & full name below. ▶ DONNA CASTIGLIONE
4 [ ] Head of household (with qualifying person). (See page 17.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 [ ] Qualifying widow(er) with dependent child (see page 17)

**Exemptions**

6a [X] Yourself. If someone can claim you as a dependent, do not check box 6a
b [ ] Spouse

| Boxes checked on 6a and 6b | 1 |

c Dependents:

| (1) First name    Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qual. child for child tax cr. |
|---|---|---|---|

No. of children on 6c who:
● lived with you
● did not live with you due to divorce or separation

Dependents on 6c not entered above

If more than four dependents, see page 19.

d Total number of exemptions claimed

| Add numbers on lines above ▶ | 1 |

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see page 22.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| | | |
|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 9,959. |
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax-exempt interest. Do not include on line 8a | 8b | | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends (see page 23) | 9b | | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 23) | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | |
| 13 | Capital gain/(loss). Attach Sch D. If not required check here ▶ | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions | 15a | b Taxable amt | 15b | |
| 16a | Pensions and annuities | 16a | b Taxable amt | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | |
| 20a | Social security benefits | 20a | b Taxable amt | 20b | |
| 21 | Other income. List type and amount (see page 29) SEE ATTACHMENT | 21 | 1,533,108. |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 1,543,067. |

**Adjusted Gross Income**

| | | | |
|---|---|---|---|
| 23 | Educator expenses (see page 29) | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | One-half of self-employment tax. Attach Schedule SE | 27 | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | |
| 29 | Self-employed health insurance deduction (see page 30) | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid  b Recipient's SSN ▶ | 31a | |
| 32 | IRA deduction (see page 31) | 32 | |
| 33 | Student loan interest deduction (see page 33) | 33 | |
| 34 | Tuition and fees deduction (see page 34) | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 31a and 32 through 35 | 36 | |
| 37 | Subtract line 36 from line 22. This is your adjusted gross income ▶ | 37 | 1,543,067. |

KBA For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 78.

Form 1040 (2005)

1040 (2005)
Form Software Copyright 1996 - 2005 H&R Block Tax Services, Inc.
FD1040-1V 1.25

Form 1040 (2005)   PHILIP CASTIGLIONE                                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   Page 2

| | | | | | |
|---|---|---|---|---|---|
| **Tax and Credits** | 38 | Amount from line 37 (adjusted gross income) | | 38 | 1,543,067. |

Standard Deduction for—

- People who checked any box on line 39a or 39b or who can be claimed as a dependent, see page 36.

- All others:

Single or Married filing separately, $5,000

Married filing jointly or Qualifying widow(er), $10,000

Head of household, $7,300

| | | |
|---|---|---|
| 39a | Check if: ☐ You were born before January 2, 1941, ☐ Blind. ☐ Spouse was born before January 2, 1941, ☐ Blind. } Total boxes checked ▶ 39a ☐ | |
| b | If your spouse itemizes on a separate return or you were a dual-status alien, see pg 35 & check here ▶ 39b ☐ | |
| 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | 40 | 942,753. |
| 41 | Subtract line 40 from line 38 | 41 | 600,314. |
| 42 | If line 38 is over $109,475, or you provided housing to a person displaced by Hurricane Katrina, see page 37. Otherwise, multiply $3,200 by the total number of exemptions claimed on line 6d | 42 | 0. |
| 43 | Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | 43 | 600,314. |
| 44 | Tax. Check if any tax is from: a ☐ Form(s) 8814  b ☐ Form 4972 | 44 | 197,141. |
| 45 | Alternative minimum tax (see page 39). Attach Form 6251 | 45 | |
| 46 | Add lines 44 and 45 ▶ | 46 | 197,141. |
| 47 | Foreign tax credit. Attach Form 1116 if required | 47 | |
| 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | |
| 49 | Credit for the elderly or the disabled. Attach Schedule R | 49 | |
| 50 | Education credits. Attach Form 8863 | 50 | |
| 51 | Retirement savings contributions credit. Attach Form 8880 | 51 | |
| 52 | Child tax credit (see page 41). Attach Form 8901 if required | 52 | |
| 53 | Adoption credit. Attach Form 8839 | 53 | |
| 54 | Credits from:  a ☐ Form 8396  b ☐ Form 8859 | 54 | |
| 55 | Other credits. Check applicable box(es): a ☐ Form 3800  b ☐ Form 8801  c ☐ Form | 55 | |
| 56 | Add lines 47 through 55. These are your total credits | 56 | |
| 57 | Subtract line 56 from line 46. If line 56 is more than line 46, enter -0- ▶ | 57 | 197,141. |

| | | | | |
|---|---|---|---|---|
| **Other Taxes** | 58 | Self-employment tax. Attach Schedule SE | 58 | |
| | 59 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | 59 | |
| | 60 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | 60 | |
| | 61 | Advance earned income credit payments from Form(s) W-2 | 61 | |
| | 62 | Household employment taxes. Attach Schedule H | 62 | |
| | 63 | Add lines 57 through 62. This is your total tax ▶ | 63 | 197,141. |

| | | | | |
|---|---|---|---|---|
| **Payments** | 64 | Federal income tax withheld from Forms W-2 and 1099 | 64 | 1,992. |
| If you have a qualifying child, attach Schedule EIC. | 65 | 2005 estimated tax payments & amount applied from 2004 return | 65 | |
| | 66a | Earned income credit (EIC) | 66a | |
| | b | Nontaxable combat pay election ▶ 66b | | |
| | 67 | Excess social security and tier 1 RRTA tax withheld (see page 59) | 67 | |
| | 68 | Additional child tax credit. Attach Form 8812 | 68 | |
| | 69 | Amount paid with request for extension to file (see page 59) | 69 | |
| | 70 | Payments from: a ☐ Form 2439  b ☐ Form 4136  c ☐ Form 8885 | 70 | |
| | 71 | Add lns 64, 65, 66a, & 67 through 70. These are your total payments ▶ | 71 | 1,992. |

| | | | | |
|---|---|---|---|---|
| **Refund** | 72 | If line 71 is more than line 63, subtract line 63 from line 71. This is the amount you overpaid | 72 | |
| Direct deposit? See page 59 and fill in 73b, 73c, and 73d. | 73a | Amount of line 72 you want refunded to you ▶ | 73a | |
| | ▶ b | Routing number XXXXXXXXX  ▶ c Type: ☐ Checking ☐ Savings | | |
| | ▶ d | Account number XXXXXXXXXXXXXXXXX | | |
| | 74 | Amount of line 72 you want applied to your 2006 estimated tax ▶ 74 | | |

| | | | | |
|---|---|---|---|---|
| **Amount You Owe** | 75 | Amount you owe. Subtract line 71 from line 63. For details on how to pay, see page 60 ▶ | 75 | 202,968. |
| | 76 | Estimated tax penalty (see page 60) | 76 | 7,819. |

| | | |
|---|---|---|
| **Third Party Designee** | Do you want to allow another person to discuss this return with the IRS (see page 61)? ☒ Yes. Complete the following.  ☐ No | |
| | Designee's name ▶ HR BLOCK   Phone no. ▶ (559) 875-7583   Personal ID number (PIN) ▶ 04111 | |

| | |
|---|---|
| **Sign Here** | Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge. |
| Joint return? See page 17. | Your signature   Date   Your occupation GAMBLER   Daytime phone number |
| Keep a copy for your records. | Spouse's signature. If a joint return, both must sign.   Date   Spouse's occupation |

| | |
|---|---|
| **Paid Preparer's Use Only** | Preparer's signature ▶   Date 4/26/2007   Check if self-employed ☒   Preparer's SSN or PTIN P00356516 |
| | Firm's name (or yours if self-employed), address, and ZIP code ▶ H AND R BLOCK   SANGER, CA 93657   EIN 77-0543259   Phone no. (559) 875-7583 |

1040 (2005)
Form Software Copyright 1996 - 2005 H&R Block Tax Services, Inc.   FD1040-2V 1.25                    Form 1040 (2005)

**DO NOT FILE**
# Underpayment of
## Estimated Tax by Individuals, Estates, and Trusts

Form **2210**

Department of the Treasury
Internal Revenue Service

► See separate instructions.
► Attach to Form 1040, 1040A, 1040NR, 1040NR-EZ, or 1041.

OMB No. 1545-0140

**2005**

Attachment
Sequence No. **06**

Name(s) shown on tax return
PHILIP CASTIGLIONE

Identifying number
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

## Do You Have To File Form 2210?

Complete lines 1 through 7 below. Is line 7 less than $1,000? → **Yes** → Do not file Form 2210. You do not owe a penalty.

↓ **No**

Complete lines 8 and 9 below. Is line 6 equal to or more than line 9? → **Yes** → You do not owe a penalty. Do not file Form 2210 (but if box E below applies, you must file page 1 of Form 2210 below).

↓ **No**

You may owe a penalty. Does any box in Part II below apply? → **Yes** → You must file Form 2210. Does box B, C, or D apply?

↓ **No**

Do not file Form 2210. You are not required to figure your penalty because the IRS will figure it and send you a bill for any unpaid amount. If you want to figure it, you may use Part III or Part IV and enter your penalty amount on your tax return, but do not file Form 2210.

**No / Yes** → You must figure your penalty.

You are not required to figure your penalty because the IRS will figure it and send you a bill for any unpaid amount. If you want to figure it, you may use Part III or Part IV as a worksheet and enter your penalty amount on your tax return, but file only page 1 of Form 2210.

### Part I  Required Annual Payment  (see page 2 of the instructions)

| | | | |
|---|---|---|---|
| 1 | Enter your 2005 tax after credits from Form 1040, line 57 (or comparable line of your return) | 1 | 197,141. |
| 2 | Other taxes, including self-employment tax (see page 2 of the instructions) | 2 | |
| 3 | Refundable credits. Enter the total of your earned income credit, additional child tax credit, credit for federal tax paid on fuels, and health coverage tax credit for eligible individuals | 3 | ( ) |
| 4 | Current year tax. Combine lines 1, 2, and 3. If less than $1,000, see page 3 of the instructions | 4 | 197,141. |
| 5 | Multiply line 4 by 90% (.90)    5    177,427. | | |
| 6 | Withholding taxes. Do not include estimated tax payments. See page 3 of the instructions | 6 | 1,992. |
| 7 | Subtract line 6 from line 4. If less than $1,000, you do not owe a penalty; do not file Form 2210 | 7 | 195,149. |
| 8 | Maximum required annual payment based on prior year's tax (see page 3 of the instructions) | 8 | |
| 9 | Required annual payment. Enter the smaller of line 5 or line 8 | 9 | 177,427. |

Next: Is line 9 more than line 6?

☐ **No.** You do not owe a penalty. Do not file Form 2210 unless box E below applies.

☒ **Yes.** You may owe a penalty, but do not file Form 2210 unless one or more boxes in Part II below applies.

- If box B, C, or D applies, you must figure your penalty and file Form 2210.
- If only box A or E (or both) applies, file only page 1 of Form 2210. You are not required to figure your penalty; the IRS will figure it and send you a bill for any unpaid amount. If you want to figure your penalty, you may use Part III or Part IV as a worksheet and enter your penalty on your tax return, but file only page 1 of Form 2210.

### Part II  Reasons for Filing. Check applicable boxes. If none apply, do not file Form 2210.

A ☐ You request a waiver (see page 2 of the instructions) of your entire penalty. You must check this box and file page 1 of Form 2210, but you are not required to figure your penalty.

B ☐ You request a waiver (see page 2 of the instructions) of part of your penalty. You must figure your penalty and waiver amount and file Form 2210.

C ☐ Your income varied during the year and your penalty is reduced or eliminated when figured using the annualized income installment method. You must figure the penalty using Schedule AI and file Form 2210.

D ☐ Your penalty is lower when figured by treating the federal income tax withheld from your wages as paid on the dates it was actually withheld, instead of in equal amounts on the payment due dates. You must figure your penalty and file Form 2210.

E ☐ You filed or are filing a joint return for either 2004 or 2005, but not for both years, and line 8 above is smaller than line 5 above. You must file page 1 of Form 2210, but you are not required to figure your penalty (unless box B, C, or D applies).

KBA  For Paperwork Reduction Act Notice, see page 6 of separate instructions.

Form **2210** (2005)

2210 (2005)
Form Software Copyright 1996 - 2005 H&R Block     FD2210-1V 1.11

Form 2210 (2005) PHILIP CASTIGLIONE                              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    Page 2

| Part III | Short Method |

You may use the short method if:
- You made no estimated tax payments (or your only payments were withheld federal income tax), or
- You paid estimated tax in equal amounts on your due dates.

You must use the regular method (Part IV) instead of the short method if:

**TIP** You do not need to file Form 2210 unless you checked a box in Part II on page 1.

- You made any estimated tax payments late,
- You checked box C or D in Part II, or
- You are filing Form 1040NR or 1040NR-EZ and you did not receive wages as an employee subject to U.S. income tax withholding.

Note: If any payment was made earlier than the due date, you may use the short method, but using it may cause you to pay a larger penalty than the regular method. If the payment was only a few days early, the difference is likely to be small.

| | | | | |
|---|---|---|---|---|
| 10 | Enter the amount from Form 2210, line 9 | | 10 | 177,427. |
| 11 | Enter the amount, if any, from Form 2210, line 6 | 11 | 1,992. | |
| 12 | Enter the total amount, if any, of estimated tax payments you made | 12 | | |
| 13 | Add lines 11 and 12 | | 13 | 1,992. |
| 14 | Total underpayment for year. Subtract line 13 from line 10. If zero or less, stop here; you do not owe the penalty. Do not file Form 2210 unless you checked box E on page 1 | | 14 | 175,435. |
| 15 | Multiply line 14 by .04457 (use the factor shown in the instructions if you are eligible for hurricane relief) | | 15 | 7,819. |
| 16 | • If the amount on line 14 was paid on or after 4/15/06, enter -0-.<br>• If the amount on line 14 was paid before 4/15/06, make the following computation to find the amount to enter on line 16.  Amount on line 14  X  Number of days paid before 4/15/06  X  .00019 | | 16 | 0. |
| 17 | Penalty. Subtract line 16 from line 15. Enter the result here and on Form 1040, line 76; Form 1040A, line 48; Form 1040NR, line 74; Form 1040NR-EZ, line 26; or Form 1041, line 26 ▶ | | 17 | 7,819. |

Form 2210 (2005)

2210 (2005)                        FD2210-2V1.11
Form Software Copyright 1996 - 2005 H&R Block Tax Services, Inc.

SCHEDULE A
(Form 1040)
Department of the Treasury
Internal Revenue Service (99)

# Schedule A - Itemized Deductions

▶ Attach to Form 1040.  ▶ See Instructions for Schedule A (Form 1040).

OMB No. 1545-0074

2005

Attachment
Sequence No. 07

Name(s) shown on Form 1040

PHILIP CASTIGLIONE

Your social security number

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

| Medical and Dental Expenses | | | | |
|---|---|---|---|---|
| | Caution. Do not include expenses reimbursed or paid by others. | | | |
| | 1 Medical and dental expenses (see page A-2) | | 1 | |
| | 2 Enter amount from Form 1040, line 38 | 2 | | |
| | 3 Multiply line 2 by 7.5% (.075) | | 3 | |
| | 4 Subtract line 3 from line 1. If line 3 is more than line 1, enter -0- | | | 4 |

| Taxes You Paid (See page A-2.) | | | | |
|---|---|---|---|---|
| | 5 State and local (check only one box): | | | |
| | a ☐ Income taxes, or | | 5 | 1,637. |
| | b ☒ General sales taxes (see page A-3) | | | |
| | 6 Real estate taxes (see page A-5) | | 6 | |
| | 7 Personal property taxes | | 7 | |
| | 8 Other taxes. List type and amount ▶ | | 8 | |
| | 9 Add lines 5 through 8 | | | 9    1,637. |

| Interest You Paid (See page A-5.) Note. Personal interest is not deductible. | | | | |
|---|---|---|---|---|
| | 10 Home mortgage interest and points reported to you on Form 1098 | | 10 | |
| | 11 Home mortgage interest not reported to you on Form 1098. If paid to the person from whom you bought the home, see page A-6 and show that person's name, identifying no., and address ▶ | | | |
| | | | 11 | |
| | 12 Points not reported to you on Form 1098. See page A-6 for special rules. | | 12 | |
| | 13 Investment interest. Attach Form 4952 if required. (See page A-6.) | | 13 | |
| | 14 Add lines 10 through 13 | | | 14 |

| Gifts to Charity If you made a gift and got a benefit for it, see page A-7. | | | | |
|---|---|---|---|---|
| | 15a Total gifts by cash or check. If you made any gift of $250 or more, see page A-7 | | 15a | |
| | 15b Gifts by cash or check after Aug. 27, 2005, that you elect to treat as qualified contributions (see pg A-7) | 15b | | |
| | 16 Other than by cash or check. If any gift of $250 or more, see page A-7. You must attach Form 8283 if over $500 | | 16 | |
| | 17 Carryover from prior year | | 17 | |
| | 18 Add lines 15a, 16 and 17 | | | 18 |

| Casualty and Theft Losses | | | | |
|---|---|---|---|---|
| | 19 Casualty or theft loss(es). Attach Form 4684. (See page A-8.) | | | 19 |

| Job Expenses and Certain Miscellaneous Deductions (See page A-8.) | | | | |
|---|---|---|---|---|
| | 20 Unreimbursed employee expenses - job travel, union dues, job education, etc. Attach Form 2106 or 2106-EZ if required. (See page A-8.) ▶ | | | |
| | | | 20 | |
| | 21 Tax preparation fees | | 21 | |
| | 22 Other expenses - investment, safe deposit box, etc. List type and amount. ▶ | | | |
| | | | 22 | |
| | 23 Add lines 20 through 22 | | 23 | |
| | 24 Enter amount from Form 1040, line 38 | 24 | | |
| | 25 Multiply line 24 above by 2% (.02) | | 25 | |
| | 26 Subtract line 25 from line 23. If line 25 is more than line 23, enter -0- | | | 26 |

| Other Miscellaneous Deductions | | | | |
|---|---|---|---|---|
| | 27 Other- from list on page A-9. List type and amount ▶ ALLOWED GAMBLING LOSSES | | 942,426. | 27    942,426. |

| Total Itemized Deductions | | | | |
|---|---|---|---|---|
| | 28 Is Form 1040, line 38, over $145,950 (over $72,975 if married filing separately)? | | | |
| | ☐ No. Your deduction is not limited. Add the amounts in the far right column for lines 4 through 27. Also, enter this amount on Form 1040, line 40. | | | |
| | ☒ Yes. Your deduction may be limited. See page A-9 for the amount to enter. ▶ | | 28 | 942,753. |
| | 29 If you elect to itemize deductions even though they are less than your standard deduction, check here ▶ ☐ | | | |

KBA  For Paperwork Reduction Act Notice, see Form 1040 instructions.
1040-Sch A (2005)                                    EDA-1V1 9                                    Schedule A (Form 1040) 2005

Supporting Schedules

Name: PHILIP CASTIGLIONE                                    2005
                                                  SSN: 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
------------------------------------------------------------------------

Form 1040, Page 1
Line 21 - Other Income

Description                                    Amount
------------------------------------------------------------------------

RECOVER AND DISCOVER                             8,140
MISTER C INVESTMENT CORP                       450,000
GAMBLING                                     1,074,968
                                             ---------
Total                                        1,533,108
                                             =========

For Privacy Act Notice, get form FTB 1131.

# California Resident
# Income Tax Return 2005

**540** C1 Side 1

APE

FEDERAL RETURN ATTACHMENT REQUIRED:
☐ YES   ☒ NO

P

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   CAST   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   05
PHILIP         CASTIGLIONE

AC
A
R
RP

3706 R STREET                    APT   2
MERCED              CA   95348

FOR COMPUTERIZED USE ONLY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 01 | 3 | 36 | 0 | 54 | 0 | APE | 0 |
| 06 | 0 | 37 | 53828 | 55 | 0 | 3800 | 0 |
| 09 | 0 | 38 | 498 | 56 | 0 | 3803 | 0 |
| 10 | 0 | 39 | 0 | 57 | 0 | SCHG1 | 0 |
| 12 | 9959 | 40 | 0 | 58 | 0 | 5870A | 0 |
| 14 | 0 | 41 | 0 | 59 | 0 | 5805 5805F | 0 |
| 16 | 0 | 42 | 0 | 60 | 0 | TPIDP 00356516 | |
| 17 | 1543067 | 43 | 0 | 63 | 0 | FN  770543259 | |
| 18 | 942426 | 44 | 0 | 64 | 0 | PDECD | |
| 20 | 53828 | 45 | 0 | 65 | 0 | SPECD | |
| 23 | 0 | 47 | 0 | 66 | 0 | | |
| 28 | 0 | 48 | 0 | 67 | 0 | | |
| 29 | 0 | 49 | 0 | 68 | 0 | | |
| 30 | 0 | 50 | 53330 | 69 | 0 | | |
| 31 | 0 | 51 | 0 | 70 | 53330 | | |
| 34 | 0 | 52 | 0 | 72 | 0 | | |
| 35 | 0 | 53 | | | | | |

**Filing Status**
Check only one.

1. ☐ Single
2. ☐ Married filing jointly (even if only one spouse had income).
3. ☒ Married filing separately. Enter spouse's social security number above and full name here  DONNA CASTIGLIONE
4. ☐ Head of household (w/qualifying person). STOP. See instructions. 5. ☐ Qualifying widow(er)w/dependent child. Enter year spouse died

**Exemptions**

Enclose, but do not staple, any payment.

6. If someone can claim you (or your spouse, if married) as a dependent on their tax return, check the box here ● 6 ☐

7. **Personal:** If you checked box 1, 3, or 4 above, enter 1 in the box. If you checked box 2 or 5, enter 2 in the box. If you checked the box on line 6, see instructions .................. 7 ☐1 X $87 = $ ___87.

8. **Blind:** If you (or if married, your spouse) are visually impaired, enter 1; if both, enter 2 ............... 8 ☐ X $87 = $ _____

9. **Senior:** If you (or if married, your spouse) are 65 or older, enter 1; if both, enter 2 ............ ● 9 ☐ X $87 = $ _____

**Dependent Exemptions**

10. **Dependents:** Enter name and relationship. Do not include yourself or your spouse.
_____  _____  _____  Total dependent exemptions ● 10 ☐ X $272 = $ _____

11. **Exemption amount:** Add line 7 through line 10. Transfer this amount to line 21 ............... 11   $ ___87.

**Taxable Income**

12. State wages from your Form(s) W-2, box 16, or CA Sch. W-2 CG, line C ........ ● 12 ___9,959.

13. Enter federal adjusted gross income from Form 1040, line 37; Form 1040A, line 21; Form 1040EZ, line 4 ... 13 _1,543,067.

14. California adjustments - subtractions. Enter the amount from Schedule CA (540), line 37, column B ..... ● 14 _____0.

15. Subtract line 14 from line 13. If less than zero, enter the result in parentheses. See instructions. ......... 15 _1,543,067.

16. California adjustments - additions. Enter the amount from Schedule CA (540), line 37, column C ....... ● 16 _____0.

17. California adjusted gross income. Combine line 15 and line 16 ...................... ● 17 _1,543,067.

18. Enter the larger of your CA standard deduction OR your CA itemized deductions .............. ● 18 _942,426.

19. Subtract line 18 from line 17. This is your taxable income. If less than zero, enter -0- ......... 19 _600,641.

**Tax**

Do not attach any withholding forms here. Use Schedule W-2 CG Wage and Withholding Summary.

20. Tax. Check box if from: ☐ Tax Table ☒ Tax Rate Schedule ☐ FTB 3800 or ☐ FTB 3803 ..... ◉ 20 _53,828.

21. Exemption credits. Enter the amount from line 11. If your federal AGI is more than $143,839, see inst ...... 21 _____0.

22. Subtract line 21 from line 20. If less than zero, enter -0- ............................. 22 _53,828.

23. Tax. See instructions. Check box if from: ☐ Schedule G-1 ☐ Form FTB 5870A ........... ◉ 23

24. Add line 22 and line 23. Continue to Side 2 ................................... 24 _53,828.

54005106046

Your name: PHILIP CASTIGLIONE     Your SSN or ITIN: 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

**Special Credits and Nonrefundable Renter's Credit**

| | | |
|---|---|---|
| 25 | Amount from Side 1, line 24 | 25   53,828. |
| 28 | Enter credit name _____ code no ____ and amount ► 28 _____ | |
| 29 | Enter credit name _____ code no ____ and amount ► 29 _____ | |
| 30 | To claim more than two credits, see instructions ● 30 _____ | |
| 31 | Nonrefundable renter's credit. See instructions ● 31 _____ | |
| 32 | Add line 28 through line 31. These are your total credits | 32 _____ |
| 33 | Subtract line 32 from line 25. If less than zero, enter -0- | 33   53,828. |

**Other Taxes**

| | | |
|---|---|---|
| 34 | Alternative minimum tax. Attach Schedule P (540) | ● 34 _____ |
| 35 | Mental Health Services Tax. See instructions | ● 35 _____ |
| 36 | Other taxes and credit recapture. See instructions | ● 36 _____ |
| 37 | Add line 33 through line 36. This is your total tax | ● 37   53,828. |

**Payments**

To view your 2005 estimated payments, go to www.ftb.ca.gov

| | | |
|---|---|---|
| 38 | California income tax withheld. See instructions | ■ 38   498. |
| 39 | 2005 CA estimated tax and other payments. See instructions | ■ 39 _____ |
| 40 | Real estate withholding. (Form(s) 592-B, 593-B, and 594). See instructions | ■ 40 _____ |
| 41 | Excess SDI. To see if you qualify, see instructions | ■ 41 _____ |

Child and Dependent Care Expenses Credit. See instructions, attach form FTB 3506.

● 42 _____    ● 43 _____
■ 44 _____    ■ 45 _____

| | | |
|---|---|---|
| 46 | Add line 38, line 39, line 40, line 41, and line 45. See instructions | 46   498. |

**Overpaid Tax/Tax Due**

| | | |
|---|---|---|
| 47 | Overpaid tax. If line 46 is more than line 37, subtract line 37 from line 46 | 47 _____ |
| 48 | Amount of line 47 you want applied to your 2006 estimated tax | ■ 48 _____ |
| 49 | Overpaid tax available this year. Subtract line 48 from line 47 | ■ 49 _____ |
| 50 | Tax due. If line 46 is less than line 37, subtract line 46 from line 37. See instructions | 50   53,330. |

**Use Tax**

| | |
|---|---|
| 51 | Use Tax. This is not a total line. See instructions ● 51 _____ |

**Contributions**

| | | |
|---|---|---|
| CA Seniors Special Fund. See instructions | ● 52 _____ | |
| Alzheimer's Disease/Related Disorders Fund | ● 53 _____ | |
| CA Fund for Senior Citizens | ● 54 _____ | |
| Rare and Endangered Species Preservation Program | ● 55 _____ | |
| State Children's Trust Fund for the Prevention of Child Abuse | ● 56 _____ | |
| CA Breast Cancer Research Fund | ● 57 _____ | |
| CA Firefighters' Memorial Fund | ● 58 _____ | |
| Emergency Food Assistance Program Fund | ● 59 _____ | |
| CA Peace Officer Memorial Foundation Fund | ● 60 _____ | |
| CA Military Family Relief Fund | ● 63 _____ | |
| CA Prostate Cancer Research Fund | ● 64 _____ | |
| Veterans' Quality of Life Fund | ● 65 _____ | |
| CA Sexual Violence Victim Services Fund | ● 66 _____ | |
| CA Colorectal Cancer Prevention Fund | ● 67 _____ | |

| | | |
|---|---|---|
| 68 | Add line 52 through line 67. These are your total contributions | ● 68   0. |

**Refund or Amount You Owe**

| | | |
|---|---|---|
| 69 | REFUND OR NO AMOUNT DUE. See instructions. Mail to: FRANCHISE TAX BOARD, PO BOX 942840, SACRAMENTO CA 94240-0009 | ■ 69   0. |
| 70 | AMOUNT YOU OWE. See instructions. Mail to: FRANCHISE TAX BOARD, PO BOX 942867, SACRAMENTO CA 94267-0009 | ■ 70   53,330. |

**Interest and Penalties**

| | | |
|---|---|---|
| 71 | Interest, late return penalties, and late payment penalties | 71 _____ |
| 72 | Underpayment of estimated tax. Check box: ☐ FTB 5805 attached ☐ FTB 5805F attached | ■ 72   0. |
| 73 | Total amount due. See instructions. Enclose, but do not staple, any payment | 73   53,330. |
| | | ● 74   4 |

**Direct Deposit (Refund Only)**

Do not attach a voided check or a deposit slip. See instructions.

Complete this section to have your refund directly deposited. Routing number ● _____

Account Type:   Checking ● ☐   Savings ● ☐   Account number ● _____

# Sign Here

It is unlawful to forge a spouse's signature.

Joint return? See instructions.

IMPORTANT: See the instructions to find out if you should attach a copy of your complete federal return. Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| Your signature | Spouse's signature (if filing jointly, both must sign) | Daytime phone no. (optional) (559) 284-3638 |
|---|---|---|
| X | X | Date |

| Paid preparer's signature (declaration of preparer is based on all information of which preparer has any knowledge) ● | Paid Preparer's SSN/PTIN P00356516 |
|---|---|
| Firm's name (or yours if self-employed)   H AND R BLOCK SANGER CA 93657   Firm's address ● | FEIN 77-0543259 |

| TAXABLE YEAR **2005** | DO NOT ATTACH PAYMENT TO THIS SCHEDULE<br>**Wage and Witholding Summary** | SCHEDULE<br>**W-2 CG** |

## Important: Attach this schedule directly behind Side 2 of your return.

Name(s) as shown on return                                                     SSN or ITIN

PHILIP CASTIGLIONE                                           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

Caution: If your Form(s) W-2 are from multiple states, or this schedule is not filled out, only use this schedule to attach copies of your Form(s) W-2, 592-B, 593-B, 594 and 1099 showing CA tax withheld to it. Attach this schedule directly behind Side 2 of your return.

Taxpayer W-2 information. (Transfer amounts from your Form(s) W-2 to the appropriate boxes below.) Complete a box for each Form W-2 you receive.

**1st W-2**

| | |
|---|---|
| Social Security Number (box d) | |
| Employer ID Number (EIN) (box b) | |
| State & Employer's State ID Number (box 15) | |
| Employer Name (box c) | |
| State Wages, Tips, etc. (box 16) | |
| CA State Income Tax (box 17) | |
| Social Security Wages (box 3) | |
| SDI (Local Income Tax) (box 14 or 19) | |

**2nd W-2**

| | |
|---|---|
| Social Security Number (box d) | |
| Employer ID Number (EIN) (box b) | |
| State & Employer's State ID Number (box 15) | |
| Employer Name (box c) | |
| State Wages, Tips, etc. (box 16) | |
| CA State Income Tax (box 17) | |
| Social Security Wages (box 3) | |
| SDI (Local Income Tax) (box 14 or 19) | |

**3rd W-2**

| | |
|---|---|
| Social Security Number (box d) | |
| Employer ID Number (EIN) (box b) | |
| State & Employer's State ID Number (box 15) | |
| Employer Name (box c) | |
| State Wages, Tips, etc. (box 16) | |
| CA State Income Tax (box 17) | |
| Social Security Wages (box 3) | |
| SDI (Local Income Tax) (box 14 or 19) | |

**4th W-2**

| | |
|---|---|
| Social Security Number (box d) | |
| Employer ID Number (EIN) (box b) | |
| State & Employer's State ID Number (box 15) | |
| Employer Name (box c) | |
| State Wages, Tips, etc. (box 16) | |
| CA State Income Tax (box 17) | |
| Social Security Wages (box 3) | |
| SDI (Local Income Tax) (box 14 or 19) | |

Spouse W-2 information. (Transfer amounts from your Form(s) W-2 to the appropriate boxes below.) Complete a box for each Form W-2 you receive.

**1st W-2**

| | |
|---|---|
| Social Security Number (box d) | |
| Employer ID Number (EIN) (box b) | |
| State & Employer's State ID Number (box 15) | |
| Employer Name (box c) | |
| State Wages, Tips, etc. (box 16) | |
| CA State Income Tax (box 17) | |
| Social Security Wages (box 3) | |
| SDI (Local Income Tax) (box 14 or 19) | |

**2nd W-2**

| | |
|---|---|
| Social Security Number (box d) | |
| Employer ID Number (EIN) (box b) | |
| State & Employer's State ID Number (box 15) | |
| Employer Name (box c) | |
| State Wages, Tips, etc. (box 16) | |
| CA State Income Tax (box 17) | |
| Social Security Wages (box 3) | |
| SDI (Local Income Tax) (box 14 or 19) | |

**3rd W-2**

| | |
|---|---|
| Social Security Number (box d) | |
| Employer ID Number (EIN) (box b) | |
| State & Employer's State ID Number (box 15) | |
| Employer Name (box c) | |
| State Wages, Tips, etc. (box 16) | |
| CA State Income Tax (box 17) | |
| Social Security Wages (box 3) | |
| SDI (Local Income Tax) (box 14 or 19) | |

**4th W-2**

| | |
|---|---|
| Social Security Number (box d) | |
| Employer ID Number (EIN) (box b) | |
| State & Employer's State ID Number (box 15) | |
| Employer Name (box c) | |
| State Wages, Tips, etc. (box 16) | |
| CA State Income Tax (box 17) | |
| Social Security Wages (box 3) | |
| SDI (Local Income Tax) (box 14 or 19) | |

A. Total state wages from your Form(s) W-2 for taxpayer (Add box 16 from all Form(s) W-2 for taxpayer) . . . . . . . . . . . . . . . . $ _____
     For nonresidents or part-year residents, enter your total California wages from all your Form(s) W-2 for taxpayer (Add box 16 from all Form(s) W-2 for taxpayer).

B. Total state wages from your Form(s) W-2 for spouse (Add box 16 from all Form(s) W-2 for spouse) . . . . . . . . . . . . . . . . . . $ _____
     For nonresidents or part-year residents, enter your total California wages from all your Form(s) W-2 for spouse (Add box 16 from all Form(s) W-2 for spouse).

C. Total California Wages from all Form(s) W-2 (Add line A and line B, and enter on line C.) . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

D. Transfer the amount on line C to Form 540 2EZ, line 9; Form 540, Form 540NR (Short or Long), line 12; or Form 540X,
     line 1a, Column B.

TAXABLE YEAR

**2005     California Adjustments - Residents**

SCHEDULE

**CA (540)**

Important: Attach this schedule directly behind Form 540, Side 2.

Name(s) as shown on return

PHILIP CASTIGLIONE

Social security number

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

Part I   Income Adjustment Schedule

Section A - Income

| | | | A Federal Amounts (taxable amounts from your federal return) | B Subtractions See instructions | C Additions See instructions |
|---|---|---|---|---|---|
| 7 | Wages, salaries, tips, etc. See instructions before making an entry in column B or C | 7 | 9,959 | | |
| 8 | Taxable interest income | 8 | | | |
| 9 | Ordinary dividends. See instructions. (b) | (a) | | | |
| 10 | Taxable refunds, credits, offsets of state and local income taxes | 10 | | | |
| 11 | Alimony received | 11 | | //////// | //////// |
| 12 | Business income or (loss) | 12 | | | |
| 13 | Capital gain or (loss). See instructions | 13 | | | |
| 14 | Other gains or (losses) | 14 | | | |
| 15 | Total IRA distributions. See instructions. (a) | (b) | | | |
| 16 | Total pensions and annuities. See instructions. (a) | (b) | | | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. | 17 | | | |
| 18 | Farm income or (loss) | 18 | | | |
| 19 | Unemployment compensation. Enter the same amount in column A and column B | 19 | | | //////// |
| 20 | Social security benefits   (a) | (b) | | | |
| 21 | Other income. | | | | |
| | a California lottery winnings          e NOL from FTB 3805D, 3805Z, | | | a | a //////// |
| | b Disaster loss carryover from FTB 3805V      3806, 3807, or 3809 | 21 1,533,108 | b | b | |
| | c Federal NOL (Form 1040, line 21)   f Other (describe) | | c //////// | c | |
| | d NOL carryover from FTB 3805V          SEE ATTACHMENT | | d | d //////// | |
| | | | e | e //////// | |
| | | | f | f | |
| 22 | Total. Combine line 7 through line 21 in column A. Add line 7 through line 21f in column B and column C. Go to Section B | 22 1,543,067 | | | |

Section B - Adjustments to Income

| | | | | | |
|---|---|---|---|---|---|
| 23 | Educator expense | 23 | | | //////// |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials | 24 | | | |
| 25 | Health savings account deduction | 25 | | | |
| 26 | Moving expenses | 26 | | //////// | |
| 27 | One-half of self-employment tax | 27 | | //////// | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | | //////// | |
| 29 | Self-employed health insurance deduction | 29 | | //////// | |
| 30 | Penalty on early withdrawal of savings | 30 | | //////// | |
| 31a | Alimony paid. (b) Recipient's: SSN | | | //////// | |
| | Last name | 31a | | //////// | |
| 32 | IRA deduction | 32 | | //////// | |
| 33 | Student loan interest deduction | 33 | | //////// | |
| 34 | Tuition and fees deduction | 34 | | //////// | |
| 35 | Domestic production activities deduction | 35 | | //////// | //////// |
| 36 | Add lines 23 through line 31a and 32 through 35 in columns A, B, and C. See instructions | 36 | | | |
| 37 | Total. Subtract line 36 from line 22 in columns A, B, and C. See instructions | 37 1,543,067 | | | |

PHILIP CASTIGLIONE                                    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
Part II   Adjustments to Federal Itemized Deductions

38  Federal itemized deductions. Add the amounts on federal Schedule A (Form 1040), lines 4, 9, 14, 18, 19, 26, and 27 . . . . . . . . . . 38 ___944,063

39  Enter total of federal Schedule A (Form 1040), line 5 (State Disability Insurance and state and local income tax,
    or General Sales Tax) and line 8 (foreign taxes only). See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39 ___1,637

40  Subtract line 39 from line 38 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40 ___942,426

41  Other adjustments including California lottery losses. See instructions. Specify _____ . . . . . . . . . . 41 _____

42  Combine line 40 and line 41 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42 ___942,426

43  Is your federal AGI (Form 540, line 13) more than the amount shown below for your filing status?
        Single or married filing separately . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $143,839
        Head of household . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $215,762
        Married filing jointly or qualifying widow(er) . . . . . . . . . . . . . . . . . . . . . . $287,682
    No.   Transfer the amount on line 42 to line 43
    Yes.  Complete the Itemized Deductions Worksheet in the instructions for Schedule CA (540), line 43 . . . . . . . . . . . . . . . 43 | 942,426 |

44  Enter the larger of the amount on line 43 or your standard deduction listed below
        Single or married filing separately . . . . . . . . . . . . . . . . . . . . . . . . . . . . $3,254
        Married filing jointly, head of household, or qualifying widow(er). . . . . . . . . . $6,508
    Transfer the amount on line 44 to Form 540, line 18 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44 | 942,426 |

Supporting Schedules                        2005

Name: PHILIP CASTIGLIONE                        SSN: 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

-------------------------------------------------------------------------

CA Schedule CA, Part I
Section A, Other Income

| Description | Fed Amount | CA Subtraction | CA Addition |
|---|---|---|---|
| RECOVER AND DISCOVER | 8,140 | 0 | 0 |
| MISTER C INVESTMENT CORP | 450,000 | 0 | 0 |
| GAMBLING | 1,074,968 | 0 | 0 |
| Total | 1,533,108 | 0 | 0 |

 **H&R BLOCK**

| Client Name | Client SSN |
|---|---|
| PHILIP CASTIGLIONE | 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 |

# Peace of Mind® Extended Service Plan

The Peace of Mind® Extended Service Plan (the "Plan") offered by H&R Block ("Block") is available only at participating Block offices at the time your return is completed, but no later than October 31 of the year of the return due date. The Plan is separate from, and in addition to, Block's Standard Guarantee that pays penalty and interest resulting from an error in tax preparation.

The Plan is effective when paid for and signed by you and, cannot be transferred by you to others. Subject to the exceptions noted below, the Plan provides you with the following benefits with respect to the individual federal and any individual state or local returns prepared and paid for on the date of this agreement.

If your return is audited, Block will provide you with a qualified person (but not an attorney) to represent you before the tax authority should such tax authority question the accuracy of your return.

If you owe additional taxes as a result of an error in tax preparation and the error is discovered by you, your representative or a tax authority, during the period of 3 years from the filing deadlines for such returns, not including extensions, Block will pay you for such taxes up to a cumulative total of $5,000 for all such returns. Such 3 year limitation applies to your federal and state returns, including returns for those states in which the open period to review returns is greater than 3 years. In some cases, the correction of a specific error will involve changes on multiple returns, including State or Local tax returns, which may result in an overpayment on one return and a balance due on another. In such cases, the overpayment and balance due will be netted in determining the amount Block will pay for additional taxes owed as a result of correction of the error. Block assumes no responsibility for payment of additional taxes to a tax authority. You are responsible for providing payment of additional taxes to the tax authority.

Before such payment, you must:
  (a) notify Block of any government notice regarding such taxes within 60 days from the date of such notice;
  (b) promptly provide Block with copies of such notices and other documents relating to or substantiating such additional taxes;
  (c) provide Block with reasonable notice of and allow Block to attend an audit with you or as your representative with Power of Attorney;
  (d) allow Block at its sole discretion and expense, to challenge the determination that additional taxes and penalties and interest are owed; and
  (e) provide Block with your receipt as proof of your purchase of the Plan.

You may be required to include such payment as income on your return in an amount that will be indicated on any Form 1099 you receive from Block. Block is not responsible for the payment of any taxes you may owe on such income.

The Plan applies only to filed and accepted original individual resident tax returns prepared by Block for the year of the return and for which the balance due has been paid. You represent to us that you have reviewed the items on your return and that items or issues on such returns have not been, or are not currently, under examination by tax authorities as of the date of purchase indicated on your receipt that specifies the total purchase price for the Plan and which is incorporated herein.

The Plan does not apply to:
  (a) amended returns; 1040-NR;
  (b) non-individual returns such as employment (including taxes assessed on Form 4137 for income other than allocated tips), corporate, state and local small business, occupation tax, partnership, trust, estate, and gift tax returns;
  (c) any returns used to file for tax credits or rebates such as property tax, homestead or renters credits that are not filed in conjunction with a federal, state or local return;
  (d) the calculation of estimated tax payment vouchers, additional taxes owed as a result of an erroneous refund of your estimated tax payments by the IRS or a State or Local taxing authority;
  (e) any return for which, as of the date of such purchase, you have knowledge of additional taxes owed;
  (f) any return for which you have received on or before the date of such purchase any notification from any tax authority of examination or audit;
  (g) returns for which errors have been identified by Block prior to an assessment of additional taxes by tax authorities and can be corrected by Block within 30 days from Block's preparation of the return;
  (h) any return relating to previous years;

☐ CORRECTED (if checked)

| CREDITOR'S name, street address, city, state, and ZIP code | OMB No. 1545-1424 | Cancellation of Debt |
|---|---|---|
| Recover And Discover Company<br>PO Box 2390<br>Oakhurst, CA 93644<br><br>(559) 641-6300 | **20**05<br>Form **1099-C** | |

| CREDITOR'S federal identification number | DEBTOR'S identification number | 1 Date canceled | 2 Amount of debt canceled | **Copy B** |
|---|---|---|---|---|
| 77-0515413 | 562701794 | 1/5/2005 | $ 8,139.53 | **For Debtor** |

| DEBTOR'S name, address, and ZIP code | 3 Interest if included in box 2 | 4 | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
|---|---|---|---|
| RANDY CASTIGLIONE<br>2580 KOA AVE<br>MORRO BAY, CA 93442 | $ 3,805.57 | | |
| | 5 Debt description | | |
| | Judgment | | |

| Account number (see instructions) | 6 Bankruptcy (if checked) | 7 Fair market value of property | |
|---|---|---|---|
| 100-S96600033-5 | ☐ | $ | |

Form **1099-C**   DC6VG291_njm_050110012632-207    (keep for your records)    Department of the Treasury - Internal Revenue Service

## Instructions for Debtor

**Note.** You may not have to include in income a canceled debt (for example, cancellation of a mortgage) if you are an individual who suffered an economic loss by reason of Hurricane Katrina. You must be an individual whose principal residence was in the Hurricane Katrina disaster area on August 25, 2005, and before January 1, 2007. For more details, see Pub. 4492, Tax Information Related to Hurricane Katrina, and the instructions below for canceled debt not included in income.

If a federal government agency, certain agencies connected with the federal government, financial institution, credit union, or an organization having a significant trade or business of lending money (such as a finance or credit card company) cancels or forgives a debt you owe of $600 or more, this form must be provided to you. Generally, if you are an individual, you must include the canceled amount on the "Other income" line of Form 1040. If you are a corporation, partnership, or other entity, report the canceled debt on your tax return. See the instructions for your tax return.

However, some canceled debts are not includible in your income, such as certain student loans (see Pub. 525), certain debts reduced by the seller after purchase (see Pub. 334), qualified farm debt (see Pub. 225), qualified real property business debt (see Pub. 334), or debts canceled in bankruptcy (see Pub. 908). Do not report a canceled debt as income if you did not deduct it but would have been able to do so on your tax return if you had paid it. Also, do not include canceled debts in your income to the extent you were insolvent. If you exclude a canceled debt

from your income because it was canceled in a bankruptcy case or during insolvency, because the debt is qualified farm debt or qualified real property business debt, or debt canceled due to Hurricane Katrina file Form 982, Reduction of Tax Attributes Due to Discharge of Indebtedness (and Section 1082 Basis Adjustment).

Account number. May show an account or other unique number the creditor assigned to distinguish your account.

**Box 1.** Shows the date the debt was canceled.

**Box 2.** Shows the amount of debt canceled.

**Box 3.** Shows interest if included in the canceled debt in box 2. See Pub. 525, Taxable and Nontaxable Income, to see if you must include the interest in gross income.

**Box 5.** Shows a description of the debt. If box 7 is completed, box 5 shows a description of the property.

**Box 6.** If the box is marked, the creditor has indicated the debt was canceled in a bankruptcy proceeding.

**Box 7.** If, in the same calendar year, a foreclosure or abandonment of property occurred in connection with the cancellation of the debt, the fair market value of the property will be shown, or you will receive a separate Form 1099-A, Acquisition or Abandonment of Secured Property. You may have income or loss because of the acquisition or abandonment. See Pub. 544, Sales and Other Dispositions of Assets, for information about foreclosures and abandonments.

**1099-C / COPY B**



☐ CORRECTED (if checked)

| CREDITOR'S name, street address, city, state, and ZIP code | OMB No. 1545-1424 | Cancellation of Debt |
|---|---|---|
| Recover And Discover Company<br>PO Box 2390<br>Oakhurst, CA 93644<br><br>(559) 641-6300 | **20**05<br>Form **1099-C** | |

| CREDITOR'S Federal identification number | DEBTOR'S identification number | 1 Date canceled | 2 Amount of debt canceled | **Copy B** |
|---|---|---|---|---|
| 77-0515413 | 562701794 | 1/5/2005 | $ 8,139.53 | **For Debtor** |

| DEBTOR'S name, address, and ZIP code | 3 Interest if included in box 2 | 4 | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
|---|---|---|---|
| RANDY CASTIGLIONE<br>2580 KOA AVE<br>MORRO BAY, CA 93442 | $ 3,805.57 | | |
| | 5 Debt description | | |
| | Judgment | | |

| Account number (see instructions) | 6 Bankruptcy (if checked) | 7 Fair market value of property | |
|---|---|---|---|
| 100-S96600033-5 | ☐ | $ | |



**THUNDER VALLEY**
**CASINO**

Always Your Best Bet!

March 14, 2006

**PHILIP CASTIGLIONE**
**1521 S BETHEL AVE**
**SANGER, CA  93657**

Dear Philip:

A summary of your 2005 gaming activity for account #8008270 at Thunder Valley Casino is shown below.  This is a complete accounting of your play, based on tracking when your Boarding Pass card was used.  We are unable to provide any information about play, other than what is shown on this statement.

| | |
|---|---|
| **NET SLOT WIN/LOSS:** | **$27,421.00** |
| (This figure includes $71,780.00 in W2-G jackpots) | |
| **NET TABLE GAMES WIN/LOSS:** | **($13,200.00)** |
| **TOTAL WIN/LOSS FOR 2005:** | **$14,221.00** |

Notes about this statement:

NET SLOT WIN OR LOSS – This is the dollar amount won or lost while playing slot machines.  Losses are shown in parentheses.  Only play tracked with your Boarding Pass card is shown in these totals.

NET TABLE GAMES WIN OR LOSS – This is the dollar amount won or lost while playing table games. Losses are shown in parentheses.  Only play tracked with your Boarding Pass card is shown in these totals.  Tracking for table games is based on entries made by our Games personnel.

TOTAL WIN OR LOSS – This is the total of wins and losses from slots and table games combined. Losses are shown in parentheses.

W2-G FORMS – These are issued when you receive a taxable jackpot, as defined by the Internal Revenue Service.

TAX QUESTIONS – We cannot provide information about filing taxes or claiming gaming wins/losses as part of your income tax.  Please consult with the IRS or your tax advisor for assistance.

Please note that the above statement is un-audited.

1200 Athens Ave., Lincoln, CA 95648  916-408-7777  1-877-867-7111  www.thundervalleyresort.com



Always Your Best Bet!...

## 2005 W-2G Listing Prepared for PHILIP CASTIGLIONE

| Count | Last Name | First Name | Date Won | Gross Winnings | Federal Tax W/H | Net Winnings |
|-------|-----------|------------|----------|----------------|-----------------|--------------|
| | | | 2005 TOTALS: | 111,679.00 | - | 111,679.00 |
| 1 | CASTIGLIONE | PHILIP | 08/13/05 | 3,000.00 | - | 3,000.00 |
| 2 | CASTIGLIONE | PHILIP | 09/16/05 | 4,500.00 | - | 4,500.00 |
| 3 | CASTIGLIONE | PHILIP | 09/17/05 | 1,500.00 | - | 1,500.00 |
| 4 | CASTIGLIONE | PHILIP | 09/17/05 | 2,400.00 | - | 2,400.00 |
| 5 | CASTIGLIONE | PHILIP | 09/17/05 | 27,000.00 | - | 27,000.00 |
| 6 | CASTIGLIONE | PHILIP | 12/02/05 | 3,750.00 | - | 3,750.00 |
| 7 | CASTIGLIONE | PHILIP | 12/03/05 | 38,479.00 | - | 38,479.00 |
| 8 | CASTIGLIONE | PHILIP | 12/18/05 | 1,200.00 | - | 1,200.00 |
| 9 | CASTIGLIONE | PHILIP | 12/18/05 | 2,400.00 | - | 2,400.00 |
| 10 | CASTIGLIONE | PHILIP | 12/18/05 | 3,000.00 | - | 3,000.00 |
| 11 | CASTIGLIONE | PHILIP | 12/18/05 | 4,000.00 | - | 4,000.00 |
| 12 | CASTIGLIONE | PHILIP | 12/18/05 | 4,500.00 | - | 4,500.00 |
| 13 | CASTIGLIONE | PHILIP | 12/19/05 | 1,200.00 | - | 1,200.00 |
| 14 | CASTIGLIONE | PHILIP | 12/19/05 | 1,250.00 | - | 1,250.00 |
| 15 | CASTIGLIONE | PHILIP | 12/19/05 | 1,500.00 | - | 1,500.00 |
| 16 | CASTIGLIONE | PHILIP | 12/20/05 | 1,200.00 | - | 1,200.00 |
| 17 | CASTIGLIONE | PHILIP | 12/20/05 | 1,200.00 | - | 1,200.00 |
| 18 | CASTIGLIONE | PHILIP | 12/20/05 | 1,200.00 | - | 1,200.00 |
| 19 | CASTIGLIONE | PHILIP | 12/20/05 | 1,800.00 | - | 1,800.00 |
| 20 | CASTIGLIONE | PHILIP | 12/20/05 | 3,000.00 | - | 3,000.00 |
| 21 | CASTIGLIONE | PHILIP | 12/20/05 | 3,600.00 | - | 3,600.00 |



EXCALIBUR

March 28, 2006

PHILIP RANDY CASTIGLIONE
2580 KOA AVE
MORRO BAY, CA 93442 1708

Dear Philip randy:             Account#:    1263034

Enclosed you will find our record of your tracked Slot play here
at Excalibur Hotel & Casino. This activity is attributable to
the use of your One Club player ID card and is for the period of
January 01, 2005 through December 31, 2005.

| Slot gaming activity: | Estimated Total Coin-in | $60,654.00 |
|---|---|---|
| | Estimated Total Coin-out | $43,125.00 |
| | Total Jackpots | $26,750.00 |

Please note that this information denotes your tracked Slot activity,
which was collected by insertion of your One Club player ID card
into the slot machine. Excalibur uses this solely for internal
business reasons. The above figures do not constitute a definite
accounting of gaming activity nor do they denote total winnings or
losses (only that which was accumulated while using your One Club
player ID card). We suggest that you give this information to your
tax advisor and have them advise you on the best way to use this
information.

We appreciate your patronage here at Excalibur Hotel & Casino
and look forward to your next visit.

Until then, here's wishing you a very prosperous year!

Sincerely,

Slot Marketing Department

Excalibur Hotel & Casino



EXCALIBUR

March 28, 2006

PHILIP RANDY CASTIGLIONE
2580 KOA AVE
MORRO BAY, CA 93442 1708

Dear Philip randy:                                    Account#:    1263034

Enclosed you will find our record of your tracked Table games
play here at Excalibur Hotel & Casino.  This activity is
attributable to your One Club player ID card and is for the
period of January 01, 2005 through December 31, 2005.

Table gaming activity: Estimated Total In          $14,000
                       Estimated Total Out         $23,800
                       Estimated Win/Loss           $9,800

Please note that this information denotes your tracked table
gaming activity, which was collected by showing your One Club
player ID card to the dealer or floorperson.  Excalibur uses
this tracking system solely for internal business reasons.
The above figures do not constitute a definite accounting of
gaming activity nor do they denote total winnings or losses.
We suggest that you give this information to your tax advisor
and have them advise you on the best way to use this information.

We appreciate your patronage here at Excalibur Hotel & Casino and
look forward to your next visit.

Until then, here's wishing you a very prosperous year!

Sincerely,

Casino Marketing Department

Excalibur Hotel & Casino

# CHUMASH CASINO

### 2005
### Annual Activity Report

**Club Member**
PHILIP R CASTIGLIONE
PO BOX 8640
FRESNO          CA          93747

**SSN:** 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
**Account #:** 76491
**Player #:** 76492

## _Gaming Activity_

| Gaming Area | Dollars In | Dollars Out | Win/Loss | Jackpots | Adjusted Win/Loss | # W2G Level Jackpots | W2G Level Jackpots |
|---|---|---|---|---|---|---|---|
| BJ | $11,500.00 | $21,700.00 | $10,200.00 | $0.00 | $10,200.00 | 0 | $0.00 |
| FC | $16,800.00 | $2,800.00 | ($14,000.00) | $0.00 | ($14,000.00) | 0 | $0.00 |
| SLOT | $24,030.00 | $17,710.00 | ($6,320.00) | $7,500.00 | $1,180.00 | 3 | $7,500.00 |
| Totals | $52,330.00 | $42,210.00 | ($10,120.00) | $7,500.00 | ($2,620.00) | 3 | $7,500.00 |

_Gaming Activity_ – The above information is provided in response to a request by the person shown above. The activity shown above is associated with the player's club card only. Hence, no assurance is made that this activity was accumulated by the person named above. The above figures may not be all inclusive of the person's gaming activity and only reflects that information currently available in the CHUMASH CASINO database. Further, the above 'Dollars In' figure may include winnings and may not be an accurate representation of investment.

ATI/CDS Super - Annual Activity.rpt - Version 11.5.2.100

# Tachi Palace Hotel & Casino

## 2005
## Annual Activity Report

**Club Member**
Philip Castiglione
2580 Koa
MORRO BAY          CA          93442

SSN: 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
Account #: 8070968
Player #: 8070971

*Gaming Activity*

| Gaming Area | Dollars In | Dollars Out | Win/Loss | Jackpots | Adjusted Win/Loss | # W2G Level Jackpots | W2G Level Jackpots |
|---|---|---|---|---|---|---|---|
| PIT | 29,800.00 | 14,200.00 | -15,600.00 | 0.00 | -15,600.00 | 0 | 0.00 |
| SLOT | 89,794.00 | 56,475.25 | -33,318.75 | 3,500.00 | -29,818.75 | 2 | 3,500.00 |
| Totals | 119,594.00 | 70,675.25 | -48,918.75 | 3,500.00 | -45,418.75 | 2 | 3,500.00 |

*Gaming Activity* – The above information is provided in response to a request by the person shown above. The activity shown above is associated with the player's club card only. Hence, no assurance is made that this activity was accumulated by the person named above. The above figures may not be all inclusive of the person's gaming activity and only reflects that information currently available in the Tachi Palace Hotel & Casino database. Further, the above 'Dollars In' figure may include winnings and may not be an accurate representation of investment.



# Player Win/Loss Statement 2005

| **Player Name:** | PHILIP CASTIGLIONE |
| --- | --- |
| **PlayerID** | 165097 |

| | |
| --- | --- |
| **Coin In Total** | $491,269.00 |
| **Coin Out Total** | $382,245.50 |
| **JackPot Total** | $78,150.00 |
| **Table Play** | ($1,050.00) |
| **Total Net Win/Loss** | ($31,923.50) |

\*\* Totals appearing in parentheses equal a net loss for the year

\*\*\* Totals not appearing in parentheses indicate a net win for the year.

Net Win/Loss Calculated as Followes; Coin Out (+) Jackpots (+) Table Play (-) Coin In = Net Win/Loss

Disclaimer: This win loss statement reflects the estimated win and/or loss provided from the casino management system. Table Mountain Casino, Table Mountain Rancheria, or any of its affiliates assumes no liabilities.

" Table Mountain Rancheria reserves all rights, privileges and protections that it is afforded as a Sovereign Indian Nation. No warranties or guarantees are made regarding the accuracy of the information contained in this statement. Your possession of t statement shall not be deemed or construed as a waiver of Table Mountain Rancheria's or Table Mountain Casino's sovereign immunity. No person or entity can waive the Tribe's Sovereign Immunity other than the Tribe's General Council."

## Chukchansi Gold Casino and Resort
## Player's Estimated Win/Loss for 2005

| | Net Win/Loss | | Net Win/Loss |
|---|---|---|---|
| Jan. 2005 | ($5,170.00) | Aug. 2005 | ($11,540.00) |
| Feb. 2005 | $6,700.00 | Sep. 2005 | ($16,100.00) |
| Mar. 2005 | ($3,390.00) | Oct. 2005 | $24,410.00 |
| Apr. 2005 | ($446.25) | Nov. 2005 | ($37,833.85) |
| Jun. 2005 | ($580.00) | Dec. 2005 | $14,405.75 |
| Jul. 2005 | ($4,640.00) | | |

Philip R Castiglione
2580 KOA
MORRO BAY CA  93442

Player Loss:　($34,184.35)

Acct:  73660

PLWINLO  2005

Doc #:

Acct:  73660

Philip R Castiglione

Player Loss:  ($34,184.35)

The casino is not
responsible for the
accuracy of this estimate.
Ask your tax advisor if you
have questions about
deducting gaming losses
on your tax return.

_____
Player Signature
CBOOTH  14-Mar-06  78083588

CGC  SLOT  CBOOTH  COPS    cnash    14-Mar-06   1    14-Mar-06 7:31AM    76760977    78083588

# Chukchansi Gold Casino and Resort
## Player's Estimated Win/Loss for 2005

PLWINLO    2005

Doc #:

| | Net Win/Loss | | Net Win/Loss |
|---|---|---|---|
| Jan. 2005 | ($5,170.00) | Aug. 2005 | ($11,540.00) |
| Feb. 2005 | $6,700.00 | Sep. 2005 | ($16,100.00) |
| Mar. 2005 | ($3,390.00) | Oct. 2005 | $24,410.00 |
| Apr. 2005 | ($446.25) | Nov. 2005 | ($37,833.85) |
| Jun. 2005 | ($580.00) | Dec. 2005 | $14,405.75 |
| Jul. 2005 | ($4,640.00) | | |

Philip R Castiglione
2580 KOA
MORRO BAY CA 93442

Player Loss:    ($34,184.35)

Acct: 73660

Acct: 73660

Philip R Castiglione

Player Loss    ($34,184.35)

The casino is not
responsible for the
accuracy of this estimate.
Ask your tax advisor if you
have questions about
deducting gaming losses
on your tax return.

CGC    SLOT    CBOOTH    COPS    cnash    14-Mar-06    1    14-Mar-06 7:31AM    76760977    78083588

_____
Player Signature
CBOOTH  14-Mar-06  78083588

| Form **1040** | Department of the Treasury - Internal Revenue Service **U.S. Individual Income Tax Return** | **2006** | (99) | IRS Use Only - Do not write or staple in this space. |
|---|---|---|---|---|

For the year Jan. 1- Dec. 31, 2006, or other tax year beginning _____, 2006, ending _____, 20 ____

OMB No. 1545- 0074

**Label**

Use the IRS label. Otherwise, please print or type.

PHILIP CASTIGLIONE
3706 R STREET APT. 2
MERCED, CA 95348

**Your social security number**  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
**Spouse's social security number**  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

▲ You MUST enter your SSN(s) above. ▲

Checking a box below will not change your tax or refund.

**Presidential Election Campaign** ► Check here if you, or your spouse if filing jointly, want $3 to go to this fund (see page 16) ► [X] You  [ ] Spouse

**Filing Status**

Check only one box.

1 [ ] Single
2 [ ] Married filing jointly (even if only one had income)
3 [X] Married filing separately. Enter spouse's SSN above & full name below.
   ► DONNA CASTIGLIONE
4 [ ] Head of household (with qualifying person). (See page 17.) If the qualifying person is a child but not your dependent, enter this child's name here. ► _____
5 [ ] Qualifying widow(er) with dependent child (see page 17)

**Exemptions**

6a [X] Yourself. If someone can claim you as a dependent, **do not** check box 6a
b [ ] Spouse

Boxes checked on 6a and 6b  **1**

c Dependents:

| (1) First name    Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qual. child for child tax cr. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

No. of children on 6c who:
• lived with you
• did not live with you due to divorce or separation
Dependents on 6c not entered above

If more than four dependents, see page 19.

d Total number of exemptions claimed

Add numbers on lines above ► **1**

**Income**

Attach Form(s) W- 2 here. Also attach Forms W- 2G and 1099- R if tax was withheld.

If you did not get a W- 2, see page 23.

Enclose, but do not attach, any payment. Also, please use Form 1040- V.

| | | | |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W- 2 | 7 | 7,200. |
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax- exempt interest. **Do not** include on line 8a . . . 8b | | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends (see page 23) . . . . 9b | | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 24) | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C- EZ | 12 | |
| 13 | Capital gain/(loss). Attach Sch D. If not required check here . . . ► | 13 | 20,000. |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions . . . . 15a | b Taxable amt . . . 15b | |
| 16a | Pensions and annuities . . 16a | b Taxable amt . . . 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F . | 18 | |
| 19 | Unemployment compensation | 19 | |
| 20a | Social security benefits . . 20a | b Taxable amt . . . 20b | |
| 21 | Other income. List type and amount (see page 29) SEE ATTACHMENT | 21 | 2,361,400. |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your total income ► | 22 | 2,388,600. |

**Adjusted Gross Income**

| | | | |
|---|---|---|---|
| 23 | Archer MSA deduction. Attach Form 8853 . . . . . | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee- basis government officials. Attach Form 2106 or 2106- EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 . . . | 25 | |
| 26 | Moving expenses. Attach Form 3903 . . . . | 26 | |
| 27 | One- half of self- employment tax. Attach Schedule SE . . | 27 | |
| 28 | Self- employed SEP, SIMPLE, and qualified plans . . . . | 28 | |
| 29 | Self- employed health insurance deduction (see page 29) . . | 29 | |
| 30 | Penalty on early withdrawal of savings . . . . | 30 | |
| 31a | Alimony paid  b Recipient's SSN ► | 31a | |
| 32 | IRA deduction (see page 31) . . . . | 32 | |
| 33 | Student loan interest deduction (see page 33) . . . | 33 | |
| 34 | Jury duty pay you gave to your employer . . . . | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 . | 35 | |
| 36 | Add lines 23 through 31a and 32 through 35 . . . . | 36 | |
| 37 | Subtract line 36 from line 22. This is your adjusted gross income ► | 37 | 2,388,600. |

KBA  For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 80.

Form 1040 (2006)

1040 (2006)
Form Software Copyright 1996 - 2007 H&R Block Tax Services, Inc.

FD1040- 1V 1.25

Form 1040 (2006)    PHILIP CASTIGLIONE                                    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 Page 2

| | 38 | Amount from line 37 (adjusted gross income) | | 38 | 2,388,600. |
|---|---|---|---|---|---|

**Tax and Credits**

39a Check if: ☐ You were born before January 2, 1942, ☐ Blind. **Total boxes**
☐ Spouse was born before January 2, 1942, ☐ Blind. checked ▶ 39a

b If your spouse itemizes on a separate return or you were a dual- status alien, see pg 34 ◄ check here ▶ 39b ☐

**Standard Deduction for -**

● People who checked any box on line 39a or 39b or who can be claimed as a dependent, see page 34.

● All others:

Single or Married filing separately, $5,150

Married filing jointly or Qualifying widow(er), $10,300

Head of household, $7,550

| | | | | | |
|---|---|---|---|---|---|
| 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | | | 40 | 527,370. |
| 41 | Subtract line 40 from line 38 | | | 41 | 1,861,230. |
| 42 | If line 38 is over $112,875, or you provided housing to a person displaced by Hurricane Katrina, see page 36. Otherwise, multiply $3,300 by the total number of exemptions claimed on line 6d | | | 42 | 1,100. |
| 43 | Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | | | 43 | 1,860,130. |
| 44 | Tax. Check if any tax is from: a ☐ Form(s) 8814  b ☐ Form 4972 | | | 44 | 637,671. |
| 45 | Alternative minimum tax (see page 39). Attach Form 6251 | | | 45 | |
| 46 | Add lines 44 and 45 ▶ | | | 46 | 637,671. |
| 47 | Foreign tax credit. Attach Form 1116 if required | 47 | | | |
| 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | | | |
| 49 | Credit for the elderly or the disabled. Attach Schedule R | 49 | | | |
| 50 | Education credits. Attach Form 8863 | 50 | | | |
| 51 | Retirement savings contributions credit. Attach Form 8880 | 51 | | | |
| 52 | Residential energy credits. Attach Form 5695 | 52 | | | |
| 53 | Child tax credit (see page 42). Attach Form 8901 if required | 53 | | | |
| 54 | Credits from: a ☐ Form 8396  b ☐ Form 8839  c ☐ Form 8859 | 54 | | | |
| 55 | Other credits: a ☐ Form 3800  b ☐ Form 8801  c ☐ Form | 55 | | | |
| 56 | Add lines 47 through 55. These are your total credits | | | 56 | |
| 57 | Subtract line 56 from line 46. If line 56 is more than line 46, enter -0- ▶ | | | 57 | 637,671. |

**Other Taxes**

| | | | | | |
|---|---|---|---|---|---|
| 58 | Self- employment tax. Attach Schedule SE | | | 58 | |
| 59 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | | | 59 | |
| 60 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | | | 60 | |
| 61 | Advance earned income credit payments from Form(s) W- 2, box 9 | | | 61 | |
| 62 | Household employment taxes. Attach Schedule H | | | 62 | |
| 63 | Add lines 57 through 62. This is your total tax ▶ | | | 63 | 637,671. |

**Payments**

If you have a qualifying child, attach Schedule EIC.

| | | | | | |
|---|---|---|---|---|---|
| 64 | Federal income tax withheld from Forms W- 2 and 1099 | 64 | 400. | | |
| 65 | 2006 estimated tax payments and amount applied from 2005 return | 65 | | | |
| 66a | Earned income credit (EIC) | 66a | | | |
| b | Nontaxable combat pay election ▶ 66b | | | | |
| 67 | Excess social security and tier 1 RRTA tax withheld (see page 60) | 67 | | | |
| 68 | Additional child tax credit. Attach Form 8812 | 68 | | | |
| 69 | Amount paid with request for extension to file (see page 60) | 69 | | | |
| 70 | Payments from: a ☐ Form 2439  b ☐ Form 4136  c ☐ Form 8885 | 70 | | | |
| 71 | Credit for federal telephone excise tax paid. Attach Form 8913 if required | 71 | 30. | | |
| 72 | Add lns 64, 65, 66a, & 67 through 71. These are your total payments ▶ | | | 72 | 430. |

**Refund**

Direct deposit? See page 61 and fill in 74b, 74c, and 74d, or Form 8888

| | | | | | |
|---|---|---|---|---|---|
| 73 | If line 72 is more than line 63, subtract line 63 from line 72. This is the amount you overpaid | | | 73 | |
| 74a | Amount of line 73 you want refunded to you. If Form 8888 is attached, check here ▶ ☐ | | | 74a | |
| ▶ b | Routing number XXXXXXXXX ▶ c Type: ☐ Checking ☐ Savings | | | | |
| ▶ d | Account number XXXXXXXXXXXXXXXXX | | | | |
| 75 | Amount of line 73 you want applied to your 2007 estimated tax ▶ | 75 | | | |

**Amount You Owe**

| | | | | | |
|---|---|---|---|---|---|
| 76 | Amount you owe. Subtract line 72 from line 63. For details on how to pay, see page 62 ▶ | | | 76 | 648,622. |
| 77 | Estimated tax penalty (see page 62) | 77 | 11,381. | | |

**Third Party Designee**

Do you want to allow another person to discuss this return with the IRS (see page 63)?  ☒ Yes. Complete the following.  ☐ No

Designee's name ▶ HR BLOCK   Phone no. ▶ (559) 875-7583   Personal ID number (PIN) ▶ 04111

**Sign Here**

Joint return? See page 17. Keep a copy for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Your signature    Date 7-26-07    Your occupation GAMBLER    Daytime phone number

Spouse's signature. If a joint return, both must sign.   Date   Spouse's occupation

**Paid Preparer's Use Only**

Preparer's signature   Date 4/26/2007   Check if self- employed ☐   Preparer's SSN or PTIN P00444615

Firm's name (or yours if self- employed), address, and ZIP code ▶ H AND R BLOCK ENTERPRISES INC   EIN 77-0543259

SANGER, CA 93657   Phone no. (559) 875-7583

1040 (2006)
Form Software Copyright 1996 - 2007 H&R Block Tax Services, Inc.   FD1040- 2V 1.25

Form 1040 (2006)

# SCHEDULE A
## (Form 1040)

Department of the Treasury
Internal Revenue Service (99)

# Schedule A - Itemized Deductions

▶ Attach to Form 1040.  ▶ See Instructions for Schedule A (Form 1040).

OMB No. 1545-0074

## 2006

Attachment
Sequence No. **07**

Name(s) shown on Form 1040

**PHILIP CASTIGLIONE**

Your social security number

**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**

| | | | |
|---|---|---|---|
| **Medical and Dental Expenses** | **Caution.** Do not include expenses reimbursed or paid by others.<br>1  Medical and dental expenses (see page A-1) _____ | 1 | |
| | 2  Enter amount from Form 1040, line 38 . . . `2` | | |
| | 3  Multiply line 2 by 7.5% (.075) . . . . | 3 | |
| | 4  Subtract line 3 from line 1. If line 3 is more than line 1, enter -0- | | 4 |
| **Taxes You Paid**<br>(See page A-3.) | 5  State and local income taxes . . . . . . . ST. | 5 | 2,078. |
| | 6  Real estate taxes (see page A-3) _____ | 6 | |
| | 7  Personal property taxes . . . . . . . | 7 | |
| | 8  Other taxes. List type and amount ▶ _____ | 8 | |
| | 9  Add lines 5 through 8 . . . . . . . . | | 9 | 2,078. |
| **Interest You Paid**<br>(See page A-3.)<br>**Note.**<br>Personal interest is not deductible. | 10  Home mortgage interest and points reported to you on Form 1098 | 10 | |
| | 11  Home mortgage interest not reported to you on Form 1098. If paid to the person from whom you bought the home, see page A-3 and show that person's name, identifying no., and address ▶ _____ | 11 | |
| | 12  Points not reported to you on Form 1098. See page A-4 for special rules | 12 | |
| | 13  Investment interest. Attach Form 4952 if required. (See page A-4.) | 13 | |
| | 14  Add lines 10 through 13 . . . . . . | | 14 | |
| **Gifts to Charity**<br>If you made a gift and got a benefit for it, see page A-4. | 15  Gifts by cash or check. If you made any gift of $250 or more, see page A-5 | 15 | |
| | 16  Other than by cash or check. If any gift of $250 or more, see page A-5. You **must** attach Form 8283 if over $500 | 16 | |
| | 17  Carryover from prior year . . . . . | 17 | |
| | 18  Add lines 15 through 17 . . . . . . | | 18 | |
| **Casualty and Theft Losses** | 19  Casualty or theft loss(es). Attach Form 4684. (See page A-6.) | | 19 | |
| **Job Expenses and Certain Miscellaneous Deductions**<br>(See page A-6.) | 20  Unreimbursed employee expenses - job travel, union dues, job education, etc. Attach Form 2106 or 2106-EZ if required. (See page A-6.) ▶ _____ | 20 | |
| | 21  Tax preparation fees . . . . . . . | 21 | 194. |
| | 22  Other expenses - investment, safe deposit box, etc. List type and amount. ▶ _____ | 22 | |
| | 23  Add lines 20 through 22 . . . . . | 23 | 194. |
| | 24  Enter amount from Form 1040, line 38 . `24` 2,388,600. | | |
| | 25  Multiply line 24 above by 2% (.02) . . | 25 | 47,772. |
| | 26  Subtract line 25 from line 23. If line 25 is more than line 23, enter -0- | | 26 | 0. |
| **Other Miscellaneous Deductions** | 27  Other- from list on page A-7. List type and amount ▶<br>**ALLOWED GAMBLING LOSSES**                526,400. | | |
| | | | 27 | 526,400. |
| **Total Itemized Deductions** | 28  Is Form 1040, line 38, over $150,500 (over $75,250 if married filing separately)?<br>☐ **No.** Your deduction is not limited. Add the amounts in the far right column for lines 4 through 27. Also, enter this amount on Form 1040, line 40.  ▶<br>☒ **Yes.** Your deduction may be limited. See page A-7 for the amount to enter. | | 28 | 527,370. |
| | 29  If you elect to itemize deductions even though they are less than your standard deduction, check here  ▶ ☐ | | | |

KBA    For Paperwork Reduction Act Notice, see Form 1040 instructions.

Schedule A (Form 1040) 2006

1040-Sch A (2006)                                      FDA-1V 1.9
Form Software Copyright 1996 - 2007 H&R Block Tax Services, Inc.

**SCHEDULE D**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service (99)

**Capital Gains and Losses**

► Attach to Form 1040 or Form 1040NR.    ► See Instructions for Schedule D (Form 1040).

► Use Schedule D-1 to list additional transactions for lines 1 and 8.

OMB No. 1545-0074

2006

Attachment
Sequence No. **12**

| Name(s) shown on return | Your social security number |
|---|---|
| PHILIP CASTIGLIONE | 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 |

**Part I**   Short-Term Capital Gains and Losses - Assets Held One Year or Less

| (a) Description of property (Example: 100 sh. XYZ Co.) | (b) Date acquired (Mo., day, yr.) | (c) Date sold (Mo., day, yr.) | (d) Sales price (see page D-6 of the instructions) | (e) Cost or other basis (see page D-7 of the instructions) | (f) Gain or (loss) Subtract (e) from (d) |
|---|---|---|---|---|---|
| 1 RING | 06/15/2006 | 06/15/2006 | 65,000. | 45,000. | 20,000. |
| | | | | | |
| | | | | | |
| | | | | | |

| | | | |
|---|---|---|---|
| 2 Enter your short-term totals, if any, from Schedule D-1, line 2 | **2** | | |
| 3 Total short-term sales price amounts. Add lines 1 and 2 in column (d) | **3** | 65,000. | |
| 4 Short-term gain from Form 6252 and short-term gain or (loss) from Forms 4684, 6781, and 8824 | | **4** | |
| 5 Net short-term gain or (loss) from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | | **5** | |
| 6 Short-term capital loss carryover. Enter the amount, if any, from line 10 of your **Capital Loss Carryover Worksheet** on page D-7 of the instructions | | **6** | ( ) |
| 7 Net short-term capital gain or (loss). Combine lines 1 through 6 in column (f) | | **7** | 20,000. |

**Part II**   Long-Term Capital Gains and Losses - Assets Held More Than One Year

| (a) Description of property (Example: 100 sh. XYZ Co.) | (b) Date acquired (Mo., day, yr.) | (c) Date sold (Mo., day, yr.) | (d) Sales price (see page D-6 of the instructions) | (e) Cost or other basis (see page D-7 of the instructions) | (f) Gain or (loss) Subtract (e) from (d) |
|---|---|---|---|---|---|
| 8 | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| | | | |
|---|---|---|---|
| 9 Enter your long-term totals, if any, from Schedule D-1, line 9 | **9** | | |
| 10 Total long-term sales price amounts. Add lines 8 and 9 in column (d) | **10** | | |
| 11 Gain from Form 4797, Part I; long-term gain from Forms 2439 and 6252; and long-term gain or (loss) from Forms 4684, 6781, and 8824 | | **11** | |
| 12 Net long-term gain or (loss) from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | | **12** | |
| 13 Capital gain distributions. See page D-2 of the instructions | | **13** | |
| 14 Long-term capital loss carryover. Enter the amount, if any, from line 15 of your **Capital Loss Carryover Worksheet** on page D-7 of the instructions | | **14** | ( ) |
| 15 Net long-term capital gain or (loss). Combine lines 8 through 14 in column (f). Then go to Part III on page 2. | | **15** | |

KBA   For Paperwork Reduction Act Notice, see Form 1040 or Form 1040NR instructions.     Schedule D (Form 1040) 2006

For Privacy Notice, get form FTB 1131.

# California Resident
# Income Tax Return 2006

FORM

**540** C1 Side 1

ATTACH FEDERAL RETURN

APE

```
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  CAST ** 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        06
PHILIP        CASTIGLIONE

3706 R STREET                APT   2
MERCED            CA  95348
```

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 01 | 3 | 37 | 0 | 58 | 0 | APE | 0 |
| 06 | 0 | 38 | 0 | 59 | 0 | 3800 | 0 |
| 09 | 0 | 39 | 0 | 60 | 0 | 3803 | 0 |
| 10 | 0 | 40 | 0 | 61 | 0 | SCHG1 | 0 |
| 12 | 7200 | 41 | 0 | 62 | 0 | 5870A | 0 |
| 14 | 0 | 42 | 0 | 63 | 0 | 5805 5805F | 1 |
| 16 | 0 | 43 | 0 | 64 | 0 | TPIDP 00444615 | |
| 17 | 2388600 | 45 | 0 | 65 | 179578 | FN 770543259 | |
| 18 | 526400 | 46 | 0 | 67 | 2879 | | |
| 20 | 171056 | 47 | 0 | 69 | 0 | | |
| 23 | 0 | 48 | 179578 | 70 | 0 | | |
| 25 | 0 | 49 | 0 | 71 | 0 | | |
| 26 | 0 | 50 | 0 | | | | |
| 27 | 0 | 51 | 0 | | | | |
| 28 | 0 | 52 | 0 | | | | |
| 31 | 0 | 53 | 0 | | | | |
| 32 | 8622 | 54 | 0 | | | | |
| 33 | 0 | 55 | 0 | | | | |
| 34 | 179678 | 56 | 0 | | | | |
| 36 | 100 | 57 | 0 | | | | |

**Filing Status**

1 ☐ Single
2 ☐ Married filing jointly (see page 3).
3 ☒ Married filing separately. Enter spouse's SSN or ITIN above and full name here  DONNA CASTIGLIONE
4 ☐ Head of household (with qualifying person). (see page 3)
5 ☐ Qualifying widow(er) w/dependent child. Enter year spouse died. _____

**Exemptions**

6 If someone can claim you (or your spouse) as a dependent, check the box here (see page 7)................ ● 6 ☐

7 **Personal:** If you checked 1, 3, or 4 above, enter 1 in the box. If you checked 2 or 5, enter 2 in the box.
If you checked the box on line 6, do not enter amount on line 7 ..................... 7 `1` X $91 = $    91.

8 **Blind:** If you (or your spouse) are visually impaired, enter 1; if both, enter 2 ..................... 8 ☐ X $91 = $ _____

9 **Senior:** If you (or your spouse) are 65 or older, enter 1; if both, enter 2 ..................... ● 9 ☐ X $91 = $ _____

10 **Dependents:** Enter name and relationship. **Do not include yourself or your spouse.** _____
_____ _____ Total dependent exemptions .. ● 10 ☐ X $285 = $ _____

11 **Exemption amount:** Add line 7 through line 10. Transfer this amount to line 21 ................. 11    $    91.

**Taxable Income**

12 State wages from your Form(s) W-2, box 16, or CA Sch. W-2 CG, line C ....... ● 12    7,200.

13 Enter federal adjusted gross income from Form 1040, line 37; Form 1040A, line 21; Form 1040EZ, line 4 ... 13   2,388,600.

14 California adjustments - subtractions. Enter the amount from Schedule CA (540), line 37, column B .... ● 14   0.

15 Subtract line 14 from line 13. If less than zero, enter the result in parentheses. (see page 13) .......... 15   2,388,600.

16 California adjustments - additions. Enter the amount from Schedule CA (540), line 37, column C ...... ● 16   0.

17 California adjusted gross income. Combine line 15 and line 16 ..................... ● 17   2,388,600.

18 Enter the larger of your CA **standard deduction** OR your CA **itemized deductions** ............ 18   526,400.

19 Subtract line 18 from line 17. This is your taxable income. If less than zero, enter -0- ....... 19   1,862,200.

**Tax**

20 Tax. Check box if from: ☐ Tax Table ☒ Tax Rate Schedule ☐ FTB 3800 or ☐ FTB 3803 ..... ◉ 20   171,056.

21 Exemption credits. Enter the amount from line 11. If your federal AGI is more than $150,743 (see page 14) .. 21   0.

22 Subtract line 21 from line 20. If less than zero, enter -0- ..................... 22   171,056.

23 Tax. (see page 14) Check box if from: ☐ Schedule G-1 ☐ Form FTB 5870A ..................... ◉ 23  

24 Add line 22 and line 23. Continue to Side 2 ..................... 24   171,056.

PHILIP CASTIGLIONE                                      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

Schedule D (Form 1040) 2006                                      Page 2

**Part III**  Summary

16  Combine lines 7 and 15 and enter the result. If line 16 is a loss, skip lines 17 through 20, and
    go to line 21. If a gain, enter the gain on Form 1040, line 13, or Form 1040NR, line 14. Then go
    to line 17 below   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   . | 16 | 20,000.

17  Are lines 15 and 16 **both** gains?
    ☐  **Yes.** Go to line 18.
    ☒  **No.** Skip lines 18 through 21, and go to line 22.

18  Enter the amount, if any, from line 7 of the **28% Rate Gain Worksheet** on page D-8 of the
    instructions   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   ▶ | 18 |

19  Enter the amount, if any, from line 18 of the **Unrecaptured Section 1250 Gain Worksheet** on
    page D-9 of the instructions   .   .   .   .   .   .   .   .   .   .   .   .   .   .   ▶ | 19 |

20  Are lines 18 and 19 **both** zero or blank?
    ☐  **Yes.** Complete Form 1040 through line 43, or Form 1040NR through line 40. Then complete
       the **Qualified Dividends and Capital Gain Tax Worksheet** on page 38 of the Instructions for
       Form 1040 (or in the Instructions for Form 1040NR). Do not complete lines 21 and 22 below.

    ☐  **No.** Complete Form 1040 through line 43, or Form 1040NR through line 40. Then complete the
       **Schedule D Tax Worksheet** on page D-10 of the instructions. Do not complete lines 21 and 22 below.

21  If line 16 is a loss, enter here and on Form 1040, line 13, or Form 1040NR, line 14, the **smaller** of:

    •  The loss on line 16 or                                    ⎫
    •  ($3,000), or if married filing separately, ($1,500)       ⎬   .   .   .   .   . | 21 | (                )

    **Note.** When figuring which amount is smaller, treat both amounts as positive numbers.

22  Do you have qualified dividends on Form 1040, line 9b, or Form 1040NR, line 10b?
    ☐  **Yes.** Complete Form 1040 through line 43, or Form 1040NR through line 40. Then complete
       the **Qualified Dividends and Capital Gain Tax Worksheet** on page 38 of the Instructions for
       Form 1040 (or in the Instructions for Form 1040NR).
    ☒  **No.** Complete the rest of Form 1040 or Form 1040NR.

                                                    Schedule D (Form 1040) 2006

Your name: PHILIP CASTIGLIONE          Your SSN or ITIN: 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

| | | | |
|---|---|---|---|
| | Amount from Side 1, line 24 | | 171,056. |

**Special Credits**

| | | | |
|---|---|---|---|
| 25 | Credit _____ Code ____ amount ▶ 25 | | |
| 26 | Credit _____ Code ____ amount ▶ 26 | | |
| 27 | To claim more than two credits (see page15) ● 27 | | |
| 28 | Nonrefundable renter's credit (see page 15) ● 28 | | |
| 29 | Add line 25 through line 28. These are your total credits | 29 | |
| 30 | Subtract line 29 from line 24. If less than zero, enter -0- | 30 | 171,056. |

**Other Taxes**

| | | | |
|---|---|---|---|
| 31 | Alternative minimum tax. Attach Schedule P (540) ● 31 | | |
| 32 | Mental Health Services Tax (see page 16) ● 32 | | 8,622. |
| 33 | Other taxes and credit recapture (see page 16) ● 33 | | |
| 34 | Add line 30, line 31, line 32, and line 33. This is your total tax ● 34 | | 179,678. |

**Payments**

| | | | |
|---|---|---|---|
| 36 | California income tax withheld (see page 16) ■ 36 | | 100. |
| 37 | 2006 CA estimated tax and other payments (see page 16) ■ 37 | | |
| 38 | Real estate withholding. (Form(s) 592-B, 593-B, and 594) (see page 16) ■ 38 | | |
| 39 | Excess SDI (see page 16) ■ 39 | | |
| | Child and Dependent Care Expenses Credit. (see page 16). Attach form FTB 3506. | | |
| ● 40 | ● 41      ■ 42      ■ 43 | | |
| 44 | Add line 36, line 37, line 38, line 39, and line 43. These are your total payments (see page 17) | 44 | 100. |

**Overpaid Tax/ Tax Due**

| | | | |
|---|---|---|---|
| 45 | Overpaid tax. If line 44 is more than line 34, subtract line 34 from line 44 | 45 | |
| 46 | Amount of line 45 applied to 2007 estimated tax | ■ 46 | |
| 47 | Overpaid. Subtract line 46 from line 45 | ■ 47 | |
| 48 | Tax due. If line 44 is less than line 34, subtract line 44 from line 34 | 48 | 179,578. |

**Use Tax**

| | | | |
|---|---|---|---|
| 49 | Use Tax. This is not a total tax (see page 17) ● 49 | | |

**Contributions**

| | | | |
|---|---|---|---|
| CA Seniors Special Fund (see page 59) ● 50 | | Emergency Food Assistance Program Fund ● 57 | |
| Alzheimer's Disease/Related Disorders Fund ● 51 | | CA Peace Officer Memorial Foundation Fund ● 58 | |
| CA Fund for Senior Citizens ● 52 | | CA Military Family Relief Fund ● 59 | |
| Rare & Endangered Species Preservation Program ● 53 | | Veterans' Quality of Life Fund ● 60 | |
| State Children's Trust Fund for the Prev. of Child Abuse ● 54 | | CA Sexual Violence Victim Services Fund ● 61 | |
| CA Breast Cancer Research Fund ● 55 | | CA Colorectal Cancer Prevention Fund ● 62 | |
| CA Firefighters' Memorial Fund ● 56 | | CA Sea Otter Fund ● 63 | |

| | | | |
|---|---|---|---|
| 64 | Add line 50 through line 63. These are your total contributions ● 64 | | 0. |

**Amount You Owe**

| | | | |
|---|---|---|---|
| 65 | AMOUNT YOU OWE. Add line 48, line 64 (see page 18). Mail to: FRANCHISE TAX BOARD, PO BOX 942867, SACRAMENTO CA 94267-0009 ■ 65 | | 179,578. |

**Interest and Penalties**

| | | | |
|---|---|---|---|
| 66 | Interest, late return penalties, and late payment penalties | 66 | |
| 67 | Underpayment of estimated tax. Check box: [X] FTB 5805 attached ☐ FTB 5805F attached ■ 67 | | 2,879. |
| 68 | Total amount due (see page 19). Enclose, but do not staple, any payment | 68 | 182,457. |

| | | | |
|---|---|---|---|
| 69 | REFUND OR NO AMOUNT DUE. Subtract line 49, and line 64 from line 47 (see page 19). Mail to: FRANCHISE TAX BOARD, PO BOX 942840, SACRAMENTO CA 94240-0009 ■ 69 | | 0. |

Have your refund directly deposited into one or two separate accounts. Do not attach a voided check or a deposit slip (see page 19)

All or portion of total refund (line 69) you want to direct deposit:

**Refund and Direct Deposit**

☐ Checking
☐ Savings

● Routing number   ● Type   ● Account number   ■ 70 Amount you want to direct deposit

Remaining portion of total refund (line 69) you want to direct deposit:

☐ Checking
☐ Savings

● Routing number   ● Type   ● Account number   ■ 71 Amount you want to direct deposit

**Sign Here**

It is unlawful to forge a spouse's signature.

Joint return? (see page 24)

IMPORTANT: See the instructions to find out if you should attach a copy of your complete federal return. Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

▶ Your signature _____ Spouse's signature (If a joint return, both must sign)

Daytime phone no. (optional) (559) 284-3638   Date 7-26-07

Paid preparer's signature (declaration of preparer is based on all information of which preparer has any knowledge) Paid preparer's SSN/PTIN ● P00444615

Firm's name (or yours if self-employed) Firm's address  FEIN
H AND R BLOCK EN SANGER CA 93657   ● 77-0543259

Side 2 Form 540 C1 2006      046      3102066

TAXABLE YEAR

SCHEDULE

## 2006    California Adjustments - Residents      CA (540)

**Important:** Attach this schedule directly behind Form 540, Side 2.

Name(s) as shown on return: PHILIP CASTIGLIONE

SSN or ITIN: 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

**Part I   Income Adjustment Schedule**

**Section A - Income**

| | | | A Federal Amounts (taxable amounts from your federal return) | B Subtractions See instructions | C Additions See instructions |
|---|---|---|---|---|---|
| 7 | Wages, salaries, tips, etc. See instructions before making an entry in column B or C | 7 | 7,200 | | |
| 8 | Taxable interest income | 8 | | | |
| 9 | Ordinary dividends. See instructions. **(b)** | (a) | | | |
| 10 | Taxable refunds, credits, offsets of state and local income taxes. | 10 | | | |
| 11 | Alimony received | 11 | | | |
| 12 | Business income or (loss). | 12 | | | |
| 13 | Capital gain or (loss). See instructions | 13 | 20,000 | | |
| 14 | Other gains or (losses) | 14 | | | |
| 15 | Total IRA distributions. See instructions. **(a)** | (b) | | | |
| 16 | Total pensions and annuities. See instructions. **(a)** | (b) | | | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. | 17 | | | |
| 18 | Farm income or (loss). | 18 | | | |
| 19 | Unemployment compensation. Enter the same amount in column A and column B. | 19 | | | |
| 20 | Social security benefits **(a)** | (b) | | | |
| 21 | Other income. | 21 | 2,361,400 | | |
| | a California lottery winnings    e NOL from FTB 3805D, 3805Z, | | a | a | |
| | b Disaster loss carryover from FTB 3805V    3806, 3807, or 3809 | | b | b | |
| | c Federal NOL (Form 1040, line 21)    f Other (describe) | | c | c | |
| | d NOL carryover from FTB 3805V.    SEE ATTACHMENT | | d | d | |
| | | | e | e | |
| | | | f | f | |
| 22 | **Total.** Combine line 7 through line 21 in column A. Add line 7 through line 21f in column B and column C. Go to Section B | 22 | 2,388,600 | | |

**Section B - Adjustments to Income**

| | | | | | |
|---|---|---|---|---|---|
| 23 | Archer MSA deduction | 23 | | | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials | 24 | | | |
| 25 | Health savings account deduction | 25 | | | |
| 26 | Moving expenses | 26 | | | |
| 27 | One-half of self-employment tax | 27 | | | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | | | |
| 29 | Self-employed health insurance deduction | 29 | | | |
| 30 | Penalty on early withdrawal of savings | 30 | | | |
| 31a | Alimony paid. **(b)** Recipient's: SSN | | | | |
| | Last name | 31a | | | |
| 32 | IRA deduction | 32 | | | |
| 33 | Student loan interest deduction | 33 | | | |
| 34 | Jury duty pay you gave to your employer | 34 | | | |
| 35 | Domestic production activities deduction | 35 | | | |
| 36 | Add line 23 through line 31a and line 32 through line 35 in columns A, B, and C. See instructions | 36 | | | |
| 37 | **Total.** Subtract line 36 from line 22 in columns A, B, and C. See instructions | 37 | 2,388,600 | | |

PHILIP CASTIGLIONE                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

**Part II  Adjustments to Federal Itemized Deductions**

| | | |
|---|---|---|
| 38 | Federal itemized deductions. Add the amounts on federal Schedule A (Form 1040), lines 4, 9, 14, 18, 19, 26, and 27. . . . . . . . . **38** | 528,478 |
| 39 | Enter total of federal Schedule A (Form 1040), line 5 (State Disability Insurance, Voluntary Plan Disability Insurance, and state and local income tax, or General Sales Tax) and line 8 (foreign taxes **only**). See instructions . . . . . . . . . . . . . . . . . . . . . **39** | 2,078 |
| 40 | Subtract line 39 from line 38 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **40** | 526,400 |
| 41 | Other adjustments including California lottery losses. See instructions. Specify _____ . . . . . . . . . . . . **41** | |
| 42 | Combine line 40 and line 41 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **42** | 526,400 |

43  Is your federal AGI (Form 540, line 13) more than the amount shown below for your filing status?

        Single or married filing separately . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $150,743
        Head of household . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $226,119
        Married filing jointly or qualifying widow(er) . . . . . . . . . . . . . . . . . . . . . . . $301,491

**No.**  Transfer the amount on line 42 to line 43
**Yes.**  Complete the Itemized Deductions Worksheet in the instructions for Schedule CA (540), line 43 . . . . . . . . . . . . . . . . . . **43** | 526,400

44  Enter the larger of the amount on line 43 or your standard deduction listed below

        Single or married filing separately . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $3,410
        Married filing jointly, head of household, or qualifying widow(er). . . . . . . . . . $6,820

Transfer the amount on line 44 to Form 540, line 18 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **44** | 526,400

# Form 1040/1040NR Worksheets



**2006**

Name **PHILIP CASTIGLIONE**      SSN **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**

## Exemption Worksheet

1. Is the amount on Form 1040, line 38, more than the amount shown on line 4 below for your filing status?

   ☐ **No. Stop.** Multiply $3,300 by the total number of exemptions claimed on Form 1040, line 6d or Form 1040NR, line 7d, & enter the result on line 42.

   ☒ **Yes.** Go to line 2.

2. Multiply $3,300 by the total number of exemptions claimed on Form 1040, line 6d or Form 1040NR, line 7d . . . . . . . **2.** _____ **3,300**

3. Enter the amount from Form 1040, line 38 or Form 1040NR, line 36 . . . . . . . . . . **3.** **2,388,600**

4. Enter the amount shown below for your filing status:

   - Single, enter $150,500
   - Married filing jointly or Qualifying widow(er), enter $225,750 . . . . . . . . }  **4.** **112,875**
   - Married filing separately, enter $112,875 . . . . . . . . . . . .
   - Head of household, enter $188,150 . . . . . . . . . . . .

5. Subtract line 4 from line 3. If zero or less, **stop;** enter the amount from line 2 above on Form 1040, line 42 or Form 1040NR, line 39 . . . . . . . . . . . . **5.** **2,275,725**

   Note: If line 5 is more than $122,500 ($61,250 if married filing separate) multiply $1,100 by total number of exemptions on Form 1040, Line 6d. Enter the result on Form 1040, line 42 or Form 1040NR, line 39. Do not complete the rest of this worksheet.

6. Divide line 5 by: $2,500 if single, married filing jointly, head of household, or qualifying widow(er); $1,250 if married filing separately. If the result is not a whole number, round it up to the next higher whole number (for example, round 0.0004 to 1) . . . . . . . . . . **6.** _____

7. Multiply line 6 by 2% (.02) and enter the result as a decimal amount . . . . . . . **7.** _____

8. Multiply line 2 by line 7 . . . . . . . . . . . . . . . . . **8.** _____

9. Divide line 8 by 1.5 . . . . . . . . . . . . . . . . . . **9.** _____

10. Deduction for exemptions. Subtract line 9 from line 2. Enter the result here and on Form 1040, line 42 or Form 1040NR, line 39 . . . . . . . . . . . . . . . **10.** _____

## Self-Employed Health Insurance Deduction Worksheet

| | Taxpayer | Spouse |
|---|---|---|
| 1) Enter total payments made during the tax year for health insurance established under your business for yourself, your spouse, and your dependents. (Do not include payments for any month you were eligible to participate in a health plan subsidized by your or your spouse's employer or any amount you claim on line 4 of Form 8885.) Also, do not include payments for long-term care insurance) . . . . . . | | |
| 2) For coverage under a qualified long-term care insurance contract, enter for each person covered the **lesser** of: | | |
| a) Total payments made for that person during the year, or | | |
| b) $280- if age 40 or less   $1060- if age 51 to 60   $3,530- if age 71 or older    $530- if age 41 to 50   $2,830- if age 61 to 70 <br> (Do not include payments for any month during which you were eligible to participate in a long-term care insurance plan subsidized by your or your spouse's employer.) If more than one person is covered, figure separately the amount to enter for each person. Then enter the total of those amounts . . . . . | | |
| 3) Add the total of lines 1 and 2 . . . . . . . . . . . . . . | | |
| 4) Enter your net profit and any other earned income* from the trade or business under which the insurance plan is established. (If the business is an S corporation, skip to line 11.) . . . . . . | | |
| 5) Enter the total of all net profits from: line 31, Schedule C (Form 1040); line 3, Schedule C-EZ (Form 1040); line 36, Schedule F (Form 1040); or box 14, code A, Schedule K-1 (Form 1065); plus any other income allocable to the profitable businesses. See the instructions for Schedule SE (Form 1040). (Do not include any net losses shown on these schedules.) . . . . . . . . . | | |
| 6) Divide line 4 by line 5 . . . . . . . . . . . . . . . . | | |
| 7) Multiply Form 1040, line 27 by the percentage on line 6 . . . . . . . | | |
| 8) Subtract line 7 from line 4 . . . . . . . . . . . . . . . | | |
| 9) Enter the amount, if any, from Form 1040, line 28, attributable to the same trade or business in which the health insurance plan is established . . . . . . . . . . . . | | |
| 10) Subtract line 9 from line 8 . . . . . . . . . . . . . . | | |
| 11) Enter your wages from an S corporation in which you are a more-than-2% shareholder and in which the health insurance plan is established . . . . . . . . . . . . | | |
| 12) Enter the amount from Form 2555, line 43, attributable to the amount entered on line 4 or 11 above, or the amount from Form 2555-EZ, line 18, attributable to the amount entered on line 11 above . . . . | | |
| 13) Subtract line 12 from line 10 or 11, whichever applies . . . . . . . | | |
| 14) Compare the amounts on lines 3 and 13 above. Enter the **smaller** of the two amounts here and on Form 1040, line 29. (Do not include this amount when figuring a medical expense deduction on Schedule A (Form 1040).) | | |

*Earned income includes net earnings and gains from the sale, transfer, or licensing of property you created. It does not include capital gain income.

## Player's Estimated Win/Loss for 2006

| | Net Win/Loss |
|---|---|
| Jan. 2006 | ($14,818.75) |
| Feb. 2006 | ($75,165.50) |
| Mar. 2006 | ($60,050.00) |
| Apr. 2006 | ($70,355.00) |
| May. 2006 | ($8,700.00) |
| Jun. 2006 | ($26,675.00) |

Phillip R Castiglione
3706 R St Apt 2
Merced CA 95348

Player Loss: ($255,754.25)
Acct: 73660

Net Win/Loss
CHUKCHANSI GOLD 3660
Castiglione
Valid after 48 hours Player Loss: ($255,754.25)

The casino is not responsible for the accuracy of this estimate. Ask your tax advisor if you have questions about deducting gaming losses on your tax return.

_____
Player Signature

| CGC | SLOT | CBOOTH | COPS | xyang | 25-Apr-07 | 1 | 25-Apr-07 8:48AM | 111890892 | 1143768266 | CBOOTH | 25-Apr-07 | 11437682266 |



# Player Win/Loss Statement 2006

| | |
|---|---|
| **Player Name:** | PHILIP CASTIGLIONE |
| **PlayerID** | 165097 |
| **Coin In Total** | $1,257,975.00 |
| **Coin Out Total** | $747,345.00 |
| **JackPot Total** | $451,550.00 |
| **Table Play** | ($6,500.00) |
| **Total Net Win/Loss** | ($65,580.00) |

** Totals appearing in parentheses equal a net loss for the year

*** Totals not appearing in parentheses indicate a net win for the year.

Net Win/Loss Calculated as Followes; Coin Out (+) Jackpots (+) Table Play (-) Coin In = Net Win/Loss

Disclaimer: This win loss statement reflects the estimated win and/or loss provided from the casino management system. Table Mountain Casino, Table Mountain Rancheria, or any of its affiliates assumes no liabilities.

" Table Mountain Rancheria reserves all rights, privileges and protections that it is afforded as a Sovereign Indian Nation. No warranties or guarantees are made regarding the accuracy of the information contained in this statement. Your possession of t statement shall not be deemed or construed as a waiver of Table Mountain Rancheria's or Table Mountain Casino's sovereign immunity. No person or entity can waive the Tribe's Sovereign Immunity other that the Tribe's General Council."



LAS VEGAS

Monday, April 23, 2007

PHILIP CASTIGLIONE
3706 R ST APT #2
MERCED, CA 95348

From January 1, 2006, through December 31, 2006, your slot play while using
your 24 Karat Club card was as follows:

Account Number: 3286994      Player Number:    3288859

| COIN-IN | COIN-OUT | JACKPOTS | NET WIN (LOSS) |
|---|---|---|---|
| $2,241,414.00 | $957,841.50 | $1,245,825.00 | ($37,747.50) |

As you may be aware, the records we used to arrive at these amounts provide
estimates only and do not constitute an accurate accounting record. We do hope
that this information will be helpful to you.

The Golden Nugget appreciates your valued patronage and looks forward to your
return visit.

Should you require additional information, please do not hesitate to contact me.

Sincerely,

Myron Kuchman
Vice President of Slot Marketing

MK:lp





# Facsimile Cover Sheet

**To: Philip Castiglione**
Phone:
Fax:

**From: Member Services**
Company: MGM MIRAGE

Phone: 866-752-7111
Fax: 866-443-4941

**Date:** April 23, 2007

THIS FACSIMILE MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED. IF THE READER OF THE FACSIMILE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO THE ABOVE ADDRESS VIA THE POSTAL SERVICE. THANK YOU

**Comments:**

Your MGM MIRAGE Tax Information Statement is included.

Thank you,

MGM MIRAGE Member Services



## PLAYERS CLUB

April 23, 2007

21151694
Mr. Philip Castiglione
PO Box 8640
Fresno, CA  93747
United States

Dear Philip,

In response to your request for information, our records indicate the following estimated gaming activity for 2006. For your convenience, MGM MIRAGE's consolidated Players Club Tax Information Statement includes both Slots and Table Games information from all Players Club casinos.

Please be aware that the tracking system used to arrive at this amount is dependent upon use of your Players Club card and also does not include slot tournament winnings, giveaway party winnings, race and sports book activity, poker activity or keno activity. Therefore, this statement does not reflect an accurate accounting record – it merely provides an estimate that you can use to compare to your own records.

Players Club Account: 21151694

|  | Estimated Slot Win/(Loss) | Estimated Table Games Win/(Loss) | Total Estimated Win/(Loss) |
|---|---|---|---|
| Bellagio | ($521,530.00) | $0.00 | ($521,530.00) |
| MGM Grand Las Vegas | ($138,475.00) | $0.00 | ($138,475.00) |
| Mandalay Bay | $0.00 | $0.00 | $0.00 |
| The Mirage | ($500,235.00) | $0.00 | ($500,235.00) |
| Treasure Island | ($36,810.00) | ($5,500.00) | ($42,310.00) |
| Monte Carlo | $0.00 | $0.00 | $0.00 |
| New York - New York | ($25,477.50) | $0.00 | ($25,477.50) |
| Luxor | $0.00 | $0.00 | $0.00 |
| Beau Rivage | $0.00 | $0.00 | $0.00 |
| MGM Grand Detroit | $0.00 | $0.00 | $0.00 |
| Total Estimated Win/(Loss) | ($1,222,527.50) | ($5,500.00) | ($1,228,027.50) |

To read more about your consolidated Tax Information Statement, please refer to the Frequently Asked Questions section at mlifeplayersclub.com . For your convenience, you may also request, view, and print your Tax Information Statement online. To request your statement, simply log into your Players Club account and select Tax Information Statement.     We look forward to seeing you again at our MGM MIRAGE resorts and casinos.

Sincerely,

*Players Club Member Services*



LAS VEGAS

April 23, 2007

Mr. Philip R Castiglione
3706 R St Apt 2
Merced, CA 95348
ACCOUNT #: 1450631

Dear Philip:

Per your request to furnish information relating to your gaming activities at Wynn Las Vegas during 2006, we have gathered the following information from our records.

Your total estimated slot Win/(Loss) for the year of 2006 is $(30,768.00). This figure represents the total coin deposited into the machines, less total coin paid out of the machines, and less jackpots paid by hand with currency. Please note that hand paid currency jackpots include the reported W-2G winnings. Your total estimated table Win/(Loss) for the year of 2006 is $13,300.00.

Please be aware that the tracking system used by us to arrive at this amount is dependent upon you using your Wynn Las Vegas *red card* and represents our estimate of your gaming activities.

I hope this information will be helpful to you. Please consult a qualified tax specialist for advice on using this information as the Internal Revenue Service requires you to maintain additional documentation to support your gambling losses and winnings. I appreciate your patronage and look forward to your next visit to Wynn Las Vegas.

Sincerely,

Tom McMahon
*Vice President Slot Marketing*
Wynn Las Vegas

If your dollar figure is not in parenthesis it represents a Win for the year. If your dollar figure is (in parenthesis) it represents a (Loss) for the year.

The equation to calculate Net Win or (Net Loss) is as follows:
Total Coin-Out + Jackpots Paid By Hand With Currency - Total Coin-In = Net Win or (Net Loss)

This letter is presented to you as a courtesy by Wynn Las Vegas. Wynn Las Vegas disclaims any responsibility for the accuracy of the amounts set forth herein and cannot be held responsible for any misstatements or inaccuracies. If you have any reason to believe that the information contained herein is incorrect, please advise Wynn Las Vegas immediately.

3131 las vegas boulevard south las vegas NV 89109 tel (702) 770 7000 www.wynnlasvegas.com

# THE ORLEANS HOTEL AND CASINO
## 4500 W. Tropicana Avenue
## Las Vegas, Nevada 89103
## 702-365-7111

## Customer Win / Loss Statement
### 2006

Club Coast Account No: 306431828          Name: CASTIGLIONE, PHILIP R.

| Total Coin In | Total Coin Out | Total Jackpots | Win / Loss |
|---------------|----------------|----------------|------------|
| $ 0 | $ 0 | $ 3,000 | $ 3,000 |

Apr 16, 2007

Here is your requested gaming history statement for the year ending December 31, 2006

One of the many benefits of using your Harrah's Total Rewards program card is the ability to obtain a summary of your rated play gaming history. Rated play is defined as total gaming play generated when using your Total Rewards card. In other words, only play that occurred when your Total Rewards card was inserted into a slot machine or a manual rating was created at a table game, keno, or sports and race book area is included in this statement.

This statement shows your **Net win or (loss)**, including hand-paid jackpots, reflected in our player rating system for the period requested. A positive number reflects money you have won, whereas a number in parentheses () reflects a loss.

The Total Rewards player rating system is not intended for tax reporting, therefore, we make no representations as to either the accuracy of this information or its effectiveness as a proof of losses. This amount may not include all hand-paid jackpots reportable to the IRS on form W2G. The IRS recommends keeping a diary of your gaming activity with such pertinent information as dates, slot machine or table numbers, jackpots, and total wins and losses. For specific information on tax return preparation and IRS requirements, please consult a tax advisor or the IRS at www.irs.gov. W2G information will not include complete information in 2006 for the following properties: Bally Atlantic City, Bally Las Vegas, Caesars Atlantic City, Caesars Palace Las Vegas, Caesars Indiana, Grand Tunica, Paris Las Vegas, and Sheraton Tunica.

If you would like additional information or have any questions, please visit our website at www.harrahs.com or call 1-800-HARRAHS. Thank you for playing at Harrah's Entertainment, Inc.

### GAMING HISTORY STATEMENT FOR THE YEAR 2006

| Total Win (Loss) | TR Number | Total W2G |
|---|---|---|
| ($211,895.00) | 11401247772 | $1,267,125.00 |

| Location | Slot Win (Loss) | Game Win (Loss) | Other Win (Loss) | Total Win (Loss) | Total W2G |
|---|---|---|---|---|---|
| Bally's/Paris,Las Vegas, NV | $1,920.00 | $0.00 | $0.00 | $1,920.00 | $6,500.00 |
| Caesars, Las Vegas, NV | ($197,260.00) | $0.00 | $0.00 | ($197,260.00) | $989,850.00 |
| Harrah's, Las Vegas, NV | ($14,570.00) | $0.00 | $0.00 | ($14,570.00) | $44,825.00 |
| Harrah's, Reno, NV | ($5,580.00) | $0.00 | $0.00 | ($5,580.00) | $1,200.00 |
| Rio, Las Vegas, NV | $3,595.00 | $0.00 | $0.00 | $3,595.00 | $224,750.00 |
| Summary | | | | ($211,895.00) | $1,267,125.00 |



Gaming History Department
1023 Cherry Road
Memphis, TN 38117-5423

PHILIP CASTIGLIONE
PO BOX 8640
FRESNO,CA. 93747-8640



R E S O R T   C A S I N O   R E N O

4/18/2007


> Philip Castiglione
> 3706 R St Apt 2
>
> Merced, CA  95348-2283


Per your request for a Win/Loss Statement for the year 2006, we have
compiled the following information. On Account# 130233436 (this is
the number on your Club Legacy card), you have the following gaming
record:


**KENO**
Total Write(-)                    $.00
Total Pays(+)                     $.00
NET Win/Loss                      $.00

**TABLE GAMES**
Total Buy-in(-)                   $.00
Total Walk Amount(+)              $.00
NET Win/Loss                      $.00

**SLOTS**
Total Coin-In(-)         $498,311.00
Total Coin-Out(+)        $284,036.00
Hand Pays(+)             $105,600.00
NET Win/Loss             $108,675.00-


Your NET Win/Loss is calculated by taking your total win for the year
and subtracting your total loss for the year. If a negative sign
appears, it is a loss. If a negative sign is not present, it is a
win. Hand pays, under Slot play, include both jackpots that generate
a W2G and those that do not. This information only reflects play
tracked while a Club Legacy Card was properly inserted in the slot
machine while the guest was playing slots, play that was personally
observed and tracked by a pit boss in Table Games, and registered
Keno wagers.


Silver Legacy Resort Casino



April 16, 2007

PHILIP RANDY CASTIGLIONE
782 W PALMDON DR #280
FRESNO, CA 93704-1078

Dear Philip randy:           Account#: 1263034

Enclosed you will find our record of your tracked Slot play here
at Excalibur Hotel & Casino. This activity is attributable to
the use of your One Club player ID card and is for the period of
January 01, 2006 through December 31, 2006.

Slot gaming activity: Estimated Total Coin-in    $127,511.00
                Estimated Total Coin-out    $88,120.00
                Total Jackpots    $11,500.00

Please note that this information denotes your tracked Slot activity,
which was collected by insertion of your One Club player ID card
into the slot machine. Excalibur uses this solely for internal
business reasons. The above figures do not constitute a definite
accounting of gaming activity nor do they denote total winnings or
losses (only that which was accumulated while using your One Club
player ID card). We suggest that you give this information to your
tax advisor and have them advise you on the best way to use this
information.

We appreciate your patronage here at Excalibur Hotel & Casino
and look forward to your next visit.

Until then, here's wishing you a very prosperous year!

Sincerely,

Slot Marketing Department

Excalibur Hotel & Casino



**Excalibur**
HOTEL•CASINO•LAS VEGAS

April 16, 2007

PHILIP RANDY CASTIGLIONE
782 W PALMDON DR #280
FRESNO, CA 93704-1078

Dear Philip randy:            Account#: 1263034

Enclosed you will find our record of your tracked Table games
play here at Excalibur Hotel & Casino. This activity is
attributable to your One Club player ID card and is for the
period of January 01, 2006 through December 31, 2006.

| Table gaming activity: | Estimated Total In | $0 |
|---|---|---|
| | Estimated Total Out | $2,100 |
| | Estimated Win/Loss | $2,100 |

Please note that this information denotes your tracked table
gaming activity, which was collected by showing your One Club
player ID card to the dealer or floorperson. Excalibur uses
this tracking system solely for internal business reasons.
The above figures do not constitute a definite accounting of
gaming activity nor do they denote total winnings or losses.
We suggest that you give this information to your tax advisor
and have them advise you on the best way to use this information.

We appreciate your patronage here at Excalibur Hotel & Casino and
look forward to your next visit.

Until then, here's wishing you a very prosperous year!

Sincerely,

Casino Marketing Department

Excalibur Hotel & Casino



April 17, 2007

**PHILIP CASTIGLIONE**
**3706 R ST 2**
**MERCED, CA  95348**

Dear Philip:

A summary of your 2006 gaming activity for account #8008270 at Thunder Valley Casino is shown below. This is a complete accounting of your play, based on tracking when your Player's Card was used. We are unable to provide any information about play, other than what is shown on this statement.

**NET SLOT WIN/LOSS:**          ($343,580.00)
(This figure includes $670,150.00 in W2-G jackpots)

**NET TABLE GAMES WIN/LOSS:**          ($5,500.00)

**TOTAL WIN/LOSS FOR 2006:**          ($349,080.00)

Notes about this statement:

NET SLOT WIN OR LOSS – This is the dollar amount won or lost while playing slot machines. Losses are shown in parentheses. Only play tracked with your Boarding Pass card is shown in these totals.

NET TABLE GAMES WIN OR LOSS – This is the dollar amount won or lost while playing table games. Losses are shown in parentheses. Only play tracked with your Boarding Pass card is shown in these totals. Tracking for table games is based on entries made by our Games personnel.

TOTAL WIN OR LOSS – This is the total of wins and losses from slots and table games combined. Losses are shown in parentheses.

W2-G FORMS – These are issued when you receive a taxable jackpot, as defined by the Internal Revenue Service.

TAX QUESTIONS – We cannot provide information about filing taxes or claiming gaming wins/losses as part of your income tax. Please consult with the IRS or your tax advisor for assistance.

Please note that the above statement is un-audited.

PHILIP CASTIGLIONE

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

## MISTER C INVESTMENT CORP

BETHEL ESTESTE LLC
LANDMARK LLC
CENTERAL LAND LLC
ALL OF THE INCOME INCLUDED ON LINE 21 FROM MISTER C INVESTM-
ENT CORP IS ACCULATED FROM THE ABOVE COMPANYS
GAMBLING INCOME
I AM ATTACHING THE INCOME AND LOSS STATEMENT FROM CASINO

## DECLARATION OF SCOTT R. ALBRECHT

I, Scott R. Albrecht, declare and state as follows:

1.       I am an associate with the law firm of Samuels, Green, Steel & Adams, LLP, attorneys of record for Charlotte Modahl ("Modahl"). I am admitted to practice before all California state courts, and the United States District Court, Eastern District. The following facts are known to me of my own personal knowledge and if called as a witness I could and would testify competently thereto.

2.       Attached hereto as Exhibit "D" are relevant portions of the transcript of Debtor Randy Castiglione's ("Debtor") Rule 2000 Examination under oath taken on August 9, 2007 whereby Mr. Castiglione testified about his gambling winnings and failure to keep records.

3.       Following the Debtor's examination, I spoke with his counsel of record, Adrian S. Williams, about stipulating to relief from the automatic stay. Mr. Williams informed me that he would stipulate to such relief provided that the stay remain in effect as to the Debtor.

I declare under penalty of perjury that the foregoing is true and correct.

This Declaration is executed this _21_ th day of September, 2007, at Irvine, California.

_____
SCOTT R. ALBRECHT

# EXHIBIT "D"

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:              ) Case No.:  2007-11278
                      )
PHILIP R. CASTIGLIONE,   )
                      )
                      )
                      )
                      )
           Debtor.    )
                      )
                      )
                      )

DEPOSITION OF PHILIP RANDY CASTIGLIONE

Thursday, August 9, 2007

Fresno, California

Reported by:  Darlinda R. Thomason, CSR No. 13094

COPY


WOOD & RANDALL
Certified Shorthand Reporters
A Professional Corporation

Main Office: 423 Truxtun Avenue
Bakersfield, CA 93301
(800) 322-4595 Toll Free • (661) 395-1050
www.bakersfieldcourtreporter.com

Serving Central California - Bakersfield, Visalia & Fresno

1          MR. ALBRECHT:   I beg to differ, but that's

2    fine.

3          MR. WILLIAMS:   Explain to me --

4          MR. ALBRECHT:   I don't need to explain to you,

5    counsel.

6          MR. WILLIAMS:   Okay.   Then don't answer anymore

7    questions.

8    BY MR. ALBRECHT:

9        Q.   Why did you give up blackjack?

10         MR. WILLIAMS:   Don't answer.

11         MR. ALBRECHT:   Are you going to heed your

12   counsel's advice?

13         THE WITNESS:   Yes.

14   BY MR. ALBRECHT:

15       Q.   Okay.   I take it you don't know the relative

16   odds of blackjack vis-à-vis the slot machines?

17       A.   I've already said that I don't know the odds.

18       Q.   Did you endeavor to keep track of any of your

19   winnings in 2005 or 2006?

20       A.   No.

21       Q.   Why not?

22       A.   The casinos did it.   That's what they get paid

23   for.

24       Q.   What about any of your losings?

25       A.   They do it all.

1    Q.    You didn't make any attempt to keep track of

2  any of your losings?

3    A.    Never.

4    Q.    Did you ever destroy any records of your

5  winnings or losings in 2005 or 2006?

6    A.    Destroyed them all.

7    Q.    You destroyed all of them?

8    A.    Always.

9    Q.    Why did you destroy all of the records?

10    A.    I could fill this room up with the frickin' win

11  statements.

12    Q.    It was just too much of a hassle to carry

13  around?

14    A.    Carry around.  When you go on one trip you got

15  maybe fifty hundred things.  It's too much.

16    Q.    So since you've destroyed all those records,

17  how is it that you believe you've accurately accounted

18  for your income from '05 and '06?

19    A.    The printouts from the casinos.

20    Q.    You've relied exclusively on the printouts from

21  the casinos?

22    A.    A hundred percent.

23    Q.    Okay.  Let me ask you -- well, why don't we

24  turn to one of those.  In the documents that you

25  produced consistent with your 2006 returns -- I'll just

```
 1   STATE OF CALIFORNIA )
                         ) ss.
 2   COUNTY OF KERN      )

 3

 4

 5          I, Darlinda R. Thomason, a Certified Shorthand

 6   Reporter in the State of California, holding

 7   Certificate No. 13094, do hereby certify that

 8   PHILIP RANDY CASTIGLIONE, the witness named in the

 9   foregoing deposition, was by me duly sworn; that said

10   deposition was taken Thursday, August 9, 2007, at the

11   time and place set forth on the first page hereof.

12          That upon the taking of the deposition, the

13   words of the witness were written down by me in

14   stenotypy and thereafter transcribed by computer under

15   my supervision; that the foregoing is a true and correct

16   transcript of the testimony given by the witness.

17          I further certify that I am neither counsel for

18   nor in any way related to any party to said action, nor

19   in any way interested in the result or outcome thereof.

20          Dated this 24th day of August, 2007, at Fresno,

21   California.

22

23                           Darlinda R. Thomason, CSR No. 13094

24

25
```

1   SAMUELS, GREEN, STEEL & ADMAS, LLP
    PHILIP W. GREEN, State Bar No. 93159
2   SCOTT R. ALBRECHT, State Bar No. 201614
    19800 MacArthur Blvd., Suite 1000
3   Irvine, CA 92612
    TEL: (949) 263-0004
4   FACSIMILE: (949) 263-0005
    -and-
5   DONALD SEGRETTI, ESQ., State Bar No. 039856
    19800 MacArthur Blvd., Suite 1000
6   Irvine, CA 92612
    TEL: (949) 553-8088
7   FACSIMILE (949) 553-8188

8   Attorneys for Creditor
       CHARLOTTE MODAHL
9

10              UNITED STATES BANKRUPTCY COURT

11              EASTERN DISTRICT OF CALIFORNIA

12

13   In re:                          )   Case No.: 2007-11278
                                      )      [Chapter 7]
14   PHILIP R. CASTIGLIONE,           )
                                      )   **[PROPOSED] ORDER GRANTING**
15                                    )   **MOTION FOR RELIEF FROM THE**
                                      )   **AUTOMATIC STAY UNDER 11 U.S.C. §**
16                                    )   **362 (Action in Non-bankruptcy Forum)**
                                      )
17                                    )
                                      )
        Debtor.                       )
18                                    )
                                      )
19                                    )
                                      )
20                                    )

21   **TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:**

22      1.     You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1, that an

23   ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER

24   11 U.S.C. § 362 (in whole or in part) was entered on _____.

25

---

1043-001                          1
    [PROPOSED] ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1        2.       I hereby certify that I mailed a copy of this notice and a true copy of the order

2    or judgment to the persons and entities on the attached service list on _____.

3

4    Dated: _____          _____
                                       Clerk of the Bankruptcy Court

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

       [PROPOSED] ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY